NOSSAMAN LLP
Allan H. Ickowitz (SBN 80994)
John W. Kim (SBN 216251)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Telephone: 213-612-7849
Facsimile: 213-612-7801
aickowitz@nossaman.com
jkim@nossaman.com

-and-

WINDELS MARX LANE & MITTENDORF, LLP
Alan Nisselson, Esq.
Scott R. Matthews, Esq.
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
anisselson@windelsmarx.com
smatthews@windelsmarx.com

Attorneys for DOM Partners LLC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>ESCOM, LLC,<br><br>        Debtor. | Involuntary Chapter 11 Petition<br><br>Case No. 10-bk-13001-GM<br><br>**NOTICE OF MOTION AND MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a) AND 1112(b) DISMISSING ESCOM'S INVOLUNTARY BANKRUPTCY PETITION FOR CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Robert E. Seaman III Filed Concurrently Hereto]<br><br><u>**HEARING**</u><br>Date:      April 20, 2010<br>Time:     10:00 a.m.<br>Judge:    Hon. Geraldine Mund (Crtm. 303)<br>Place:    21041 Burbank Blvd<br>             Woodland Hills, CA |

384397_1.DOC

MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A) AND 1112(B) DISMISSING
ESCOM'S INVOLUNTARY BANKRUPTCY PETITION

1

## TABLE OF CONTENTS

2                                                                                                      **Page**

3

I.      INTRODUCTION. ....................................................................................................2

4

II.     BACKGROUND. .....................................................................................................2

5

    A.     The Facts Leading Up To The Filing Of The Involuntary Petition. ....................................4

6

    B.     The Auction Is The Most Likely Method To Secure Funds Sufficient To Satisfy

7               ESCOM's Secured Creditors. ..................................................................................7

8

    C.     Petitioners Should Be Sanctioned And Pay For DOM's Costs, Expenses And

9               Legal Fees. ..........................................................................................................7

III.    SUMMARY OF ARGUMENT. .................................................................................7

10

IV.     ARGUMENT. ...........................................................................................................8

11

    A.     The Involuntary Petition Must Be Dismissed As a Classic "Bad Faith" Filing And

12              Because Of The Absence Of Any Likelihood ESCOM Can Rehabilitate Itself. .................8

13            1.     The involuntary petition was filed collusively by a controlling insider of the

                    Debtor and should be dismissed. ...............................................................8

14

      2.     The ESCOM involuntary Chapter 11 petition was filed in "Bad Faith". ...............10

15

      3.     Cause also exists to dismiss the case pursuant to Bankruptcy Code § 305(a). ............11

16

            a.     Absence of any likelihood ESCOM can reorganize......................11

17

            b.     The substantial or continuing diminution of the estate..................12

18

    B.     DOM Is Entitled To An Award Of Sanctions...............................................................13

19

V.      CONCLUSION..........................................................................................................13

20

21

22

23

24

25

26

27

28

**MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A) AND 1112(B) DISMISSING
ESCOM'S INVOLUNTARY BANKRUPTCY PETITION**

# TABLE OF AUTHORITIES

**Cases**

*Halvajian v. Bank of New York*
   (D.N.J. 1998) 216 B.R. 502 ............................................................................ 12

*In re Global Ship Systems, LLC*
   (Bankr. S.D. Ga. 2007) 391 B.R. 193 ................................................... 9, 10, 12

*In re Great Am. Pyramid Joint Venture*
   (Bankr. W.D. Tenn. 1992) 144 B.R. 780 ....................................................... 12

*In re Integrated Telecom Express, Inc.*
   (3d Cir.2004) 384 F.3d 108 ............................................................................ 10

*In re Joyce, Don & Assocs.*
   (Bankr. M.D. Fla. Jan. 30, 2008) 2008 Bankr. LEXIS 267 ........................... 12

*In re Jr. Food Mart of Arkansas, Inc.*
   (Bankr. E.D. Ark. 1999) 234 B.R. 420 .......................................................... 13

*In re K.C. Marsh Co., Inc.*
   (Bankr. D. Mass. 1981) 12 B.R. 401 ............................................................. 12

*In re Laguna Assoc. Ltd. Partnership*
   (6th Cir. 1994) 30 F.3d 734 ........................................................................... 10

*In re Little Creek Dev. Co.*
   (5th Cir.1986) 779 F.2d 1068 ................................................................... 10, 11

In re Mi La Sul
   (Bankr. C.D. Ca. 2007) 380 B.R. 546 ............................................................. 8, 9

*In re SB Properties, Inc.*
   (E.D. Pa. 1995) 85 B.R. 198 .......................................................................... 11

In re Stern
   (Bankr. S.D.N.Y. 2001) 268 B.R. 390 .......................................................... 9, 13

**Other Authorities**

11 U.S.C. § 101 .................................................................................................... 2
11 U.S.C. § 305(a)(1) ........................................................................................ 11
Bankruptcy Code § 101(2) ................................................................................... 9
Bankruptcy Code § 101(31) ................................................................................. 9
Bankruptcy Code § 105 ....................................................................................... 8
Bankruptcy Code § 105(a) ............................................................................... 1, 2
Bankruptcy Code § 1112(b) ........................................................................ passim
Bankruptcy Code § 305(a) ........................................................................... 1, 2, 11

**MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A) AND 1112(B) DISMISSING ESCOM'S INVOLUNTARY BANKRUPTCY PETITION**

1    **TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE,**

2    **PETITIONING CREDITORS, DEBTOR, UNITED STATES TRUSTEE AND THEIR**

3    **ATTORNEYS OF RECORD AND ALL PARTIES IN INTEREST:**

4        **PLEASE TAKE NOTICE** that on April 20, 2010, at 10:00 a.m., or as soon thereafter as

5    counsel may be heard, before the Honorable Geraldine M. Mund, United States Bankruptcy Judge, in

6    the above-captioned chapter 11 case of ESCOM, LLC (*"Debtor"*), DOM Partners LLC (*"DOM"*), a

7    secured creditor of the alleged Debtor, ESCOM, LLC (*"ESCOM"*) by and through its undersigned

8    counsel, will and hereby does move this Court for an order (a) dismissing the within bankruptcy case for

9    cause, i.e. bad faith pursuant to Bankruptcy Code §§ 105(a), 305(a) and 1112(b), (b) grant an award of

10   sanctions against the Petitioning Creditors, and (c) grant such further and other relief as is just and

11   proper.

12       This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of

13   Points and Authorities and the Declaration of Robert E. Seaman III, all pleadings, papers and records on

14   file with the Court and such other evidence, oral or documentary, as may be presented to the Court prior

15   to or at the time of any hearing on the Motion.

16       **PLEASE TAKE FURTHER NOTICE** that any objection to the relief requested in the Motion

17   and all evidence in support thereof must: (i) comply with the Local Bankruptcy Rules for the Central

18   District of California governing such papers, (ii) be filed no later than fourteen (14) days prior to the

19   Hearing Date, and (iii) be served on all parties entitled to notice.  Pursuant to Local Bankruptcy Rule

20   9013-1(h), failure to file and serve a timely response may be deemed by the Bankruptcy Court to be

21   consent to the granting of the relief requested in the Motion.

22   Dated:  March 26, 2010          NOSSAMAN LLP
                                     Allan H. Ickowitz

23                                          John W. Kim

24                                          - AND -

25                                          WINDELS MARX LANE & MITTENDORF, LLP

26                                          Alan Nisselson
                                     Scott R. Matthews

27                                        By: _____

28                                            JOHN W. KIM
                                Attorneys for DOM Partners, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

1.    DOM Partners LLC ("**DOM**"), a secured creditor of the alleged Debtor, ESCOM, LLC ("**ESCOM**") by and through its undersigned counsel, submits this motion for an order pursuant to sections 105(a), 305(a) and 1112(b) of title 11, United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**") for dismissal of the involuntary chapter 11 petition (the "**Petition**") filed by three purported petitioners: Washington Technology Associates, LLC ("**WTA**"), iEntertainment, Inc. ("**iEntertainment**"), and AccountingMatters.com, LLC ("**AccountingMatters**") (collectively, "**Petitioners**").  In addition, DOM seeks an award of sanctions against Petitioners for their bad faith filing of the Petition.

## I.    INTRODUCTION.

2.    This case was filed in bad faith.  On the eve of a secured party creditor sale of ESCOM'S substantially sole asset,[1] purported and related Petitioners filed this involuntary chapter 11 Petition.  As set forth below, these Petitioners are insiders of ESCOM and are owned or controlled by Mike Mann ("**Mann**").  All Petitioners' signatures on the Petition are the same, and upon information and belief are believed to have been signed by Mann.  One of the Petitioners is owed a nominal sum, which most likely was purposely left unpaid to manufacture jurisdiction before this Court.  Significantly, Mann has attempted to manufacture jurisdiction before this Court because ESCOM may not file a voluntary bankruptcy without the consent of DOM.

3.    Mann, who is operating ESCOM, has been unable to repay DOM's outstanding secured debt of $4,313,276.16.  Left with no alternatives and having attempted to negotiate for almost a year with Mann, DOM expended substantial sums and scheduled, advertised and publicized a UCC-secured creditor's sale.  ESCOM's wrongful filing stayed the auction sale.  The involuntary Petition should be dismissed.

## II.    BACKGROUND.[2]

4.    DOM is a first priority secured creditor and equity investor of ESCOM.  ESCOM is a Delaware limited liability company formed for the purpose of operating a business whose substantially

---

[1]    As set forth below, ESCOM may have funds of about $100,000.

[2]    The facts set forth in this Motion are contained in the supporting Declaration of Robert E. Seaman III.

384397_1.DOC                                        2

**MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A) AND 1112(B) DISMISSING ESCOM'S INVOLUNTARY BANKRUPTCY PETITION**

1    sole asset is the Internet domain name and related INTERNIC registration of the URL www.sex.com

2    (the "**Domain Name**"). All of ESCOM's revenues are derived through operation of the Domain Name.

