# EXHIBIT 1

# ESCOM, LLC
## SECURED PROMISSORY NOTE

Note No. 2                                                             EFFECTIVE DATE: January 12, 2006
**$3,000,000**                                                          Boston, Massachusetts

      FOR VALUE RECEIVED, **Escom, LLC** a limited liability company organized and validly existing under the laws of the State of Delaware (referred to herein as "*Maker*"), promises to pay to the order of DOM Partners LLC, a limited liability company organized and validly existing under the laws of the State of Delaware (referred to herein as "*Payee*," which term shall also include any subsequent Payee of this Note), the principal sum of Three Million Dollars ($3,000,000), together with interest until paid, as set forth in this Note (the "*Note*").

      1. <u>Term</u>. This Note, and all principal and all accrued interest due and payable thereon, shall become due and payable Three (3) years after the effective date set forth above (the "*Maturity Date*"), unless otherwise extended in accordance herewith or by the mutual agreement of the parties. Maker shall have two (2) options to extend the Maturity Date for additional one (1) year periods provided: (a) Maker is not then currently in default under the terms of this Note, and (b) Maker provides Payee with at least 45 days prior written notice of its desire to exercise each such one-year extension option, and (c) Maker pays to Payee Three Hundred Thousand Dollars ($300,000) towards the repayment of the principal within 10 days of the exercise of such extension option, and (d) the Applicable Rate for each option period shall increase by 2 percentage (2%) points (e.g. from 8% to 10%). Notwithstanding the foregoing, if Maker is in default under this Note, the extension options (if any remain) shall be void and of no further effect.

      2. <u>Interest Rate and Principal Payments</u>. Interest shall accrue on the unpaid principal balance of this Note at an 8.0% annual rate of interest (the "*Applicable Rate*"). All interest shall accrue based on a 360-day year for the actual number of days outstanding and shall be compounded monthly. Accrued interest shall be payable annually in arrears on each anniversary date of the Note.

In addition to payments of interest due hereunder, except as required herein below, Maker shall be required to make annual principal reduction payments to Payee in the amount of Three Hundred Thousand Dollars ($300,000) on each anniversary date of this Note (the "Annual Principal Reduction Payment"). That portion of the Annual Principal Reduction Payment that would cause the Company's cash reserves to be reduced below the Minimum Reserve (as defined below) shall be deferred and accumulated, in whole or in part, until the next succeeding anniversary date of the Note. For purposes of this Section, Minimum Reserve shall mean at least $250,000 in cash reserves after taking into account



(i) Maker's reasonable and necessary expenses incurred in the ordinary course of Maker's business; (ii) interest payments due under this Note and any other secured promissory notes authorized and issued pursuant to Section 3.03(a) of Maker's Limited Liability Company Agreement (the "Other Notes"; collectively, with this Note, the "Notes"); and, (iii) Management fees (excluding the Additional Fee) as provided in Section 5.09 of Maker's Limited Liability Company Agreement. Any and all Annual Principal Reduction Payments, deferred or otherwise, made hereunder shall be made pari passu among and to the holders of the Notes such that all Annual Principal Reduction Payments and deferrals thereof made by Maker shall be made on a pro-rata basis as compared with the annual principal reduction payments made under the Other Notes, all of which shall be subject to the Minimum Reserve requirement set forth above. While Annual Principal Reduction Payments may be accumulated and deferred from year to year as provided for in the Notes, in no event shall such deferrals extend past the final maturity date of the Notes.

In Payee's discretion, upon and after the occurrence of an Event of Default (as defined below in Section 6), interest shall accrue and be payable on the unpaid principal balance of this Note at the Applicable Rate in effect at and during such time plus four percent (4.00%). In addition to the required payments specified above, Maker may make any additional payments of all or any portion of the unpaid principal and/or accrued interest at any time before the Maturity Date without penalty of any kind.

