| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Allan H. Ickowitz (SBN 110797)<br>John W. Kim (SBN 216251)<br>Nossaman LLP<br>445 S. Figueroa Street, 31st Floor<br>Los Angeles, California 90071-1602<br>Tel: (213) 612-7800<br>Fax: (213) 612-7801<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* DOM Partners LLC | |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| In re: ESCOM, LLC | CHAPTER: 11 (Involuntary) |
|---|---|
| | CASE NO.: 10-bk-13001-GM |
| | DATE: April 20, 2010<br>TIME: 10:00 a.m.<br>CTRM: 303<br>FLOOR: |
| Debtor(s). | |

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: DOM Partners LLC )
### (Personal Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**   ☐ **255 East Temple Street, Los Angeles**    ☐ **411 West Fourth Street, Santa Ana**
   ☒ **21041 Burbank Boulevard, Woodland Hills**    ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED TIME. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence must be filed and served:

      ☐ at the hearing    ☐ at least _____ court days before the hearing.

      (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

      (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court.

      (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Personal Property) - *Page 2 of* 11.5   **F 4001-1M.PP**

| In re<br>ESCOM, LLC | (SHORT TITLE) | CHAPTER: 11 (Involuntary) |
|---|---|---|
| | Debtor(s). | CASE NO.: 10-bk-13001-GM |

5.  If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.


Dated: March 26, 2010


                                                    Nossaman LLP
                                                    *Print Law Firm Name (if applicable)*

Allan H. Ickowitz (SBN 110797)
*Print Name of Individual Movant or Attorney for Movant*        *Signature of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.PP**

| In re<br>ESCOM, LLC | (SHORT TITLE) | CHAPTER: 11 (Involuntary) |
|---|---|---|
| | Debtor(s). | CASE NO.: 10-bk-13001-GM |

# MOTION FOR RELIEF FROM STAY

## (MOVANT: <u>DOM Partners LLC</u>          )

**1.  The Property at Issue:** Movant moves for relief from the automatic stay with respect to the following personal property (the "Property"):

☐  **Vehicle** *(describe year, manufacturer, type, and model)*:

   *Vehicle Identification Number:*
   *Location of vehicle (if known):*

☐  **Equipment** *(describe manufacturer, type, and characteristics)*:

   *Serial number(s):*
   *Location (if known):*

☒  **Other Personal Property** *(describe type, identifying information, and location)*:
   Domain Name - URL www.sex.com

**2.  Case History:**

a.  ☐ A voluntary   ☒ An involuntary   petition under Chapter   ☐ 7   ☒ 11   ☐ 12   ☐ 13
    was filed on *(specify date)*:

b.  ☐ An Order of Conversion to Chapter   ☐ 7   ☐ 11   ☐ 12   ☐ 13
    was entered on *(specify date)*:

c.  ☐ Plan was confirmed on *(specify date)*:

d.  ☐ Other bankruptcy cases affecting this Property have been pending within the past two years.  See attached Declaration.

**3.  Grounds for Relief from Stay:**

a.  ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

   (1)  ☐ Movant's interest in the Property is not adequately protected.

      (a)  ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.

      (b)  ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

      (c)  ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

      (d)  ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.

   (2)  ☒ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

      (a)  ☒ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

      (b)  ☐ The Property was transferred to Debtor(s) either just before the bankruptcy filing or since the filing.

      (c)  ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

      (d)  ☐ Other bankruptcy cases have been filed asserting an interest in the same Property.

      (e)  ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) has been filed.

*(Continued on next page)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 4 of* *115*   **F 4001-1M.PP**

| | | |
|---|---|---|
| In re<br>ESCOM, LLC | *(SHORT TITLE)* | CHAPTER: 11 (Involuntary) |
| | Debtor(s). | CASE NO.: 10-bk-13001-GM |

    (3) ☐ *(Chapter 12 or 13 cases only)*

        (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

        (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

    (4) ☐ The lease has been rejected or deemed rejected by operation of law.

    (5) ☐ For other cause for relief from stay, see attached continuation page.

  b. ☐ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:**   *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

  a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

  b. ☒ Movant submits the attached supplemental Declaration(s) under penalty of perjury, to provide additional admissible evidence in support of this Motion.

  c. ☐ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit _____ .

  d. ☒ Other evidence *(specify)*: See Exhibit 1-10 to the Declaration of Robert E. Seaman III

6. ☒ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following *(specify forms of relief requested)*:**

1. ☒ Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to repossess and sell the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. Additional provisions requested:

  a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

  b. ☒ That the 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) be waived.

  c. ☒ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

  d. ☐ For other relief requested, see attached continuation page.

