1    SUSAN I. MONTGOMERY (State Bar No. 120667)
     1925 Century Park East, Suite 2000
2    Los Angeles, CA 90067
3    Telephone:  (310) 556-8900
     Fax:  (310) 556-8905
4
     MEISTER SEELIG & FEIN LLP
5    Lawrence F. Morrison, Esq.
     140 East 45th Street, 19th Floor
6    New York, NY  10017
7    Telephone:  (212) 655-3500

8
     Counsel for WASHINGTON
9    TECHNOLOGY ASSOCIATES, LLC;
     iENTERTAINMENT, INC; and
10   ACCOUNTINGMATTERS.COM, LLC

11                  UNITED STATES BANKRUPTCY COURT

12                  CENTRAL DISTRICT OF CALIFORNIA

13                  SAN FERNANDO VALLEY DIVISION

14

15   In re                          )   INVOLUNTARY CHAPTER 11 PETITION
16                                   )
     ESCOM, LLC,                     )   CASE NO.:  1:10-bk-13001-GM
17                                   )
18              Debtor.             )   **MEMORANDUM OF POINTS AND**
                                     )   **AUTHORITIES IN OPPOSITION TO**
19                                   )   **MOTION OF DOM PARTNERS LLC FOR**
                                     )   **RELIEF FROM THE AUTOMATIC STAY**
20                                   )   **PURSUANT TO 11 U.S.C. § 362(d)(1);**
                                     )   **DECLARATION OF MICHAEL MANN;**
21                                   )   **EXHIBITS**
22                                   )
                                     )   HEARING
23                                   )
                                     )
24                                   )   Date:  April 20, 2010
                                     )   Time: 10:00 a.m.
25                                   )   Place: Courtroom 303
26   _____

27

28

1

2    **TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY**

3    **JUDGE, TO DOM PARTNERS, LLC AND ITS ATTORNEYS OF RECORD:**

4    Washington Technology Associates, LLC; iEntertainment, Inc.; and

5    AccountingMatters.com, LLC, (the "Petitioning Creditors"), submit this opposition to the

6    motion for relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) ("Motion") filed

7    by DOM Partners, LLC ("DOM").  DOM has failed to establish any basis upon which relief

8    can be granted.  The Motion should be denied as it is not in the best interest of Debtor's

9    creditors.

10    **I.    INTRODUCTION**

11    By its Motion, DOM argues that relief from stay is appropriate to allow it to proceed

12    to auction off Debtor's valuable assets without regard to whether the proposed auction

13    process and auctioneer will achieve the best result for the Debtor's creditors.

14    DOM alleges that the petition was filed in bad faith with no supporting basis. In

15    actuality, the Petitioning Creditors filed the motion to enable the Debtor's assets to be sold

16    free and clear of all liens and encumbrances pursuant to 11 U.S.C. § 363 and to achieve the

17    highest and best value to creditors. A liquidating chapter 11 plan can be filed with the

18    proceeds from the section 363 sale. As set forth in the attached declaration of Tim

19    Schumacher, ("Schumacher Declaration"), the Debtor owns an extremely valuable domain

20    name called sex.com. It is worth at least $14,000,000.00 to $16,000,000.00.

21    **II.    STATEMENT OF FACTS: PROCEDURAL HISTORY**

22    On March 17, 2010, the three Petitioning Creditors filed an involuntary bankruptcy

23    petition in the United States Bankruptcy Court, Central District of California.  Debtor has

24    until April 12, 2010 to file an answer or otherwise contest the involuntary petition.  Not

25    waiting for the Debtor to determine how to proceed, on March 26, 2010, DOM filed its

26    motion for relief from stay which is scheduled on April 20, 2010.

27    On January 12, 2006, Washington Technology Associates, LLC ("WTA") made a

28    secured loan to Escom in the amount of $5,000,000.00 (the "WTA Loan"). WTA is a first

1  priority secured lender which has been acknowledged by DOM to share an equal priority

2  security interest in all of the Debtor's assets.  DOM acknowledges that petitioners

3  iEntertainment, Inc. and AccountingMatters.com, LLC are also creditors of the debtor,

4  iEntertainment, Inc. being a secured creditor.

5         On or about February 17, 2010, Dom caused a UCC foreclosure notice to be sent to

6  the Debtor and creditors by New York State auctioneer David R. Maltz & Co. ("Maltz")

7  scheduling a UCC auction sale to occur on March 18, 2010 at the offices of Windels Marx.