3           5.      On January 12, 2006, DOM lent $3,000,000 to ESCOM pursuant to a Secured

4    Promissory Note (the "**Secured Note**"). ESCOM's obligations under the Secured Note are secured by

5    collateral consisting of the Domain Name and all tangible and intangible property of ESCOM, as more

6    fully stated in that certain Security Agreement dated as of January 12, 2006 (the "**Security**

7    **Agreement**"). DOM perfected its security interest in the collateral by the filing of a UCC Financing

8    Statement on January 31, 2006 (the "**UCC Financing Statement**"). Finally, DOM also invested

9    $1,000,000 in ESCOM (the "**Equity Investment**").

10           6.      On January 12, 2009, the Secured Note, and obligations thereunder, became due and

11    payable to DOM, and ESCOM failed to make payment to DOM. On January 13, 2009, DOM gave

12    notice of default to ESCOM.

13           7.      On the same day that DOM lent monies to ESCOM, one of the Petitioners, WTA, made a

14    loan to ESCOM in the amount of $5,000,000 (the "**WTA Loan**"). WTA and DOM are both first

15    priority secured lenders, having agreed with ESCOM to share in the repayment of their loans on a *pari*

16    *passu* basis, as recorded in the UCC Financing Statement and the UCC Financing Statement filed on

17    behalf of WTA. Like DOM, WTA also made an equity investment of $1,000,000 in ESCOM, and is

18    also a Manager, Founder, Member, secured creditor and equity investor of ESCOM.

19           8.      Additional investments in ESCOM were made by (a) an entity named "Nuthin' But Net

20    LLC", which satisfied a $1,500,000 debt that ESCOM owed to DOM in exchange for what is now an

21    equity interest in ESCOM, (b) an entity named "I95 Investment Group", which made an equity

22    investment in the amount of $400,000 in ESCOM, and (c) another of the Petitioners, iEntertainment,

23    converted a right to receive future revenues into a $2,500,000 secured loan that is junior to the secured

24    interests held by DOM and WTA. iEntertainment paid no monies to ESCOM in exchange for its

25    security interest.

26           9.      ESCOM is indebted to DOM in the approximate aggregate sum of $4,313,276.16 due to

27    ESCOM's default on its term note obligation to DOM, and subsequent failure to pay interest, costs and

28    fees associated with the obligation.

**MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A) AND 1112(B) DISMISSING
ESCOM'S INVOLUNTARY BANKRUPTCY PETITION**

**A.      The Facts Leading Up To The Filing Of The Involuntary Petition.**

10.      Pursuant to ESCOM's governing corporate documents, ESCOM is required to be managed by its three founding Members:  (a) DOM, (b) WTA, and (c) Domain Name Acquisition Group.  ESCOM may not file a voluntary bankruptcy petition without the unanimous consent of its Managers.

11.      In reality, WTA manages ESCOM.  ESCOM's only employee and Chief Executive Officer, Del Anthony ("**Anthony**"), reports to and receives instruction from WTA's Chairman, Mann.  Mann, the person who signed the Involuntary Petition as "Chairman" on behalf of all of the Petitioners, also controls or has an interest in petitioner AccountingMatters, among others.

12.      Since ESCOM's default of the Secured Note on January 12, 2009, DOM's representatives have negotiated with representatives of WTA and iEntertainment to determine the best possible method to cure the defaults and monetize ESCOM.  The parties considered multiple transactions, including: (a) the sale of the Domain Name via private sale in which all secured creditors and equity participants agree on the sale metrics; (b) the sale of DOM's debt and/or equity positions to WTA; and/or (c) the sale of WTA's debt and/or equity positions to DOM.  DOM even deposited $6,000,000 into DOM's counsel's escrow account to purchase WTA's position.  Mann has frustrated all of DOM's efforts to facilitate a transaction by which at least ESCOM's secured creditors would be repaid, including a proposed transaction that would have resulted in the repayment, in full, of all of the debts owed to the secured creditors *and* the repayment of the investments made by all of ESCOM's equity participants.  Mann has thwarted these proposed transactions so that he would retain control of ESCOM and the Domain Name, based upon his argument that the Domain Name was too valuable to sell to a third party at the offered prices, even though ESCOM cannot pay either DOM's or WTA's outstanding claims, is in default thereunder, and Mann is unwilling or unable to buy DOM's secured debt himself.

13.      After more than a year since ESCOM's default and failure to pay any monies due to DOM, DOM served Notice of Foreclosure Sale pursuant to Article 9 of the Uniform Commercial Code for an auction to be held on March 18, 2010 at DOM's outside counsel's office in New York City (the

1  "Auction") on February 12, 2010. DOM retained licensed auctioneers, David R. Maltz & Co., Inc. (the

2  **"Auctioneer"**), to sell the Domain Name at public auction to the highest bidder.