    3.    <u>Late Payment</u>. (a) If any payment of principal and interest due under this Note is not paid within five (5) business days after the date that such payment is due, Maker promises to pay to Payee a one-time late charge equal to five percent (5%) of the amount past due. The 5-day period provided in the preceding sentence is not a grace or cure period and Payee shall be entitled to exercise all of Payee's rights and remedies upon the occurrence of an Event of Default regardless of whether Payee imposes or is entitled to impose any late charge.

    4.    <u>Manner of Payment</u>. Unless otherwise provided for herein, all payments shall be made in U.S. dollars in immediately available funds without set-off or counterclaim or deduction of any kind on the due dates of such payments. Payments shall be made to the address set forth herein for notices to Payee. Any payments by check shall be accepted subject to collection in immediately available funds. Payments shall be applied to interest, principal, late charges, expenses and fees in such order as Payee may determine in Payee's discretion.

    5.    <u>Collection Costs</u>. (a) Maker shall pay to Payee, within ten (10) business days after Payee's request or demand for such payment, all amounts necessary to pay, or to reimburse Payee for, all costs and expenses of administering and enforcing this Note, including without limitation any and all



costs and expenses of collecting the principal, interest, late charges, fees and expenses due under this Note and exercising Payee's rights and remedies under any guaranties and security agreements in favor of Payee relating to this Note, and any other costs and expenses incurred by Payee after the occurrence of any default under this Note, and regardless of whether an Event of Default shall have been declared, including, without limitation, any and all such costs and expenses incurred by Payee in or relating to any bankruptcy or insolvency proceedings (all thereof referred to herein as "***Collection Costs***"). Collection Costs include, without limitation, all of Payee's reasonable attorney's fees (incurred at regular hourly rates), paralegal fees and litigation expenses of any kind incurred in administering, enforcing, or collecting this Note.

(b) If Maker shall fail to pay Collection Costs to Payee within ten (10) business days after Payee's request or demand for such payment, and Payee shall have paid or advanced such Collection Costs (Payee being hereby authorized, but not obligated, to pay or advance such Collection Costs), Payee shall be entitled to add the amount so requested or demanded to the amount of principal outstanding under this Note and thereafter charge interest thereon at then effective Applicable Rate.

(c) If Payee shall add the amount of Collection Costs so requested or demanded, but not paid, to the amount of principal outstanding under this Note as provided in this Section, neither the addition of such unpaid amount to the principal outstanding under this Note, nor the charging of interest thereon, shall relieve Maker of any Event of Default for failure to pay Collection Costs when due, and Payee shall be entitled to exercise all of Payee's rights and remedies upon the occurrence of any such Event of Default.

6. <u>Default; Acceleration; Specific Performance</u>. The occurrence of any of the following shall be an "***Event of Default***": (a) the filing of any petition under the U.S. Bankruptcy Code or any similar federal or state statute by or against Maker, unless in the event of an involuntary petition filed against Maker, such petition is dismissed within forty five (45) days of such filing; (b) an application for the appointment of a receiver for the making of a general assignment for the benefit of creditors by, or the insolvency of, Maker, unless in the event of an involuntary application filed against Maker, such application is dismissed within forty five (45) days of such filing; (c) commencement of any proceeding under any Federal or state statute or rule providing for the relief of debtors, composition of creditors, arrangement, reorganization, receivership, liquidation or any similar event by or against Maker unless in the event of an involuntary proceeding filed against Maker, such proceeding is dismissed within forty five (45) days of such filing; (d) the occurrence of an "Event of Default" under the Security Agreement, dated as of even date herewith, by and between the Maker and the Payee (the "***Security Agreement***") or (e) failure to perform any of the covenants set forth in Section 8 below. Upon the occurrence of an Event of Default, the unpaid principal with interest and all other sums evidenced



by this Note shall become immediately due and payable. Upon an Event of Default as defined in clause (e) above, notwithstanding any other remedy which the Holder shall be entitled to pursuant to this Note and the Security Agreement, the Holder shall be entitled to seek specific performance of the covenants set forth in Section 8 below.