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*   **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 5 of 115*        **F 4001-1M.PP**

| In re | (SHORT TITLE) | CHAPTER: 11 (Involuntary) |
|---|---|---|
| ESCOM, LLC | | |
| | Debtor(s). | CASE NO.: 10-bk-13001-GM |

4.   If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: March 26, 2010                    Respectfully submitted,

                                         DOM Partners LLC
                                         *Movant Name*

                                         Nossaman LLP
                                         *Firm Name of Attorney for Movant (if applicable)*

                                         By: _____
                                         *Signature*

                                         Name: Allan H. Ickowitz (SBN 110797)
                                         *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*December 2009*                                                          **F 4001-1M.PP**

Motion for Relief from Stay (Personal Property) - *Page 6 of 115*    **F 4001-1M.PP**

| | |
|---|---|
| In re (SHORT TITLE)<br>ESCOM, LLC<br><br>Debtor(s). | CHAPTER: 11 (Involuntary)<br><br>CASE NO.: 10-bk-13001-GM |

## PERSONAL PROPERTY DECLARATION
### (MOVANT: DOM Partners LLC )

I, Robert E. Seaman III , declare as follows:
*(Print Name of Declarant)*

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the personal Property that is the subject of this Motion ("Property") because *(specify)*:

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☐ I am employed by Movant as *(state title and capacity)*:

    ☒ Other *(specify)*: I am counsel for the Movant [See Supplemental Declaration of Robert E. Seaman III]

2.  I am one of the custodians of the books, records and files of Movant as to those books, records and files that pertain to loans, leases, or extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3.  The Property that is the subject of this Motion is:

    ☐ Vehicle *(describe manufacturer, type, model, and year)*:

    > Vehicle Identification Number:
    > Location of vehicle (if known):

    ☐ Equipment *(describe manufacturer, type, and characteristics)*:

    > Serial number(s):
    > Location (if known):

    ☒ Other Personal Property *(describe type, identifying information, and location)*:
    > Domain Name - URL www.sex.com

4.  Debtor(s) ☐ listed the Property on Schedule B ☐ did not list the Property on Schedule B.

5.  The nature of Debtor's(s') interest in the Property is:

    a. ☒ Sole owner

    b. ☐ Co-owner

    c. ☐ Lessee

    d. ☐ Other *(specify)*:

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

December 2009                                                                                  **F 4001-1M.PP**

| In re | (SHORT TITLE) | CHAPTER: 11 (Involuntary) |
|---|---|---|
| ESCOM, LLC | | |
| | Debtor(s). | CASE NO.: 10-bk-13001-GM |

6. The lease was rejected on _____ *(specify date)*:

    a. ☐ by operation of law.

    b. ☐ by Order of the Court.

7. Movant has a perfected security interest in the Property.

    a. The Property is a motor vehicle, boat, or other property for which a Title Certificate is provided for by state law. True and correct copies of the following items are attached to this Motion:

        (1) ☐ Certificate of Title *("Pink Slip")* attached as Exhibit _____ .

        (2) ☐ Vehicle or other Lease Agreement attached as Exhibit _____ .

        (3) ☒ Security Agreement attached as Exhibit 2_____ .

        (4) ☐ Other evidence of perfection attached as Exhibit _____ .

    b. The Property is equipment, intangibles, or other personal property for which a Title Certificate is not provided for by state law. True and correct copies of the following items are attached:

        (1) ☐ Security Agreement attached as Exhibit _____ .

        (2) ☒ UCC-1 Financing Statement attached as Exhibit 3_____ , as recorded on *(specify date)*:January 31, 2006

        (3) ☐ UCC Financing Statement search results attached as Exhibit _____ .

        (4) ☐ Results of search of recorded or filed leases attached as Exhibit _____ .

        (5) ☐ Other evidence of perfection of a security interest attached as Exhibit _____ .

    c. The Property is consumer goods. True and correct copies of the following items are attached:

        (1) ☐ Credit Application attached as Exhibit _____ .

        (2) ☐ Purchase Agreement attached as Exhibit _____ .

        (3) ☐ Account Statement showing payments made and balance due attached as Exhibit _____ .

        (4) ☐ Other evidence of perfection of a security interest *(if necessary under state law)* attached as Exhibit _____ .

    d. ☒ Other liens against the Property are set forth on the attached continuation page.

8. Status of Movant's debt:

    a. A true and correct copy of the promissory note or other document that evidences the debt owed by Debtor(s) to Movant is attached as Exhibit 1_____ .

    b. Amount of current monthly payment:  $

    c. Number of payments that have come due and were not made:

    d. Last payment received on *(specify date)*:

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION payment history that accurately reflects the dates and amounts of all payments made by the Debtor(s) since the petition date.

10. Amount of Movant's debt:

    a. Principal: $ 3,000,000
    b. Accrued Interest: $ 932,264
    c. Costs (Attorney's Fees, Late Charges, Other Costs): $ 381,012
    d. Advances (Property Taxes, Insurance): $
    e. TOTAL CLAIM as of March 17, 2010 : $ 4,313,276

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Personal Property) - *Page 8 of 11.5*          **F 4001-1M.PP**

| In re                      (SHORT TITLE) | CHAPTER: 11 (Involuntary) |
|---|---|
| ESCOM, LLC | |
| Debtor(s). | CASE NO.: 10-bk-13001-GM |

f.  Future payments due by time of anticipated hearing date *(if applicable)*:
An additional payment of $ _____ n/a will come due on _____ , and on the _____ day of
each month thereafter. If the payment is not received by the _____ day of the month, a late charge of
$ _____ would be due under the terms of the loan.