8  A copy of the UCC foreclosure notice is attached hereto as Exhibit "A."  In the opinion of

9  the Petitioning Creditors, Maltz does not have expertise in the sale of super premium

10  domain names such as sex.com (widely reported to be one of the most valuable domain

11  names in the world) and an auction by Maltz will not achieve the highest and best value for

12  the benefit of the Debtor and its creditors. The involuntary petition was filed on March 17,

13  2010 to stay the auction and allow the sale to be quickly and efficiently conducted under the

14  supervision of the Bankruptcy Court.

15         On or about March 26, 2010, DOM caused to be filed the Memorandum of Points

16  and Authorities in Support of DOM Partners LLC's Motion for Relief from the Automatic

17  Stay Pursuant to 11 U.S.C. Section 362(d)(1) and Supplemental Declaration of Robert E.

18  Seaman III.

19         It is in the best interest of creditors that stay relief be denied and that a fast, efficient

20  and commercially favorable process be undertaken under the supervision of the Bankruptcy

21  Court.

22  **III.    DISCUSSION**

23         11 U.S.C. Section 362(d)(1) provides:

24             "On request of a party in interest and at the notice and a hearing,

25             the Court shall grant relief from the stay provided under

26             subsection of this section such as terminating, annulling,

27             modifying or conditioning the stay – (i) for cause including the

28             lack of adequate protection of an interest in property of such

1                       party in interest. . ."

2          Section 362(d) enumerates the basis upon which a creditor or party in interest may be

3 granted relief from the automatic stay. Pertinent to the instant Motion are the provisions of

4 §362(d)(1) which provides that "the court shall grant relief from the stay provided under

5 subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning

6 the stay . . . . for cause, including the lack of adequate protection of an interest in property

7 of such party in interest." 11 U.S.C. §362(d)(1). The Bankruptcy Code does not define the

8 term "cause" however, the legislative history provides some guidance in that the "facts of

9 each request will determine whether relief is appropriate under the circumstances." In re

10 Sonnax Industries, Inc., 907 F.2d 1280, 1286 (2d Cir. 1990)(quoting H.R. Rep. No. 595,

11 95th Cong. 2d Sess. 343-44, reprinted in 1978 U.S. Code Cong. & Admin. News (6300).

12 The burden of proof on a motion seeking modification of the automatic stay is a shifting

13 one: the movant has the initial burden of showing that "cause" exists and, once established,

14 the burden shifts to the party opposing stay relief to disprove its existence. In re Mazzeo,

15 167 F.3d 139, 142 (2d Cir. 1999).

16          Additionally, pursuant to §362(d)(2), a party is entitled to relief from the automatic

17 stay of an act against property upon a showing that: (i) the debtor does not have an equity in

18 such property (§365(d)(2)(A)); and (ii) such property is not necessary for an effective

19 reorganization (§365(d)(2)(B)). In order to prevail on such a motion, a secured creditor must

20 demonstrate: (i) the amount of its claim; (ii) that its claim is secured by a valid, perfected

21 lien against property of the estate; and (iii) that the debtor lacks equity in the property. In re

22 Elmiro Litho, Inc., 174 B.R. 892, 900 (Bankr. S.D.N.Y. 1994). Under §362(d)(2)(A),

23 "equity" means the difference between the value of the property and the total amount of

24 claims that it secures. Id. At 901 (citing In re Diplomat Electronics, 82 B.R. 688,692

25 (Bankr. S.D.N.Y. 1988)). While the movant bears the burden of establishing that the debtor

26 lacks equity in the property, the debtor bears the burden on the issue of whether such

27 property is necessary to an effective reorganization. See 11 U.S.C. §362(g); United Sav.

28 Ass'n of Texas v. Timbers of Inwood Forest Assocs., Ltd., 484 U.S. 365, 375-6 (1988).

1    Both subsections of §365(d)(2) of the Bankruptcy Code must be fully satisfied before relief

2    from the stay can be granted. In re New Era Co., 125 B.R. 725, 728 (Bankr. S.D.N.Y.

3    1991).

4         DOM has failed to demonstrate its alleged entitlement to relief from the automatic

5    stay so as to foreclose upon its alleged lien against the Collateral. The value of the domain

6    name sex.com has been estimated to be worth between $14,000,000.00 and $16,000,000.00

7    (See Schumacher Declaration.) The secured creditors are (1) Washington Technology

8    Associates, LLC with a claim of $6,645,074.00; (2) DOM Partners, LLC with a claim of

9    $3,971,244.00; and (3) iEntertainment, Inc. with a claim of $3,496,124.00 for a total of

10    $14,112,442.00. Based upon the Schumacher Declaration, the moving party will be

11    adequately protected as it is anticipated that the value is between $14,000,000.00 and

12    $16,000,000.00.