3      14.    DOM and the Auctioneer advertised the Auction via legal notice and advertisement in the

4  *The Wall Street Journal* and *The New York Times*. The Auctioneer also advertised the Auction on the

5  Internet via its website at www.MaltzAuctions.com. As a result of these efforts, the following

6  mainstream and Internet media outlets, among others, reported on the Auction: *Reuters, The Wall Street*

7  *Journal*, National Public Radio, *The New York Post, The New York Daily News, The Baltimore Sun, The*

8  *Independent, The Chicago Daily Herald, The Washington Post*, CNN TV, CNNMoney.com, CNBC,

9  *The Belfast Telegraph, Domain Name Journal, Domain Name News*, WCBS News Radio 880, *The Daily*

10  *Contributor*, stv.tv, Poker 777, *Bluff Magazine*, PokerListings.com, PokerHeadline.com, DaniWeb,

11  CircleID, LittleAbout, CNET, IDNBlog, *The Inquirer*, TECH.BLORGE.com, XBIZ, Newswire, Elliot's

12  Blog, Techie Buzz, iT News, Stuff.co.nz, mediabistro.com (blog), *Times Online, Times of India*.

13      15.    Scores of potential bidders, including international individual investors, domain name

14  industry executives, adult entertainment industry companies, media companies and private investor

15  groups, expressed an interest in bidding at the Auction. Indeed, interest was so high that DOM believed

16  that at least ESCOM's first priority secured obligations (DOM and WTA) would be satisfied through the

17  sale of the Domain Name at the Auction.

18      16.    Accordingly, because all other efforts to retain control over the Domain Name failed,

19  Mann caused the Petitioners to file the involuntary Petition at 12:23 p.m. PST on Wednesday, March 17,

20  2010, less than 24 hours before the scheduled Auction. By this time, DOM's counsel had already

21  qualified several bidders to participate at the Auction through acceptance from each of $1,000,000 to be

22  held in escrow pending the results of the Auction, and at least three individuals had flown to New York

23  to participate in the Auction to be held the next morning on Thursday, March 18, 2010.

24      17.    The Petitioners have no legitimate basis to file the Petition. According to a news report

25  published by the *Associated Press*, Mann acknowledged that he caused the Petition to be filed to "stop

26  the auction". Mann is quoted as saying: "It's the most valuable domain in the world. They were

27  throwing away the world's most valuable domain asset." WTA and iEntertainment have claimed to be

28  owed monies since January 12, 2009, but have done nothing to enforce their claims, preferring instead to

**MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A) AND 1112(B) DISMISSING
ESCOM'S INVOLUNTARY BANKRUPTCY PETITION**

1    allow the status quo to remain and to prevent DOM from collecting on its claim.  On the day before the

2    Auction would be held, Petitioners initiated an involuntary chapter 11 bankruptcy proceeding to forestall

3    the happening of the only viable means to achieve satisfaction of their claims.  At the same time, Mann's

4    other company, AccountingMatters, joined in the filing of the Petition on the basis of a purported claim

5    for $7,800.00, notwithstanding that Mann's representatives informed DOM that ESCOM had

6    approximately $100,000 in its bank account as recently as of a few months ago, and, therefore, ESCOM

7    had more than enough money to satisfy a $7,800.00 claim.

8        18.    Aside from the Domain Name and some cash, ESCOM has no other substantial assets,

9    little income, and just one employee.  ESCOM has no working capital of its own to finance any

10   development of the Domain Name, let alone to pay its secured creditors.  ESCOM has not sought a

11   committed source of financing despite its efforts for more than a year to settle with DOM.  It is clear that

12   nothing short of a miracle will enable ESCOM to repay DOM and its other secured creditors without

13   selling the Domain Name.

14       19.    Moreover, the Auction sale marketing had been tremendously successful.  Numerous

15   bidders had each paid one million dollars to qualify as competitive bidders and flown to New York City

16   from all over the world to attend and participate in the Auction.  The Auction was widely reported in the

17   global news media and on the Internet, and there was significant excitement that the Domain Name was

18   going to sell for many millions of dollars.  Immediate dismissal of this case will permit the sale to

19   resume with that momentum of excitement, which can generate a highly competitive bidding

20   environment.  Permitting the asset to be held by a moribund debtor languishing in bankruptcy without

21   the ability to rehabilitate the asset would not serve the best interests of creditors or the debtor.

22       20.    Every day that ESCOM's case is pending, there is a substantial or continuing diminution

23   of the estate.  The Domain Name is not being used to its maximum advantage and, just as during the pre-

24   petition period, ESCOM is not generating sufficient income to pay its creditors.  Administrative debt is

25   going to accrue and ESCOM has demonstrated its refusal and inability to implement any business plan

26   to improve the situation.  The secured claims held by DOM and the other secured creditors will continue

27   to accrue while ESCOM keeps their collateral unable to generate income to pay their debts.  Thus, the

28   diminution of the estate is indisputable.

MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A) AND 1112(B) DISMISSING
ESCOM'S INVOLUNTARY BANKRUPTCY PETITION

**B.    The Auction Is The Most Likely Method To Secure Funds Sufficient To Satisfy ESCOM's Secured Creditors.**

21.    The Auction is the best way to secure a sale price for the Domain Name in sufficient amount to repay the secured creditors.  On information and belief, ESCOM does not have sufficient revenues to pay its debts to DOM and the other secured creditors.  The sale of the Domain Name is the only way to secure funding to satisfy ESCOM's debts.