7. Security. Maker hereby grants to Payee a security interest in the Collateral (as defined in the Security Agreement), to secure all of its payment obligations hereunder.

8. Confession of Judgment. IF THIS NOTE IS NOT PAID WHEN DUE (WHETHER AS SCHEDULED, OR UPON ACCELERATION OR MATURITY), OR ANY OTHER EVENT OF DEFAULT SHALL OCCUR, MAKER DOES HEREBY AUTHORIZE ANY CLERK OF ANY COURT OF RECORD OR ANY ATTORNEY TO ENTER IN ANY COURT OF COMPETENT JURISDICTION IN THE STATE OF NEW JERSEY OR ANY OTHER STATE, COMMONWEALTH OR TERRITORY OF THE UNITED STATES JUDGMENT BY CONFESSION AGAINST MAKER (JOINTLY AND SEVERALLY, IF MORE THAN ONE) AND IN FAVOR OF THE PAYEE OF THIS NOTE FOR THE ENTIRE PRINCIPAL AMOUNT OF THIS NOTE THEN REMAINING UNPAID WITH INTEREST THEREON, TOGETHER WITH ATTORNEY'S FEES OF FIFTEEN PERCENT (15%) OF THE UNPAID PRINCIPAL AMOUNT, AND COURT COSTS, WITHOUT STAY OF EXECUTION OR RIGHT OF APPEAL, EXPRESSLY WAIVING THE BENEFIT OF ALL EXEMPTION LAWS AND ALL IRREGULARITY OR ERROR IN ENTERING SAID JUDGMENT OR THE EXECUTION THEREON; PROVIDED, HOWEVER, PAYEE SHALL BE OBLIGATED TO PROVIDE MAKER A WRITTEN COURTESY NOTICE OF ITS INTENT TO EXERCISE ITS RIGHT TO OBTAIN A CONFESSION OF JUDGMENT PURSUANT TO THIS SECTION 8 AT LEAST FOURTEEN (14) DAYS PRIOR TO SUCH EXERCISE. NO SINGLE EXERCISE OF THE FOREGOING POWER TO CONFESS JUDGMENT SHALL BE DEEMED TO EXHAUST THE POWER, WHETHER OR NOT ANY SUCH EXERCISE SHALL BE HELD BY ANY COURT TO BE INVALID, VOIDABLE OR VOID, BUT THE POWER SHALL CONTINUE UNDIMINISHED, AND THE POWER TO CONFESS JUDGMENT MAY BE EXERCISED FROM TIME TO TIME AS OFTEN AS THE PAYEE OF THIS NOTE SHALL ELECT, UNTIL SUCH TIME AS THE PAYEE OF THIS NOTE SHALL HAVE RECEIVED PAYMENT IN FULL OF ALL INDEBTEDNESS OF MAKER TO THE PAYEE OF THIS NOTE.

9. Notices. Any notice or demand required or permitted by or in connection with this Note shall be in writing and shall be made by receipted telecopy, or by receipted hand delivery, or by overnight delivery service, or by certified mail, return receipt requested, postage prepaid, addressed to the parties at the appropriate address set forth below or to such other address as may be hereafter specified by written notice by the parties to each other. Notice or demand shall be considered given as of the earlier of the date of actual receipt,

or the date of the telecopy or hand delivery, or one (1) business day after delivery to an overnight delivery service, or three (3) business days after the date of mailing, independent of the date of actual delivery or whether delivery is ever in fact made, as the case may be, provided the giver of notice or demand can establish that notice or demand was given as provided herein. Notwithstanding the aforesaid procedures, any notice or demand upon Maker, in fact received by Maker, shall be sufficient notice or demand.