11. ☐   *(Chapter 7 and 11 cases only)*  The fair market value of the Property is: $ _____ n/a . This valuation is based
upon the following supporting evidence:

a. ☐   This is the value indicated for collateral of this year, make, model, and general features in the reference guide most commonly
used source for valuation data used by Movant in the ordinary course of its business for determining the value of this type of
collateral. True and correct copies of the relevant excerpts of the most recent edition are attached as Exhibit _____.

b. ☐   This is the value determined by an appraisal or other expert evaluation.  A true and correct copy of the expert's report or
declarations attached as Exhibit _____ .

c. ☐   Debtor's(s') admissions in the Schedules filed in the case.  A true and correct copy of the relevant portions of the Debtor's(s')
Schedules are attached as Exhibit _____.

d. ☐   Other basis for valuation *(specify)*:

> **NOTE:**   *If valuation is contested, supplemental declarations providing additional foundation for the opinions of value should be
> submitted.*

12. Calculation of equity in Property:

a.  By subtracting the total amount of all liens from the value of the Property as set forth in Paragraph 11 above, I calculate that the
Debtor's(s') equity in the Property is $ _____ (§ 362(d)(2)(A)).

b.  I calculate that the value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is
$ _____ (§ 362(d)(1)).

13. ☐   The fair market value of the Property is declining based on/due to: n/a _____
_____

14. ☐   *(Chapter 12 or 13 cases only)*  Chapter 12 or 13 case status information:

a.  341(a) Meeting currently scheduled for (or concluded on) the following date:
Confirmation hearing currently scheduled for (or concluded on) the following date:
Plan confirmed at hearing on the following date *(if applicable)*:

b.  Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| *(Number of)* _____ payment(s) due at $ _____ | each | = | $ _____ |
|---|---|---|---|
| *(Number of)* _____ payment(s) due at $ _____ | each | = | $ _____ |
| *(Number of)* _____ late charge(s) at  $ _____ | each | = | $ _____ |
| *(Number of)* _____ late charge(s) at $ _____ | each | = | $ _____ |

c.  Postpetition/preconfirmation advances or other charges due but unpaid:          $ _____
(See attachment for details of type and amount.)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**   $ _____

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay (Personal Property) - *Page 9 of* 115    **F 4001-1M.PP**

| In re (SHORT TITLE) | CHAPTER: 11 (Involuntary) |
|---|---|
| ESCOM, LLC | |
| Debtor(s). | CASE NO.: 10-bk-13001-GM |

d.    Postconfirmation/payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

| *(Number of)* _____ | payment(s) due at $ _____ | each | = | $ _____ |
|---|---|---|---|---|
| *(Number of)* _____ | payment(s) due at $ _____ | each | = | $ _____ |
| *(Number of)* _____ | late charge(s) at $ _____ | each | = | $ _____ |
| *(Number of)* _____ | late charge(s) at $ _____ | each | = | $ _____ |

e.    Postconfirmation advances or other charges due but unpaid:                $ _____
      (See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:**                $ _____

f.    ☐  The claim is provided for in the Chapter 12 or 13 Plan.  Plan payment history is attached as Exhibit _____.

g.    ☐  See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan. *(attach Court Form F 4001-1M.13).*

15. ☐  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

16. ☐  Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions that were taken after the filing of the bankruptcy petition in this case.

a.    ☐  These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

b.    ☐  For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** March 26 _____, 2010 , at Fort Lee, New Jersey _____ **(city, state).**

Robert E. Seaman III _____
*Print Declarant's Name*

Signature of Declarant

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Motion for Relief from Stay - *Page* __10__ *a of* __115__          **F 4001-1M.ER**

| In re<br>ESCOM, LLC | (SHORT  TITLE)<br><br>Debtor(s). | CHAPTER: 11 (Involuntary)<br>CASE NO.:10-bk-13001-GM |
|---|---|---|

## *(OPTIONAL)*
## EXTRAORDINARY RELIEF ATTACHMENT
### (MOVANT: <u>DOM Partners, LLC</u>          )

*(This Attachment is the continuation page for Paragraph _____ of the Relief From Stay Motion)*

Based upon evidence of efforts by Debtor(s) or others acting in concert with Debtor(s) to delay, hinder or defraud Movant by abusive bankruptcy filings or otherwise, Movant also asks that the Order include the following provisions:

1. [X] That the Order be binding and effective in any bankruptcy case commenced by or against the above-named Debtor(s) for a period of 180 days, so that no further automatic stay shall arise in that case as to the Property.

2. [X] That the Order be binding and effective in any bankruptcy case commenced by or against any successors, transferees, or assignees of the above-named Debtor(s) for a period of 180 days from the hearing of this Motion
   [X] without further notice.
   [ ] upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

3. [X] That the Order be binding and effective in any bankruptcy case commenced by or against any Debtor(s) who claim(s) any interest in the Property for a period of 180 days from the hearing of this Motion
   [X] without further notice.
   [ ] upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

4. [X] That the Order be binding and effective in any future bankruptcy case, no matter who the Debtor(s) may be
   [X] without further notice.
   [ ] upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

5. [X] That the Debtor(s) be enjoined from transferring all or any portion of the Property for a period of 180 days from the hearing of this Motion, and any transfer in violation of this Order be deemed void.