13         DOM has failed to meet its burden of establishing the validity and amount of its

14    alleged secured claim. DOM acknowledges in its moving papers that WTA and DOM are

15    both first priority secured lenders. DOM has failed to demonstrate either that the Debtor

16    lacks equity in the Collateral or that the Collateral is not necessary to a liquidating plan.

17    Petitioning Creditors seek to sell the Debtor's assets under the supervision of the

18    Bankruptcy Court. There is no evidence that the Collateral would not diminish in value if

19    the automatic stay is not modified because the Petitioning Creditors seek an immediate sale

20    pursuant to Section 363 of the Bankruptcy Code which will maximize value to the estate.

21

22

23

24

25

26

27

28

1   **IV.    CONCLUSION**

2          Based upon the foregoing, it is respectfully requested that the Motion be denied in its

3   entirety and that the Petitioning Creditors be granted such other and further relief as this

4   Court may deem just and proper.

Dated:  April 6, 2010                    LAW OFFICE OF SUSAN I. MONTGOMERY
5                                             Susan I. Montgomery
                                              AND
6

7                                            MEISTER SEELIG & FEIN LLP
                                             Lawrence F. Morrison
8

9

                                             By   /s/ Susan I. Montgomery
10                                                   Susan I. Montgomery
                                             Attorneys for Petitioning Creditors
11                                           WASHINGTON TECHNOLOGY ASSOCIATES,
                                             LLC; iENTERTAINMENT, INC.; and
12
                                             ACCOUNTINGMATTERS.COM, LLC
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF MICHAEL MANN

I, Michael Mann, declare as follows:

1.      I am the managing member of Petitioning Creditors Washington Technology Associates LLC ("WTA") and Accounting Matters LLC ("AM") and I am also the President of iEntertainment, Inc. ("IE"). I caused WTA, AM, and IE to jointly file an involuntary bankruptcy petition against Escom, LLC ("Escom"). Based on my positions with WTA, AM and IE, and on my filing of the involuntary petition against Escom, I have personal knowledge of the facts set forth in this declaration and would competently testify thereto under oath if requested to do so. I submit this declaration in support of the opposition to the Motion of Dom Partners, LLC ("DOM") to dismiss the Escom bankruptcy petition.

2.      Escom was formed in January 2006 by Domain Name Acquisition Group, LLC ("DNAG") and WTA, with a commitment from WTA to loan Escom $5 Million. I was directly involved in the initial formation and financing of Escom. Escom was originally formed to commercialize the sex.com domain name. The members of Escom include DNAG, WTA, DOM, Nuthin' But Net, LLC and I-95 Investment Group, LLC.

3.      As part of the original operating agreement for Escom between WTA and DNAG, and as a condition for WTA to provide financing, Escom entered into a linking agreement with IE that gave IE the exclusive right to promote its video chat service on the sex.com website with Escom receiving in exchange 10% of the revenue IE earned through referrals that came from the sex.com site (the "Linking Agreement").

4.      As part of the capitalization of Escom, DOM was brought into the company to provide additional capital. Escom was initially capitalized as follows:

- $5 Million long term note from WTA (the "WTA Note")
- $3 Million long term note from DOM (the "DOM Note")
- $1.5 Million bridge note from DOM (the "Bridge Note")

1           •      $1 Million in Class B equity from WTA (the "WTA Equity Investment")

2           •      $1 Million in Class B equity from DOM (the "DOM Equity

3                  Investment")

4   5.    On or about May 2006, as DOM's Bridge Note was coming due, Nuthin but

5     Net, LLC ("NBN') loaned Escom the funds needed to pay off the DOM Bridge

6     Note, which was in fact repaid in full. NBN's note was unsecured with a right to

7     convert to equity at a predetermined rate (the "NBN Note"). The terms of the

8     NBN Note provide that NBN's sole remedy upon default was to convert its debt

9     to equity. NBN received a 1.27% Class A interest in Escom in exchange for

10     providing the debt financing (the "NBN Equity").  (The only difference between

11     Class A and B equity in Escom is that holders of Class B equity are entitled to

12     125% of their invested capital before holders of Class A equity receive any

13     distributions, other than those to cover the members' tax liabilities).

14   6.    On or about August 2007, IE waived its rights under the Linking Agreement in

15     exchange for $2.5 Million which was paid in the form of a note secured by all

16     assets of Escom, but junior to the WTA Note and the DOM Note (the "IE

17     Note").  A security agreement was entered into by Escom as well.

18   7.    In April 2008, I-95 Investment Group, LLC ("I-95") invested $400,000 in

19     exchange for Class B equity.

20   8.    In August 2008, Escom defaulted on the IE Note, having failed to pay the

21     annual interest due thereunder.  The IE Note was due in full in September 2008.