22.    ESCOM has been aware of its unpaid obligations since at least January 12, 2009, but has not changed its business plan to generate additional revenues, sought alternative funding sources or otherwise satisfied its creditors.  As noted above, the Auction generated significant interest and was expected to yield a sale price for the Domain Name that would satisfy the company's secured debt obligations.  Although the bankruptcy filing has triggered press reports and public statements to the effect that the Domain Name's value has been reduced as a result of the bankruptcy, DOM continues to receive interest from potential purchasers indicating that they would purchase the Domain Name either privately or through an auction.  DOM is pursuing these potential transactions; however, the existence of the bankruptcy action prevents consummation.

**C.    Petitioners Should Be Sanctioned And Pay For DOM's Costs, Expenses And Legal Fees.**

23.    DOM has incurred significant costs, expenses and legal fees in connection with administering and enforcing the Secured Note, securing the services of the Auctioneer, advertising the Auction, and in appearing in this Court.  DOM requests that the Court order that all of its costs be added to its ESCOM's debt and that the Petitioners pay for all of DOM's legal fees and costs incurred in connection with this proceeding.  DOM is prepared to present a full schedule of its costs, expenses and legal fees incurred upon the Order of the Court.

## III.    SUMMARY OF ARGUMENT.

The involuntary Petition commencing this bankruptcy case must be dismissed because it was filed in bad faith in order to hinder and delay DOM's collection of its secured claim and to force it to settle its claim for less than the full sum.  To accomplish that objective, the Petition was filed collusively by Mike Mann ("**Mann**"), who signed the Petition for and controls all three Petitioners, and through his

MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A) AND 1112(B) DISMISSING
ESCOM'S INVOLUNTARY BANKRUPTCY PETITION

1   company WTA is a Manager, Founder, Member, secured creditor and equity investor of ESCOM.

2   Mann has for the past year prevented DOM from collecting its overdue claim against ESCOM.  After all

3   settlement discussions were exhausted, and because ESCOM may not file a voluntary petition without

4   DOM's consent, Mann engineered the ESCOM involuntary bankruptcy filing on the eve of DOM's

5   UCC foreclosure auction sale of ESCOM's sole substantial asset.  For example, Mann caused ESCOM

6   to withhold payment of AccountingMatter's invoices in order to manufacture an unpaid claim to

7   'qualify' AccountingMatters as a petitioning creditor, even though representatives of WTA,

8   iEntertainment and AccountingMatters admitted that ESCOM has enough cash to pay that claim.  The

9   involuntary Petition automatically stayed the UCC foreclosure auction sale that DOM had heavily

10  advertised, and which received substantial international press and interest, and was anticipated to be

11  very successful.  Indeed, DOM's attorneys received several one million dollar deposits from bidders

12  qualifying to bid at the public foreclosure auction sale, and several competitive bidders had already

13  traveled to New York City to participate in the auction sale.  DOM's collateral is worth millions of

14  dollars, likely sufficient to satisfy the first tier secured claims against ESCOM.  Yet, to obtain a

15  disproportionate advantage over DOM, Mann caused this involuntary case to be filed.  Cause thus exists

16  pursuant to Bankruptcy Code §§ 105, 305(a) and 1112(b) to dismiss this case on the grounds that: (i) the

17  Petition is a "bad faith" filing; (ii) there is a complete absence of any likelihood of rehabilitation; and

18  (iii) there is a substantial or continuing loss to the estate.

19      In addition, Petitioners should be sanctioned for this bad faith filing.

20  **IV.   ARGUMENT.**

21      **A.   The Involuntary Petition Must Be Dismissed As a Classic "Bad Faith" Filing And**

22          **Because Of The Absence Of Any Likelihood ESCOM Can Rehabilitate Itself.**

23          **1.   The involuntary petition was filed collusively by a controlling insider of the**

24              **Debtor and should be dismissed.**

25      Like the petitioning creditors in *In re Mi La Sul,* 380 B.R. 546 (Bankr. C.D. Ca. 2007), the

26  Petitioners here lack good faith.  As set forth in the Motion and supporting Seaman Declaration, the

27  Petitioners have attempted to obtain a disproportionate advantage over another creditor – DOM – by

28  means of filing an involuntary bankruptcy petition that is fraudulent on in its face. *Id.*

1   The totality of circumstances of this case requires dismissal. *Id.* WTA and Mann delayed any

2   disposition of the Domain Name and the payment to DOM for the past year.  Only after WTA and Mann

3   rejected every one of DOM's settlement offers did DOM schedule the UCC public foreclosure auction

4   sale.  Since bankruptcy was the only means to stop the sale and further delay DOM, and given that

5   ESCOM is not permitted to file a voluntary bankruptcy petition without DOM's consent, Mann caused

6   the filing of the involuntary Petition.  The Petition is clearly signed by Mann as "Chairman" of all three

7   Petitioners, and the Petitioners are all controlled by Mann, who is an insider of ESCOM as that term is

8   defined in Bankruptcy Code § 101(31).  WTA is also an affiliate of ESCOM as that term is defined in