| | |
|---|---|
| If to Payee: | DOM Partners LLC<br>C/o Robert E. Seaman III<br>One Blue Hill Plaza, 4th Floor<br>P.O. Box 1555<br>Pearl River, New York 10965 |
| If to Maker: | Escom, LLC<br>123 Newberry Street, Second Floor<br>Boston, Massachusetts 02116<br>Attn: Andrew Miller |
| With a copy to Counsel: | Russell J. Chalk<br>100 Congress Avenue, Suite 2100<br>Austin, Texas 78701 |

10. **Assignment.** The Payee may assign or transfer this Note and/or any of its rights hereunder at any time and from time to time, upon five (5) days notice to Maker. The obligations of the Maker under this Note shall not be assigned, transferred or delegated without the prior written consent of the Payee. No transfer or partial transfer of this Note shall be effective unless such transfer is registered on the Note Register (as defined below). The Maker shall maintain a register (the "***Note Register***") in its principal offices for the purpose of registering the Note and any transfer or partial transfer thereof, which register shall reflect and identify, at all times, the ownership of record of any interest in the Note. Upon the issuance of this Note, the Maker shall record the name and address of the initial purchaser of this note in the Note Register as the first Payee. Upon any transfer or partial transfer of the Note, the Maker shall record the name and address of the transferee and the principal amount of the Note so transferred. Upon each assignment of the Note hereunder, Payee or the then current holder of the Note shall verify in writing the principal amount due at the time of such assignment.

11. **Certain Waivers.** As to this Note, Maker waives all applicable exemption rights, whether under any state constitution, homestead laws or otherwise, and also waive valuation and appraisement, presentment, notice of dishonor, and protest, notice of demand and nonpayment of this Note, and notice

of acceleration and expressly agrees that the maturity of this Note, or any payment under this Note, may be extended from time to time without in any way affecting the liability of Maker. If Payee transfers this Note to another Payee who takes this Note for value and without actual knowledge of a claim or defense of Maker against any prior Payee of this Note, such transferee shall not be subject to any claims, set-offs or defenses that Maker may have against any Payee of this Note prior to such transfer, and such transferee shall have all of the rights of a Payee in due course against Maker even if, absent this provision, such transferee would not qualify as a Payee in due course under applicable law.

12. <u>Preservation of Payee Rights</u>. No failure on the part of Payee to exercise any right or remedy hereunder, whether before or after the happening of an Event of Default shall constitute a waiver thereof, and no waiver of any past Event of Default shall constitute waiver of any future default or of any other Event of Default. No failure to accelerate the indebtedness evidenced hereby by reason of any Event of Default hereunder, or acceptance of a past due payment, or indulgence granted from time to time, shall be construed to be a waiver of the right to insist upon prompt payment thereafter or to impose late charges retroactively or prospectively, or shall be deemed to be a novation of this Note or as a reinstatement of the indebtedness evidenced hereby or as a waiver of such right of acceleration or any other right, or be construed so as to preclude the exercise of any right that Payee may have, whether by the laws of the State of New Jersey, by agreement, or otherwise; and Maker and each endorser or guarantor hereby expressly waives the benefit of any statute or rule of law or equity that would produce a result contrary to or in conflict with the foregoing.

13. <u>Amendments</u>. This Note may not be changed orally, but only by an agreement in writing signed by the Maker and the Payee (or any assignee or transferee of the Payee).

14. <u>Severability</u>. In case any provision (or any part of any provision) contained in this Note shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall not affect any other provision (or remaining part of the affected provision) of this Note, but this Note shall be construed as if such invalid, illegal, or unenforceable provision (or part thereof) were modified to the minimum extent necessary to make it legal and enforceable and to achieve the same objective. If no such modification is possible, then this Note shall be construed as if such provision had never been contained herein but only to the extent such provision (or part thereof) is invalid, illegal, or unenforceable.

15. <u>New Jersey Law</u>. This Note shall be governed by the laws of the State of New Jersey (excluding New Jersey conflicts of laws rules).