6. [ ] That the Sheriff or Marshal may evict the Debtor(s) and any other occupant from the subject Property regardless of any future bankruptcy filing concerning the Property for a period of 180 days from the hearing of this Motion
   [ ] without further notice.
   [ ] upon recording of a copy of this Order or giving appropriate notice of its entry in compliance with applicable non-bankruptcy law.

7. [ ] Other *(specify)*:

This form is OPTIONAL TO THE JUDGE and may only be used if the judge to whom the case
has been assigned allows such extraordinary relief to be requested by motion.  Many judges require the filing
of an adversary proceeding to obtain some or all of these forms of relief.

BK350ER

1  NOSSAMAN LLP
   Allan H. Ickowitz (SBN 80994)
2  John W. Kim (SBN 216251)
   445 South Figueroa Street, 31st Floor
3  Los Angeles, CA  90071
   Telephone: 213-612-7849
4  Facsimile: 213-612-7801
5  aickowitz@nossaman.com; jkim@nossaman.com

6  -and-

7  WINDELS MARX LANE & MITTENDORF, LLP
   Alan Nisselson, Esq.
8  Scott R. Matthews, Esq.
   156 West 56th Street
9  New York, New York 10019
   Telephone: (212) 237-1000
10 Facsimile: (212) 262-1215
11 anisselson@windelsmarx.com; smatthews@windelsmarx.com

12 Attorneys for DOM Partners LLC

13

14             UNITED STATES BANKRUPTCY COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16                 LOS ANGELES DIVISION

17 | In re:                          | Involuntary Chapter 11 Petition
18 |
   | ESCOM, LLC,                     | Case No. 10-bk-13001-GM
19 |
   |              Debtor.            | **MEMORANDUM OF POINTS AND AUTHORITIES**
20 |                                 | **IN SUPPORT OF DOM PARTNERS LLC'S**
   |                                 | **MOTION FOR RELIEF FROM THE AUTOMATIC**
21 |                                 | **STAY PURSUANT TO 11 U.S.C. § 362(d)(1);**
   |                                 | **SUPPLEMENTAL DECLARATION OF ROBERT E.**
22 |                                 | **SEAMAN III**
23 |
   |                                 | [Notice of Motion and Motion for Stay Relief with
24 |                                 | Declaration of Robert E. Seaman III Filed Concurrently
   |                                 | Hereto]
25 |
26 |                                 | **HEARING**
   |                                 | Date:   April 20, 2010
27 |                                 | Time:   10:00 a.m.
   |                                 | Judge:  Hon. Geraldine Mund (Crtm. 303)
28 |                                 | Place:  21041 Burbank Blvd
   |                                 |         Woodland Hills, CA

384410_1.DOC                           11
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOM PARTNERS LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

# TABLE OF CONTENTS

Page

I.     PRELIMINARY STATEMENT. ...........................................................................1

II.    SUMMARY OF FACTUAL BACKGROUND. ...............................................2

  A.    THE HISTORY OF THIS DISPUTE. .........................................................2

  B.    THE FACTS LEADING UP TO THE FILING OF THE PETITION. ......................4

  C.    THE AUCTION IS THE MOST LIKELY METHOD TO SECURE FUNDS
        SUFFICIENT TO SATISFY ESCOM'S SECURED CREDITORS.........................7

III.   ARGUMENT..................................................................................................8

IV.    CONCLUSION..............................................................................................9

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOM PARTNERS LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

# TABLE OF AUTHORITIES

Page

**Cases**

*In re Carl Richard Dulisse*
  2001 U.S. Dist. LEXIS 9307 (E.D.Pa. July 5, 2001)..................................................8

*In re Gauvin*
  24 B.R. 578 (B.A.P. 9th Cir. 1982) .............................................................................9

*In re Laguna Assoc. Ltd. Partnership*
  30 F.3d 734 (6th Cir.1994) .........................................................................................8

*In re Mac Donald*
  755 F.2d 715 (9th Cir. 1985) ......................................................................................8

*In re Rule, Ltd.*
  41 B.R. 153 (Bankr. D. Hawaii 1984) .........................................................................9

*In re San Clemente Estates*
  5 B.R. 605 (Bankr. S.D. Cal. 1980) ............................................................................8

*In re Trident,*
  52 F.3d 127 (6th Cir. 1995) ........................................................................................8

**Statutes and Rules**

11 U.S.C. § 105(a) .........................................................................................................8

11 U.S.C. § 362(g) .........................................................................................................9

Bankruptcy Code § 362(d)(1) ...............................................................................1, 8, 9

Federal Rules of Bankruptcy Procedure 4001 and 9014 ...............................................1

Federal Rules of Bankruptcy Procedure 9014 ...............................................................1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOM PARTNERS LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

## IN SUPPORT OF MOTION FOR STAY RELIEF

3      DOM Partners LLC ("**DOM**"), a secured creditor of the alleged Debtor, ESCOM, LLC

4  ("**ESCOM**"), by and through its undersigned counsel, submits this memorandum of points and

5  authorities in support of its motion (the "**Motion**") for the entry of an Order pursuant to Bankruptcy

6  Code § 362(d)(1) and Federal Rules of Bankruptcy Procedure 4001 and 9014, granting DOM relief from

7  the automatic stay to allow it to proceed with a pending UCC foreclosure auction of collateral that

8  secures ESCOM's debt obligations to DOM.    This Motion is supported by the accompanying

9  supplemental declaration of Robert E. Seaman III, an attorney and authorized representative of DOM

10  (the "**Seaman Declaration**").