22     Escom also defaulted on the WTA Note and the DOM Note in January 2009 by

23     failing to repay those notes in full.

24   9.    In the several months leading up to default, I and/or my representatives on

25     behalf of WTA, Del Anthony (the CEO of Escom), representatives of DNAG

26     and other members, attempted to find investors to invest debt or equity in

27     Escom so that Escom could repay the DOM Note. WTA and IE expressed a

28     willingness to restructure and/or convert their respective debts so that Escom

1    could continue to operate. DOM was not willing to restructure or convert its

2    debt.

3    10.    I am informed and believe that, on January 13, 2009, DOM sent a Notice of

4    Default to Escom.

5    11.    On January 13, 2009, WTA and IE sent a Notice of Default to Escom.

6    12.    Between January 2009 and February 2010, I and/or my representatives

7    repeatedly attempted to work with various representatives of DOM on an

8    amicable basis to come to agreement on a process for selling the "Sex.com"

9    name and to distribute the proceeds therefrom to the creditors and equity

10    holders of Escom.

11    13.    Notwithstanding our continuous good faith efforts to arrive at a mutually

12    acceptable sale and distribution plan, on or about February 27, 2010, I received

13    from DOM's counsel a Notice of Foreclosure Sale under the UCC, purporting to

14    sell Escom's domain name on March 18, 2010, a true and correct copy of which

15    is attached hereto as Exhibit A.

16    14.    From January 2009 through the date hereof, I and my representatives have

17    repeatedly made efforts to convince Robert Seaman, DOM's counsel, and other

18    representatives of DOM, to utilize a company that specializes in the sale of high

19    value domain names to sell "sex.com" in order to achieve the highest and best

20    value for all creditors.  Instead, DOM selected UCC auctioneer David R. Maltz

21    & Co, Inc. ("Maltz") to conduct the auction.

22    15.    I reviewed the qualifications of Maltz as set forth in its website, a true and

23    correct copy of certain pages from which is attached hereto as Exhibit B.  Based

24    on my review of Maltz' background and qualifications, it was my opinion that

25    Maltz did not have sufficient expertise in the sale of super premium domain

26    names such as "sex.com," which is widely reported to be one of the most

27    valuable domain names in the world.  As a result, it was my opinion that an

28    auction by Maltz would not achieve the highest and best value for the benefit of

Escom and its creditors.  I made by concerns known to DOM.  I had previously

1    investigated companies qualified to conduct domain name auctions, including

2    Sedo.com LLC, a company known as a global leader in the domain industry.

3    DOM had previously agreed with WTA that Sedo would be the best candidate

4    to sell the domain name. Exhibit C is a true and correct copy of the webpage of

5    Sedo that I obtained from the internet which describes Sedo's qualifications.

6    Sedo even sent a letter to DOM's counsel expressing concern regarding the use

7    of Maltz to sell the domain name.  I received a copy of Sedo's March 12, 2010

8    letter.  Exhibit D is a true and correct copy of that letter.  DOM nevertheless

9    ignored our concerns and proceeded to sale

10    16.    On March 17, 2010, the day before the scheduled auction, I filed the involuntary

11          petition to stop the foreclosure sale and allow for a sale to take place through the

12          bankruptcy process and pursuant to 11 U.S.C. § 363.  In my opinion such a sale

13          would render a much higher price and allow for payment of all or nearly all of

14          Escom's creditors.

15

16    I have personal knowledge of the facts stated herein, except where stated upon

17    information and belief, and where so stated, I am informed and  believe that such facts are true

18    and correct. If called and sworn as a witness, I could and would competently testify to the

19    above.

20

21    Executed this 6th day of April 2010, I declare under penalty of perjury under the laws of

22    the United States of America that the foregoing is true and correct.

23

24

25    _Michael Mann signature_

26    Michael Mann

27

28

Page 4 of 4

| In re: ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
1925 Century Park East, Suite 2000
Los Angeles, California  90067

A true and correct copy of the foregoing document described **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF DOM PARTNERS LLC FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1); DECLARATION OF MICHAEL MANN; EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (“NEF”)** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) (“LBR”), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 6, 2010 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- John W Kim    jkim@nossaman.com
- Susan I Montgomery    susan@simontgomerylaw.com
- S Margaux Ross    margaux.ross@usdoj.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On April 6, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Geraldine Mund
United States Bankruptcy Court
  - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

Daniel G Gurfen
230 Park Ave Ste 1130
New York, NY 10169

Mark Chassman
120 Broadway Suite 300
Santa Monica, CA 90401

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on                               I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                    **F 9013-3.1**

| In re: ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

| April 6, 2010 | RITA WILLIAMS | /S/  RITA WILLIAMS |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                             **F 9013-3.1**