9   Bankruptcy Code § 101(2).  ESCOM's Chief Executive Officer Del Anthony reports to Mann, who

10  undoubtedly withheld payment from Petitioner AccountingMatters, an entity also controlled by Mann, to

11  manufacture jurisdiction before this Court.  Mann's level of relationship and control is so pervasive that

12  it is not possible to separate ESCOM from the Petitioners. *See In re Global Ship Systems, LLC,* 391

13  B.R. 193 (Bankr. S.D. Ga. 2007) (acts of involuntary debtor's principal in orchestrating bankruptcy

14  filing to stop a foreclosure sale by secured creditor who, like DOM in this case, held an equity interest

15  and had a contractual right to prevent a voluntary petition by simply refusing to consent, were relevant

16  to granting secured creditor's motion to dismiss).

17       Moreover, the only explanation for the involuntary filing is that Mann is seeking to hinder and

18  delay DOM's efforts to collect its claim against ESCOM, and to take disproportionate advantage of

19  DOM.  Because payment of WTA's secured claim is *pari passu* with DOM's secured claim, WTA and

20  DOM would receive equal proceeds from the sale of the Domain Name up to the amounts of their

21  claims.  It was expected that the auction sale proceeds would have been sufficient to satisfy both the

22  WTA and DOM claims.  However, by filing the involuntary case and staying the auction sale, Mann has

23  acted like the petitioning creditors in the *Mi La Sul* case: to harass and delay DOM, and to extend their

24  previously failed negotiations with DOM to leverage a payoff for less than the amount owed to DOM.

25  380 B.R. 546; *see also In re Stern,* 268 B.R. 390 (Bankr. S.D.N.Y. 2001).  These Petitioners do not pass

26  the "nose" test, and the Petition should be dismissed. *In re Mi La Sul,* 380 B.R. at 556.

27

28

## 2.    The ESCOM involuntary Chapter 11 petition was filed in "Bad Faith".

Further, ESCOM's bankruptcy case should be dismissed because it is a classic "bad faith" bankruptcy filing.[3]  While a determination of "good faith" may be fact specific, the courts have recognized the recurring pattern of facts in "bad faith" cases.  Generally, findings of lack of good faith in proceedings based on § 1112(b) have been predicated on certain recurring but non-exclusive patterns, and they are based on a conglomerate of factors, *i.e.*, totality of circumstances, rather than on any single datum.  Several, but not all, of the following conditions usually exist.  The debtor may have only one asset encumbered by one or more secured creditors' liens.  There are generally no employees except for the principals, little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments.  Typically, there are only a few, if any, unsecured creditors whose claims are relatively small.  The property has usually been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending actions against the foreclosure in state court.  Bankruptcy offers the only possibility of forestalling loss of the property. *In re Global Ship Systems, LLC, supra*, 391 B.R. at 202; *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1072-1073 (5th Cir.1986); *see also In re Laguna Assoc. Ltd. Partnership*, 30 F.3d 734, 738 (6th Cir. 1994) (enumerating factors courts find useful in evaluating a debtor's "good faith").

Virtually every single "bad faith" factor is present here.  ESCOM has essentially only one asset, the Domain Name, which is encumbered by the liens of DOM, WTA and iEntertainment.  ESCOM has insufficient income to pay its secured debt, only one key employee, and refuses to engage in any meaningful operations of its asset.  ESCOM has insufficient working capital of its own, and no other available sources of income.  ESCOM has not even sought to identify a committed source of financing, despite the passage of more than a year since it went into arrears to its secured creditors.  ESCOM's sole asset, the Domain Name, is the subject of DOM's UCC foreclosure auction.  This bankruptcy case was commenced by the insider Mann on the eve of the public auction foreclosing on DOM's interest in the

---

[3]     There is a presumption of good faith by petitioning creditors in filing involuntary petitions, which may be overcome based on the totality of circumstances. *In re Mi La Sul*, 380 B.R. at 557; *cf. In re Integrated Telecom Express, Inc.*, 384 F.3d 108, 118 (3d Cir. 2004) (voluntary chapter 11 bankruptcy petitions are subject to dismissal under 11 U.S.C. § 1112(b) if filed in bad faith, and the burden is on the debtor to establish its good faith).

MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A) AND 1112(B) DISMISSING
ESCOM'S INVOLUNTARY BANKRUPTCY PETITION

1  Domain Name.  The secured creditors' claims aggregate nearly $14.4 million, which far exceeds the

2  claims of ESCOM's few unsecured creditors, whose claims are relatively small.

3  Given these circumstances, allowing this bankruptcy case to proceed would not further any of

4  the purposes of chapter 11, because "there is no going concern to preserve, there are no employees to

5  protect, and there is no hope of rehabilitation, except according to ESCOM's (and Mann's) 'terminal

6  euphoria' . . . . If there is not a potentially viable business in place worthy of protection and

7  rehabilitation, the Chapter 11 effort has lost its *raison d'etre. . . .*"  *In re Little Creek Dev. Co.*, 779 F.2d

8  at 1073; *In re SB Properties, Inc.,* 85 B.R. 198 (E.D. Pa. 1995) (dismissing case as filed in "bad faith"

9  where debtor had a single asset, had no employees to protect, no on-going business to preserve, and no

10  significant creditors other than mortgage holder, finding there was no viable business entity in need of

11  bankruptcy protection).