16. <u>Jurisdiction; Venue</u>. Maker hereby irrevocably consents to the non-exclusive personal jurisdiction of the courts of the State of New Jersey and,



if a basis for federal jurisdiction exists, the non-exclusive jurisdiction of the United States District Court for the District of New Jersey. Maker agrees that venue shall be proper in any circuit court of the State of New Jersey selected by Payee or, if a basis for federal jurisdiction exists, in any Division of the United States District Court for the District of New Jersey. Maker waives any right to object to the maintenance of any suit or claim in any of the state or federal courts of the State of New Jersey on the basis of improper venue or of inconvenience of forum. Any suit or claim brought by Maker against Payee that is based, in whole or in part, directly or indirectly, on this Note or any matters relating to this Note, shall be brought in a court only in the State of New Jersey. Maker shall not file any counterclaim against Payee in any suit or claim brought by Payee against Maker in a jurisdiction outside of the State of New Jersey unless under the rules of the court in which Payee brought such suit or claim the counterclaim is mandatory, and not permissive, and would be considered waived unless filed as a counterclaim in the claim or suit instituted by Payee against Maker. Maker agrees that any forum outside the State of New Jersey is an inconvenient forum and that a suit brought by Maker against Payee in any court outside the State of New Jersey should be dismissed or transferred to a court located in the State of New Jersey. Nothing in this Note shall affect the right of Payee to commence legal proceedings or to otherwise proceed against Maker in any jurisdiction.

17. <u>Time</u>. Time is of the essence of this Note.

18. <u>Maximum Rate of Interest</u>. Anything herein to the contrary notwithstanding, the obligations of Maker under this Note (or any other instrument, agreement or other document evidencing or securing the indebtedness evidenced by this Note) shall be subject to the limitation that payments of interest shall not be required to the extent that receipt of any such payment of interest by Payee would be contrary to provisions of law applicable to the indebtedness evidenced hereby (or applicable to Maker or Payee) limiting the maximum rate of interest that may be charged or collected by Payee on this Note or the indebtedness evidenced hereby. Without limiting the generality of the foregoing, all calculations of the rate of interest contracted for, charged or received under this Note which are made for the purposes of determining whether such rate of interest exceeds the maximum rate of interest permitted by applicable law shall be made, to the extent permitted by applicable law, by amortizing, prorating, allocating and spreading in equal parts during the period of the full stated term of this Note, all interest at any time contracted for, charged or received in connection with the indebtedness evidenced by this Note, and then to the extent that any excess remains, all such excess shall be automatically credited against and in reduction of the principal balance, and any portion of said excess which exceeds that principal balance shall be paid by Payee to Maker, it being the intent of the parties hereto that under no circumstances shall Maker be required to pay any interest in excess of the highest rate permissible under applicable law.



19. <u>MUTUAL WAIVER OF JURY TRIAL</u>. MAKER AND PAYEE WAIVE ALL RIGHTS TO TRIAL BY JURY OF ANY CLAIMS OF ANY KIND ARISING UNDER OR RELATING IN ANY WAY TO THIS NOTE. MAKER AND PAYEE ACKNOWLEDGE THAT THIS IS A WAIVER OF A LEGAL RIGHT AND REPRESENT TO EACH OTHER THAT THESE WAIVERS ARE MADE KNOWINGLY AND VOLUNTARILY AFTER CONSULTATION WITH COUNSEL OF THEIR CHOICE. MAKER AND PAYEE AGREE THAT ALL SUCH CLAIMS SHALL BE TRIED BEFORE A JUDGE OF A COURT HAVING JURISDICTION, WITHOUT A JURY.

IN WITNESS WHEREOF, and intending to be legally bound hereby Maker executes this Note under seal as of the date first written above.

WITNESS/ATTEST:

_____
(SEAL)
Secretary

ESCOM, LLC
a Delaware limited liability company

By: _____

Name: Peter Hubshman

Title: CEO