11  **I.    PRELIMINARY STATEMENT.**

12      The involuntary petition commencing this bankruptcy case was filed in bad faith in order to

13  hinder and delay DOM's collection of its secured claim and to force it to settle its claim for less than the

14  full sum.  To accomplish that objective, the Petition was filed collusively by Mike Mann ("**Mann**"),

15  who signed the Petition for and controls all three Petitioners, Washington Technology Associates, LLC

16  ("**WTA**"), iEntertainment, Inc. ("**iEntertainment**"), and AccountingMatters.com, LLC

17  ("**AccountingMatters**") (collectively, "**Petitioners**"), and through his company WTA, is a Manager,

18  Founder, Member, secured creditor and equity investor of ESCOM.  Mann has for the past year

19  prevented DOM from collecting its overdue claim against ESCOM.  After all settlement discussions

20  were exhausted, and because ESCOM may not file a voluntary petition without DOM's consent, Mann

21  engineered the ESCOM involuntary bankruptcy filing on the eve of DOM's foreclosure sale of

22  ESCOM's sole substantial asset.  For example, Mann caused ESCOM to withhold payment of

23  AccountingMatter's invoices in order to manufacture an unpaid claim to "qualify" AccountingMatters as

24  a petitioning creditor, even though representatives of WTA, iEntertainment and AccountingMatters

25  admitted that ESCOM has enough cash to pay that claim.  The involuntary petition automatically stayed

26  the UCC foreclosure auction sale that DOM had heavily advertised, and which received substantial

27  international press and interest, and was anticipated to be very successful.  Indeed, DOM's attorneys

28  received several one million dollar deposits from bidders qualifying to bid at the public foreclosure

1  auction sale, and several competitive bidders had already flown to New York City to participate in the

2  auction sale. DOM's collateral is worth millions of dollars, likely sufficient to satisfy the first tier

3  secured claims against ESCOM. Yet, to obtain a disproportionate advantage over DOM, Mann caused

4  this involuntary case to be filed. Cause thus exists pursuant to Bankruptcy Code § 362(d)(1) to grant

5  DOM relief from the automatic stay to conduct the auction sale of ESCOM's Domain Name because of

6  the Petitioners' bad faith resort to chapter 11.

7  **II.    SUMMARY OF FACTUAL BACKGROUND.**

8         1.      On March 17, 2010, the involuntary chapter 11 petition (the "**Petition**") commencing this

9  bankruptcy case was filed by three purported and related petitioners, Washington Technology

10 Associates, LLC ("**WTA**"), iEntertainment, Inc. ("**iEntertainment**"), and AccountingMatters.com, LLC

11 ("**AccountingMatters**") (collectively, "**Petitioners**"). The Petition automatically stayed the UCC

12 foreclosure auction sale that DOM had scheduled and heavily advertised and publicized for the next day,

13 March 18, 2010. The Petitioners and ESCOM are all related and controlled by one person, Mike Mann

14 ("**Mann**") who has prevented DOM from collecting on its justly due debt for over a year. ESCOM

15 could not file a voluntary bankruptcy petition without DOM's consent, so Mann attempted to

16 manufacture jurisdiction before this Court by causing the involuntary Petition to be filed as a last ditch

17 attempt to invoke the automatic stay to stop the auction sale. Accordingly, DOM seeks relief from the

18 automatic stay for cause based on the Petitioners' bad faith.

19        **A.    THE HISTORY OF THIS DISPUTE.**

20        2.      DOM is a Delaware limited liability company formed for the purpose of lending monies

21 to and making an equity investment in ESCOM. DOM is a Manager, Founder, Member, secured

22 creditor and equity investor of ESCOM.

23        3.      ESCOM is a Delaware limited liability company formed for the purpose of operating a

24 business whose substantially sole asset is the Internet domain name and related INTERNIC registration

25 of the URL www.sex.com (the "**Domain Name**"). All of ESCOM's revenues are derived through

26 operation of the Domain Name.

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOM PARTNERS LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

4.    DOM originally lent $1,500,000 to ESCOM pursuant to a Convertible Promissory Note dated as of January 12, 2006 (the "**Convertible Loan**"). Thereafter, a third-party investor satisfied the Convertible Loan, which is no longer owed to DOM.

5.    Also on January 12, 2006, DOM lent $3,000,000 to ESCOM pursuant to a Secured Promissory Note (the "**Secured Note**"). ESCOM's obligations under the Secured Note are secured by collateral consisting of the Domain Name and all tangible and intangible property of ESCOM, as more fully stated in that certain Security Agreement dated as of January 12, 2006 (the "**Security Agreement**"). DOM perfected its security interest in the collateral by the filing of a UCC Financing Statement on January 31, 2006 (the "**UCC Financing Statement**"). Finally, DOM also invested $1,000,000 in ESCOM (the "**Equity Investment**").