12  **3.    Cause also exists to dismiss the case pursuant to Bankruptcy Code § 305(a).[4]**

13  The absence of any likelihood that ESCOM can reorganize, and the substantial or continuing

14  diminution of the estate constitute an independent basis to dismiss ESCOM's case for cause.  The

15  interests of creditors and ESCOM are better served by dismissal.

16  **a.    Absence of any likelihood ESCOM can reorganize.**

17  Aside from the Domain Name, ESCOM has no other substantial assets, little income, one

18  employee.  ESCOM has no working capital of its own to finance any development of the Domain Name,

19  let alone to pay its secured creditors.  ESCOM has not sought a committed source of financing despite

20  its default to DOM for more than a year.  It is clear that nothing short of a miracle will enable ESCOM

21  to repay DOM and its other secured creditors without selling the Domain Name.

22  Moreover, the auction sale marketing had been tremendously successful.  Numerous bidders had

23  each paid one million dollars to qualify as competitive bidders and traveled to New York City from all

24  over the world to attend and participate in the auction sale.  The auction sale was widely reported in the

25  global news media and on the Internet, and there was significant excitement that the Domain Name was

26  going to sell for many millions of dollars.  Immediate dismissal of this case will permit the sale to

27

28  ───────────────
[4]    The Court may dismiss this case under Bankruptcy Code § 305(a): "(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if – (1) the interest of creditors and the debtor would be better served by such dismissal or suspension". 11 U.S.C. § 305(a)(1).

384397_1.DOC                                11

1  resume with that momentum of excitement, which can generate a highly competitive bidding

2  environment. Permitting the asset to be held by a moribund debtor languishing in bankruptcy without

3  the ability to rehabilitate the asset would not serve the best interests of creditors or the debtor.

4  Under these circumstances, and particularly with no financing "in sight", ESCOM has no

5  reasonable likelihood of rehabilitation and the case should therefore be dismissed. *See Halvajian v.*

6  *Bank of New York (In re Halvajian)*, 216 B.R. 502, 511-12 (D.N.J. 1998) (conversion to chapter 7

7  warranted pursuant to 11 U.S.C. § 1112(b) where, among other things, debtor lacked ability to obtain

8  financing), *aff'd*, 168 F.3d 478 (3d Cir. 1998); *In re Great Am. Pyramid Joint Venture,* 144 B.R. 780,

9  792 (Bankr. W.D. Tenn. 1992) ("A reorganization plan under chapter 11 must be more than a nebulous

10  speculative venture and must have a realistic chance of success which would lead to rehabilitation, and

11  if outside financing is needed, it must be clearly in sight"); *In re K.C. Marsh Co., Inc.,* 12 B.R. 401, 403

12  (Bankr. D. Mass. 1981) (same); *see also In re Joyce, Don & Assocs.,* 2008 Bankr. LEXIS 267, **3-4

13  (Bankr. M.D. Fla. Jan. 30, 2008) (finding absence of a reasonable likelihood of rehabilitation where

14  debtors' only creditors of consequence were secured creditors who held liens on the property, which

15  were subject of foreclosure proceedings, and where debtor had no income and no realistic prospect of

16  generating income, no employees, no personal property, and no unsecured creditors).

17  **b.     The substantial or continuing diminution of the estate.**

18  Every day that ESCOM's case is pending, there is a substantial or continuing diminution of the

19  estate. The Domain Name is not being used to its maximum advantage and, just as during the pre-

20  petition period, ESCOM is not generating sufficient income to pay its creditors. Administrative debt is

21  going to accrue and ESCOM has demonstrated its refusal and inability to implement any business plan

22  to improve the situation. The secured claims held by DOM and the other secured creditors will continue

23  to accrue while ESCOM keeps their collateral unable to generate income to pay the debts. Thus, the

24  diminution of the estate is indisputable. *See In re Global Ship Systems, LLC, supra,* 391 B.R. at 204-205

25  ("For cause" dismissal provision, which authorizes court to dismiss a chapter 11 case for cause,

26  including substantial or continuing loss to or diminution of the estate, applies to involuntary chapter 11

27  cases).

28

**B.      DOM Is Entitled To An Award Of Sanctions.**

The filing of an involuntary petition in bad faith may be grounds to grant an award of sanctions against the petitioning creditors. *See In re Stern*, 268 B.R. 390 (Bankr. S.D.N.Y. 2001); *In re Jr. Food Mart of Arkansas, Inc.*, 234 B.R. 420 (Bankr. E.D. Ark. 1999). DOM has sustained enormous damages as a direct result of the Petitioners' wrongfully invoking the automatic stay of the UCC auction sale. Accordingly, DOM respectfully requests that the Court enter an award of sanctions against Petitioners in favor of DOM.