6.    On January 12, 2009, the Secured Note, and obligations thereunder, became due and payable to DOM, and ESCOM failed to make payment to DOM. On January 13, 2009, DOM gave notice of default to ESCOM.

7.    As of the date of the involuntary Petition, ESCOM is indebted to DOM in the approximate aggregate amount of $4,313,276.16, comprised of principal of $3,000,000, interest and late fees of $932,264.06, and fees, costs and charges permitted under the Secured Note and the Security Agreement, including, without limitation, auctioneer, advertising and attorneys' fees and expenses of $381,012.10.

8.    DOM was not the only source of funding for ESCOM. Indeed, on the same day that DOM lent monies to ESCOM, one of the Petitioners, WTA, made a secured loan to ESCOM in the amount of $5,000,000 (the "**WTA Loan**"). WTA and DOM are both first priority secured lenders, having agreed with ESCOM to share in the repayment of their loans *pari passu*, as recorded in the UCC Financing Statement and the UCC Financing Statement filed on behalf of WTA. Like DOM, WTA also made an equity investment of $1,000,000 in ESCOM, and is a Manager, Founder, Member, secured creditor and equity investor of ESCOM.

9.    Additional investments in ESCOM were made by (a) an entity named "Nuthin' But Net", which satisfied the Convertible Loan made by DOM to ESCOM in exchange for what is now an equity investment in ESCOM, (b) an entity named "I95 Investment Group", which made an equity investment

1    in the amount of $400,000 in ESCOM, and (c) another of the Petitioners, iEntertainment, converted a

2    right to receive future revenues into a $2,500,000 subordinate secured loan that is junior to the secured

3    interests held by DOM and WTA.  iEntertainment paid no monies to ESCOM in exchange for its

4    security interest.

5        10.    Accordingly, ESCOM's secured indebtedness aggregates the approximate amount of

6    $14,397,594.84 million, the amounts and priorities of which may be summarized as follows:

7        (i) and (ii)    DOM: $4,313,276.16, and WTA: $6,607,803.66 (per the Petition),
8                *pari passu*; and

9        (iii)    iEntertainment: $3,476,515.02 (per the Petition).

10    **B.    THE FACTS LEADING UP TO THE FILING OF THE PETITION.**

11        11.    Pursuant to ESCOM's governing corporate documents, ESCOM is required to be

12    managed by its three Managers:  (a) DOM, (b) WTA, and (c) Domain Name Acquisition Group

13    ("**DNAG**").  As reflected in Article V, § 5.03 of Exhibit 6, ESCOM may not file a voluntary bankruptcy

14    petition without the unanimous consent of its Managers.

15        12.    In reality, WTA manages ESCOM.  On information and belief, ESCOM's only employee

16    and Chief Executive Officer, Del Anthony ("**Anthony**"), reports to and receives instruction from

17    WTA's Chairman, Mann.  On information and belief, Mann, the person who signed the Petition as

18    "Chairman" on behalf of all of the Petitioners WTA, iEntertainment and AccountingMatters, also

19    controls or has an interest in the following companies that have done or currently do business with

20    ESCOM, including AccountingMatters, SEO.com, DomainMarket.com, Graphics.net, Weblive.com,

21    Tasty.com, and Yield Software.

22        13.    Since ESCOM's default of the Secured Note on January 12, 2009, DOM's

23    representatives have attempted to negotiate with representatives of WTA and iEntertainment to

24    determine the best possible method to cure the defaults and monetize ESCOM to satisfy the secured

25    claims of its creditors.  Unfortunately, these negotiations were unsuccessful.  DOM proposed various

26    alternative transactions, including: (a) the sale of the Domain Name via private sale in which all secured

27    creditors and equity participants agree on the sale metrics; (b) the sale of DOM's debt and/or equity

28    positions to WTA; and/or (c) the sale of WTA's debt and/or equity positions to DOM.  DOM even

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOM PARTNERS LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

1  deposited $6,000,000 into its counsel's attorney escrow account to purchase WTA's position. Mann has

2  frustrated all of DOM's efforts to facilitate a transaction by which at least ESCOM's secured creditors

3  would be repaid, including a proposed transaction that would have resulted in the repayment, in full, of

4  all of the debts owed to the secured creditors *and* the repayment of the investments made by all of

5  ESCOM's equity participants.

6        14.    Accordingly, on February 12, 2010, after more than a year since ESCOM's default and

7  failure to pay any monies to DOM, DOM served Notice of Foreclosure Sale pursuant to Article 9 of the

8  Uniform Commercial Code for an auction to be held on March 18, 2010 at DOM's outside attorney's

9  office in New York City (the "**Auction**"). DOM retained licensed auctioneers, David R. Maltz & Co.,

10  Inc. (Richard B. Maltz, DCA #1240836 and David R. Maltz, DCA #762794) (the "**Auctioneer**"), to sell

11  the Domain Name at public auction to the highest bidder.