**V.      CONCLUSION.**

Accordingly, for all of the foregoing reasons, DOM respectfully requests that the Court (a) dismiss ESCOM's involuntary case for bad faith pursuant to Bankruptcy Code §§ 105(a), 305(a) and 1112(b) and (b) grant an award of sanctions against the Petitioners, and (c) grant such further and other relief as is just and proper.

Dated:  March 26, 2010

NOSSAMAN LLP
Allan H. Ickowitz
John W. Kim

- AND -

WINDELS MARX LANE & MITTENDORF, LLP
Alan Nisselson
Scott R. Matthews

By: _____
JOHN W. KIM
Attorneys for DOM Partners, LLC

MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 305(A) AND 1112(B) DISMISSING
ESCOM'S INVOLUNTARY BANKRUPTCY PETITION

| | |
|---|---|
| In re:  ESCOM, LLC | CHAPTER 11 |
| Debtor(s). | CASE NUMBER:  10-bk-13001-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.

Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **Nossaman LLP, 445 S. Figueroa Street, 31st floor, Los Angeles, CA 90071**

The foregoing document described **NOTICE OF MOTION AND MOTION OF DOM PARTNERS, LLC FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 305(a) AND 1112(b) DISMISSING ESCOM'S INVOLUNTARY BANKRUPTCY PETITION FOR CAUSE; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 26, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

⊠        Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served): On **March 26, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

⊠        Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **March 26, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

⊠        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| March 26, 2010 | Mitchi Shibata | /s/ *Mitchi Shibata* |
| *Date* | *Type Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                            **F 9013-3.1**

| | |
|---|---|
| In re: ESCOM, LLC | CHAPTER 11 |
| Debtor(s). | CASE NUMBER: 10-bk-13001-GM |

## SERVICE LIST

### I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

S Margaux Ross    margaux.ross@usdoj.gov
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

### II. SERVED BY OVERNIGHT MAIL

**Attorneys for Petitioners Washington Technology Associates, LLC,**
**iEntertainment, Inc., and AccountingMatters.comLLC**
Mark Chassman
120 Broadway Suite 300
Santa Monica, CA 90401

**Attorneys for Petitioners Washington Technology Associates, LLC,**
**iEntertainment, Inc.,and  AccountingMatters.comLLC**
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017

**Debtor**
Escom LLC
23480 Park Sorrento Ste 206B
Calabasas, CA 91302
Attn:  Del Anthony

**Creditors or Parties in Interest**
Nuthin' But Net, LLC
c/o Cardworks L.P.
101 Cross Parkway West
Woodbury, New York 11797
Attn:  Donald Berman

**Counsel to Creditors or Parties in Interest**
**Nuthin' But Net, LLC**
Daniel G. Gurfein, Esq.
Satterlee Stephens, Burke & Burke LLP
230 Park Avenue
New York, New York 10169
(212) 404-8702

**Creditors or Parties in Interest**
i95 Investment Group
60 Wells Avenue, Suite 100
Newton, MA 02459
Attn:  Corey Bialow, Andrew Miller

**Creditors or Parties in Interest**
Domain Name Acquisition Group, LLC
c/o Internet Real Estate Group LLC
188 Needham Street, Suite 255
Newton, MA 02464
Attn:  Andrew Miller

**US Trustee**
S. Margaux Ross, Esq.
21051 Warner Ctr. Lane, Suite 115
Woodland Hills, CA 91367

**Bankruptcy Court**
The Honorable Geraldine Mund
United States Bankruptcy Court - Central District of CA
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

# F 9013-3.1

| In re: ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 10-bk-13001-GM |

## III. SERVED BY E-MAIL

**Attorneys for Petitioners Washington Technology Associates, LLC, iEntertainment, Inc., and AccountingMatters.comLLC**
Mark Chassman
120 Broadway Suite 300
Santa Monica, CA 90401
mchassman@chassmanseelig.com

**Attorneys for Petitioners Washington Technology Associates, LLC, iEntertainment, Inc.,and  AccountingMatters.comLLC**
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
lfm@msf-law.com

**Debtor**
Escom LLC
23480 Park Sorrento Ste 206B
Calabasas, CA 91302
Attn:  Del Anthony
del@escomllc.com

**Counsel to Creditors or Parties in Interest Nuthin' But Net, LLC:**
Daniel G. Gurfein, Esq.
Satterlee Stephens, Burke & Burke LLP
230 Park Avenue
New York, New York 10169
dgurfein@ssbb.com

**Creditors or Parties in Interest**
i95 Investment Group
60 Wells Avenue, Suite 100
Newton, MA 02459
Attn:  Corey Bialow, Andrew Miller
cbialow@bialow.com
amiller@internetrealestate.com

**Creditors or Parties in Interest**
Domain Name Acquisition Group, LLC
c/o Internet Real Estate Group LLC
188 Needham Street, Suite 255
Newton, MA 02464
Attn:  Andrew Miller
amiller@internetrealestate.com

**Attorneys for US Trustee**
S. Margaux Ross, Esq.
21051 Warner Ctr. Lane, Suite 115
Woodland Hills, CA 91367
margaux.ross@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                **F 9013-3.1**