12        15.    Upon receipt of the Notice of Foreclosure Sale, Mann's representatives went through the

13  motions of attempting to negotiate a resolution of the dispute. Mann's representatives indicated that

14  Mann was interested in purchasing DOM's Secured Note to avoid the Auction. DOM was ready,

15  willing and able to sell its debt to WTA or any other entity through which Mann wanted to buy it, and

16  requested assurances that Mann had sufficient capital to complete the purchase. Typical of his actions to

17  date, Mann was unable provide any such assurances. Accordingly, DOM's counsel advised Mann's

18  counsel that DOM would proceed with the Auction in an effort to satisfy its claim.

19        16.    DOM and the Auctioneer advertised the Auction via legal notice and advertisement in

20  *The Wall Street Journal* and *The New York Times*. The Auctioneer also advertised the Auction via its

21  website at www.MaltzAuctions.com. As a result of these efforts, the following mainstream and Internet

22  media outlets, among others, reported on the Auction: *Reuters*, *Wall Street Journal*, National Public

23  Radio, *New York Post*, *New York Daily News*, *The Baltimore Sun*, *The Independent*, *Chicago Daily*

24  *Herald*, *The Washington Post*, CNN TV, CNNMoney.com, CNBC, *The Belfast Telegraph*, *Domain*

25  *Name Journal*, *Domain Name News*, WCBS News Radio 880, *The Daily Contributor*, stv.tv, Poker 777,

26  *Bluff Magazine*, PokerListings.com, PokerHeadline.com, DaniWeb, CircleID, LittleAbout, CNET,

27  IDNBlog, *The Inquirer*, TECH.BLORGE.com, XBIZ, Newswire, Elliot's Blog, Techie Buzz, iT News,

28  Stuff.co.nz, mediabistro.com (blog), *Times Online*, *Times of India*.

---

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOM PARTNERS LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

17.    Scores of potential bidders, including international individual investors, domain name industry executives, adult entertainment industry companies, media companies and private investor groups, expressed an interest in bidding at the Auction. Indeed, interest was so high that DOM anticipated that ESCOM's first priority secured obligations (DOM and WTA) would be satisfied through the sale of the Domain Name at the Auction.

18.    Shortly before the Auction, on March 16, 2010, Anthony sent an email to representatives of DOM, DNAG and WTA, advising that ESCOM had retained a prominent national bankruptcy firm to consult about "insolvency" issues. DOM's counsel's response, *inter alia*, reminded Anthony that unanimous consent was required for ESCOM to file a voluntary bankruptcy petition.

19.    Accordingly, because all other efforts to retain control over the Domain Name failed, Mann caused WTA, iEntertainment and AccountingMatters to file the involuntary Petition at 12:23 p.m. PST on Wednesday, March 17, 2010, less than 24 hours before the scheduled Auction. By this time, DOM's counsel had already qualified several bidders to participate at the Auction through acceptance from each of $1,000,000 to be held in escrow pending the results of the Auction, and at least three individuals had traveled to New York to participate in the Auction to be held the next morning on Thursday, March 18, 2010.

20.    The Petitioners have no legitimate basis to file the Petition. According to a news report published by the *Associated Press*, Mann acknowledged that he caused the Petition to be filed to "stop the auction". Mann is quoted as saying: "It's the most valuable domain in the world. They were throwing away the world's most valuable domain asset." WTA and iEntertainment have claimed to be owed monies since January 12, 2009, but have done nothing to enforce their claims, preferring instead to allow the status quo to remain and to prevent DOM from collecting on its claim. Now, on the day before the Auction would be held, they initiated an involuntary chapter 11 bankruptcy proceeding to forestall the happening of the only viable means to achieve satisfaction of their claims. At the same time, Mann's other company, AccountingMatters, joined in the filing of the Petition on the basis of a purported claim for $7,800.00, notwithstanding that Mann's representatives informed DOM that ESCOM had over $100,000 in its bank account as recently as January 21, 2010, and, therefore, ESCOM has more than enough money to satisfy a $7,800.00 claim. Mann controls all three of these entities and

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOM PARTNERS LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

1   WTA is an equity holder and Manager.  Petitioners should not be permitted to hold the company hostage

2   and thereby gain an unfair advantage over DOM.

3        21.      Moreover, the auction sale marketing had been tremendously successful.  Numerous

4   bidders had each paid one million dollars to qualify as competitive bidders and had flown to New York

5   City from all over the world to attend and participate in the Auction.  The Auction was widely reported

6   in the global news media and on the Internet, and there was significant excitement that the Domain

7   Name was going to sell for many millions of dollars.  Immediate relief from the automatic stay will

8   permit the sale to resume with that momentum of excitement, which can generate a highly competitive

9   bidding environment.  Permitting the asset to be held by a moribund debtor languishing in bankruptcy

10  without the ability to rehabilitate the asset would not serve the best interests of creditors or the debtor.

11  **C.     THE AUCTION IS THE MOST LIKELY METHOD TO SECURE FUNDS**

12          **SUFFICIENT TO SATISFY ESCOM'S SECURED CREDITORS.**

13       22.      The Auction is the best way to secure a sale price for the Domain Name in sufficient

14  amount to repay the secured creditors.  Upon information and belief, other than the Domain Name and

15  some cash, ESCOM has no substantial assets, little income, and only one employee.  ESCOM has no

16  working capital of its own to finance any development of the Domain Name, much less pay its secured

17  creditors.  ESCOM has been aware of its unpaid obligations since at least January 12, 2009, but has not

18  changed its business plan to generate additional revenues, sought alternative funding sources or

19  otherwise satisfied its creditors.  The sale of the Domain Name is the only way to secure funding to

20  satisfy ESCOM's debts.

21       23.      Every day that ESCOM's case is pending, there is a substantial or continuing diminution

22  of the estate.  The Domain Name is not being used to its maximum advantage and, just as during the pre-

23  petition period, ESCOM is not generating sufficient income to pay its creditors.  Administrative debt

24  will accrue and ESCOM has demonstrated its refusal and inability to implement any business plan to

25  improve the situation.  The secured claims held by DOM and the other secured creditors will continue to

26  accrue while ESCOM keeps their collateral unable to generate income to pay their debts.  Thus, the

27  diminution of the estate is indisputable.

28

384410_1.DOC                          20  7

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOM PARTNERS LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

24.    As noted above, the Auction generated significant interest and was expected to yield a sale price for the Domain Name that would satisfy the company's secured debt obligations. Although the bankruptcy filing has triggered press reports and public statements to the effect that the Domain Name's value has been reduced as a result of the bankruptcy, DOM continues to receive interest from potential purchasers indicating that they would purchase the Domain Name either privately or through an auction. DOM is pursuing these potential transactions; however, the existence of the bankruptcy action prevents consummation.

## III.    ARGUMENT.

DOM seeks relief from the automatic stay pursuant Bankruptcy Code § 362(d)(1) to allow it to proceed with the UCC foreclosure auction to conclusion. For the reasons set forth in Seaman Declaration and accompanying Motion, ESCOM's bad faith filing of this case, "cause" exists pursuant to Bankruptcy Code § 362(d)(1) to grant DOM relief from the stay. *See In re Laguna Assoc. Ltd. Partnership*, 30 F.3d 734, 737 (6th Cir.1994) (there is "no substantive difference between the cause requirement for dismissal of a petition under Section 1112(b) and the cause requirement for relief from an automatic stay under Section 362(d)(1)"); *In re Trident*, 52 F.3d 127 (6th Cir. 1995) (a debtor's bad faith can constitute cause under both §§ 1112(b) and 362(d)(1)); *In re Carl Richard Dulisse*, 2001 U.S. Dist. LEXIS 9307 (E.D.Pa. July 5, 2001) ("Filing a bankruptcy petition in bad faith is sufficient cause for dismissal or relief from an automatic stay.").

Section 362(d)(1) of the Bankruptcy Code allows secured creditors to obtain relief from the automatic stay "for cause." "Cause" is not defined in the Bankruptcy Code, so it must be assessed on a case-by-case, fact-specific basis. *In re Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985). Thus, when considering a relief from stay motion, bankruptcy courts, as courts of equity, will consider the individual circumstances of the parties and weigh the so-called "balance of hurt" that will result from their decision to grant or deny the motion at issue. *In re San Clemente Estates*, 5 B.R. 605, 611 (Bankr. S.D. Cal. 1980) (referring to the equitable role of bankruptcy courts when considering relief from stay motions); and see generally 11 U.S.C. § 105(a). Importantly, the Debtor has the burden of proving "absence of

1   cause" under Section 362(d)(1). *In re Gauvin*, 24 B.R. 578, 580 (B.A.P. 9th Cir. 1982); 11 U.S.C. §

2   362(g).

3        The circumstances described in the Seaman Declaration and in the Motion, and in particular that

4   Mann, who controls both ESCOM and all of its creditors other than DOM, signed the involuntary

5   petition to circumvent ESCOM's contractual inability to file a voluntary petition, are strong indications

6   of a bad faith filing that constitute cause to grant relief from the automatic stay. *In re Rule, Ltd.*, 41 B.R.

7   153 (Bankr. D. Hawaii 1984) (involuntary chapter 11 petition not filed in good faith and secured creditor

8   entitled to relief from stay where officer of debtor corporation joined involuntary petition in attempt to

9   act quickly to avoid foreclosure sale scheduled for same day that involuntary petition was filed and

10  officer admitted inability to timely file voluntary chapter 11 petition).

11  **IV.    CONCLUSION.**

12       Accordingly, for all of the foregoing reasons, DOM respectfully requests that the Court (a) grant

13  DOM relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(1) to permit DOM to

14  proceed with the UCC auction sale to conclusion, and (b) grant such further and other relief as is just

15  and proper.

16  Dated: March 26, 2010                    NOSSAMAN LLP
                                             Allan H. Ickowitz
17                                           John W. Kim

18                                           - AND -

19                                           WINDELS MARX LANE & MITTENDORF, LLP
20                                           Alan Nisselson
                                             Scott R. Matthews
21

22                                           By: _____
23                                                    JOHN W. KIM
                                             Attorneys for DOM Partners, LLC
24

25

26

27

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DOM PARTNERS LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)