1  NOSSAMAN LLP
   Allan H. Ickowitz (SBN 80994)
2  John W. Kim (SBN 216251)
   445 South Figueroa Street, 31st Floor
3  Los Angeles, CA  90071
   Telephone: 213-612-7849
4  Facsimile: 213-612-7801
5  aickowitz@nossaman.com; jkim@nossaman.com

6  -and-

7  WINDELS MARX LANE & MITTENDORF, LLP
   Alan Nisselson, Esq. (*Pro Hac Application Pending*)
8  Scott R. Matthews, Esq. (*Pro Hac Application Pending*)
   156 West 56th Street
9  New York, New York 10019
   Telephone: (212) 237-1000
10 Facsimile: (212) 262-1215
11 anisselson@windelsmarx.com; smatthews@windelsmarx.com

12 Attorneys for DOM Partners LLC

13

14                 UNITED STATES BANKRUPTCY COURT

15                  CENTRAL DISTRICT OF CALIFORNIA

16                 SAN FERNANDO VALLEY DIVISION

17 | In re:                          | Involuntary Chapter 11 Petition |
|---|---|
18 | ESCOM, LLC,                     | Case No. 10-bk-13001-GM |
19 |                                 | |
   |               Debtor.            | **REPLY TO OPPOSITION OF PETITIONING** |
20 |                                 | **CREDITORS TO MOTION OF DOM PARTNERS,** |
   |                                 | **LLC AND IN FURTHER SUPPORT OF ORDER** |
21 |                                 | **DISMISSING BANKRUPTCY CASE** |
22 |                                 | [Declaration of Robert E. Seaman III filed concurrently |
23 |                                 | hereto] |
24 |                                 | **HEARING** |
25 |                                 | Date:      April 20, 2010 |
   |                                 | Time:      10:00 a.m. |
26 |                                 | Judge:     Hon. Geraldine  Mund (Crtm. 303) |
   |                                 | Place:     21041 Burbank Blvd |
27 |                                 | Woodland Hills, CA |

28

385068_1.DOC
**REPLY TO OPPOSITION OF PETITIONING CREDITORS TO MOTION OF DOM PARTNERS, LLC AND IN
FURTHER SUPPORT OF ORDER DISMISSING BANKRUPTCY CASE**

1 **TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE,**

2 **ESCOM, LLC, WASHINGTON TECHNOLOGY ASSOCIATES, LLC, iENTERTAINMENT,**

3 **INC., AND ACCOUNTINGMATTERS.COM, LLC, AND THEIR ATTORNEYS OF RECORD:**

4        DOM Partners LLC ("**DOM**"), a secured creditor of the alleged Debtor, ESCOM, LLC

5 ("**ESCOM**"), by and through its undersigned counsel, submits this Reply to the Opposition of the three

6 purported petitioners, Washington Technology Associates, LLC ("**WTA**"), iEntertainment, Inc.

7 ("**iEntertainment**"), and AccountingMatters.com, LLC ("**AccountingMatters**", and collectively with

8 WTA and iEntertainment, the "**Petitioners**"), to DOM's motion (the "**Motion**") and in further support

9 of its Motion for the entry of an Order (i) pursuant to sections 105, 305(a) and 1112(b) of title 11, United

10 States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**") seeking dismissal of the involuntary

11 chapter 11 petition (the "**Petition**").[1]

12        1.    In their Opposition, Petitioners acknowledge crucial facts supporting DOM's Motion:

13 that Petitioners are controlled by Michael Mann ("**Mann**"), that they are insiders of ESCOM, that they

14 filed the Petition because ESCOM could not file a voluntary petition, that the filing was made solely to

15 stay DOM's UCC sale of the Domain Name, and that the Domain Name must be liquidated, albeit under

16 the supervision of the Bankruptcy Court. Having conceded the collusive and bad faith nature of their

17 filing, Petitioners feebly argue that DOM lacks standing to seek dismissal of this case, and that they will

18 sell the Domain Name for more than DOM will sell it for. For the reasons stated below, neither

19 argument is meritorious. This case must be dismissed.

20        **A.    DOM Has Standing to Dismiss this Involuntary Case.**

21        2.    Petitioners argue that DOM lacks standing to file the Motion because in their view

22 dismissal of an involuntary petition is limited to only the petitioning creditors under Bankruptcy Code §

23 303(j), not DOM. Petitioners misrepresent the meaning and import of section 303(j), because this

24 section is procedural and simply imposes a notice requirement intended to protect creditors from the

25 collusive settlement and dismissal of involuntary bankruptcy cases among debtors and petitioning

26 creditors. Section 303(j) does not contain an affirmative prohibition against a creditor like DOM

27 seeking to dismiss a case under any other provision of the Bankruptcy Code. Thus, in the case of *In re*

28

---

[1]    All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

385068_1.DOC                                         1

1   *G-2 Realty Trust*, 6 B.R. 549 (Bankr. Mass. 1980), a case remarkably similar to this one, three

2   petitioning creditors filed an involuntary chapter 11 petition against the debtor (G-2 Realty Trust) to stay

3   a foreclosure sale. The secured creditor in that case filed a motion to dismiss the case, asserting that the

4   involuntary petition was the result of collusion between the petitioning creditors and the debtor and

5   therefore the filing was made in bad faith. In addressing the standing issue raised by the petitioners and

6   the debtor in opposition to dismissal, the Court held:

7   > G-2 Realty and the petitioning creditors have raised a procedural issue asserting that
   > pursuant to § 303(j) of the Code, the Bank lacks standing to bring the motion to dismiss.

8   > This argument, however, is without merit. <u>Section 303(j) does not in any way attempt to
   > limit which parties may properly bring a motion to dismiss an involuntary petition.</u>

9   > Rather, that section simply provides that where an involuntary is sought to be dismissed
   > by a petitioning creditor, by consent between the petitioning creditors and the debtor, or

10  > through a lack of prosecution by the petitioning creditors, dismissal may only take place
   > after all creditors have received notice and an appropriate hearing has been held. The

11  > obvious import of this section, as reflected in the legislative history, is to prevent

12  > collusive settlements by the debtor and the petitioning creditors by insuring that all
   > creditors are aware that the involuntary may be dismissed.... <u>Moreover, under § 1112(b)

13  > of the Code, the Bank "as a party in interest" is clearly granted the standing to seek a
   > dismissal of any proceeding brought under Chapter 11.</u>

14
   *Id.*, n.5 (emphasis added; legislative citations omitted).

15
16          3.      Likewise, other courts have permitted non-petitioning creditors to file motions to dismiss

17  involuntary petitions. Thus, in *In re Jr. Food Mart of Arkansas, Inc.*, 234 B.R. 420 (Bankr. E.D. Ark.

18  1999), a non-petitioning creditor filed a response to the involuntary petition, which also contained a

19  request for dismissal or abstention. The Court held that although only the debtor may "contest" the

20  involuntary petition under Bankruptcy Code § 303(j) as grounds for dismissal, "the Code and case

21  authority clearly permit a party in interest to prosecute a motion to dismiss or abstain.... Unlike section

22  303 and Rule 1011 governing pleadings in response to the involuntary petition, sections 305(a) and

23  707(a) contain no language limiting who may file a motion to dismiss such that any party in interest may

24  file and prosecute such motions." *Id.* At 421-422. Similarly, in this case, DOM has standing as a

25  creditor and party in interest to seek dismissal or abstention under Bankruptcy Code §§ 1112(b) and

26  305(a).

27          4.      Further, in *In re Global Ship Systems, LLC*, 391 B.R. 193, 201 (Bankr. S.D. Ga. 2007),

28  the involuntary debtor's principal orchestrated the bankruptcy filing to stop a foreclosure sale by the

1    secured creditor who, like DOM in this case, held an equity interest and had a contractual right to

2    prevent a voluntary petition by simply refusing to consent.  The Bankruptcy Court held that while a

3    creditor lacks standing to contest an involuntary petition under Bankruptcy Code § 303, the Court

4    nevertheless retains jurisdiction to determine whether cause existed to grant the secured creditor's

5    motion to dismiss under Bankruptcy Code § 1112(b).  Accordingly, regardless of whether DOM lacks

6    standing under Bankruptcy Code § 303(j) to "contest" the involuntary Petition, it is entirely proper for

7    this Court to consider the Motion to dismiss this case on bad faith grounds.  Indeed, courts may always

8    examine the bona fides of involuntary petitioners and a debtor and whether jurisdiction was fraudulently

9    invoked.  *Id.*; *In re Mi La Sul,* 380 B.R. 546 (Bankr. C.D. Ca. 2007); Bankruptcy Code § 105(a) ("The

10   court may issue any order, process, or judgment that is necessary or appropriate to carry out the

11   provisions of this title.  No provision of this title providing for the raising of an issue by a party in

12   interest shall be construed to preclude the court from, *sua sponte,* taking any action or making any

13   determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an

14   abuse of process.").

15        5.        Petitioners rely upon the case of *In re Taylor & Associates, L.P.,* 191 B.R. 374 (Bankr.

16   E.D. Tenn. 1996) ("*Taylor*").  In the *Taylor* case, the bankruptcy court held, *inter alia,* that a non-

17   petitioning creditor did not have standing to answer, contest, or even to seek dismissal of the involuntary

18   petition.  In surveying Bankruptcy Code § 303, Bankruptcy Rule 1011, and the legislative history, the

19   *Taylor* court found that creditors have not been permitted to oppose the entry of an order for relief in an

20   involuntary case because they "invariably" act out of selfish motives, such as to protect a preference or

21   to retain some other unnamed undue advantage at the expense of other creditors, which is contrary to the

22   general equitable distribution purpose of the Bankruptcy Code.  *See Taylor*, 191 B.R. at 379.  For that

23   reason, the *Taylor* court found the *G-2 Realty Trust* case inapplicable because it "is contrary to the

24   general rule that a nonpetitioning creditor has no standing to oppose an involuntary petition."  *Taylor*,

25   191 B.R. at 380.  The *Taylor* decision was wrongly decided.  The *Taylor* decision relies upon a general

26   rule that is designed to protect the body of creditors as codified in sections of the Bankruptcy Code and

27   Bankruptcy Rules applicable only to involuntary cases.  (Bankruptcy Code § 303(j) and Bankruptcy

28   Rule 1011).  But the *Taylor* court fails to acknowledge that by extending the prohibition against

**REPLY TO OPPOSITION OF PETITIONING CREDITORS TO MOTION OF DOM PARTNERS, LLC AND IN
FURTHER SUPPORT OF ORDER DISMISSING BANKRUPTCY CASE**

1    creditors using section 303 to the Bankruptcy Code provisions governing dismissal and abstention

2    (Bankruptcy Code §§ 105, 707 and 1112), it limits the provisions of the Code intended to protect

3    creditors as well as the integrity of the Court's jurisdiction, which may be raised by creditors at any

4    time, whether in voluntary or involuntary cases.  Thus, the Court in *In re Jr. Food Mart of Arkansas,*

5    *Inc.*, 234 B.R. at 421 – 422 held that "[p]rohibiting a creditor or other party in interest from seeking

6    dismissal of an involuntary case would permit abusive filings without restraint.  Indeed, the allegations

7    made by respondents, if true, exemplify the abuse of the Bankruptcy Code that is possible when the

8    debtor fails to contest the filing of the involuntary petition."

9        6.    Furthermore, denying DOM the standing to make the Motion does not support the policy

10    of equitable distribution underlying the general rule enunciated in the *Taylor* case.  Petitioners allege

11    that the aggregate amount of the secured claims against ESCOM equal their estimated value of the

12    collateral.  *See* Petitioners' *Memorandum of Points and Authorities in Opposition to Motion of DOM*

13    *Partners LLC for Relief from the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1)* at page 5, lines 5-12.

14    There being at best little or no equity in the Domain Name, and few if any unsecured creditors known to

15    DOM, dismissal of the Petition will not prevent an equitable distribution of ESCOM's assets.

16        7.    Neither can Petitioners or the Court presume that DOM is a creditor seeking to protect a

17    preference or take undue advantage of other creditors.  There is simply no evidence or allegation to

18    support such a presumption.  As set forth in the Declaration of Robert E. Seaman III, ¶ 15 filed in

19    support of the Motion, DOM has not been paid on its debt for over a year.  Further, because the claims

20    of WTA and DOM are to be treated *pari passu*, DOM cannot take undue advantage of other creditors.

21    The *Taylor* rationale simply should not prevent DOM as a legitimate creditor from seeking the dismissal

22    of this bad faith involuntary Petition.

23        8.    Moreover, the *In re Jr. Food Mart of Arkansas, Inc.* and *In re Global Ship Systems, LLC*

24    cases were decided after the *Taylor* case.  Indeed, both of these courts cited the *Taylor* case for the

25    proposition that creditors may not seek dismissal of an involuntary petition under Bankruptcy Code §

26    303(j), and nevertheless heard those creditors' motions to dismiss or abstain and ordered dismissal.  This

27    Court can and should do the same.

28

**REPLY TO OPPOSITION OF PETITIONING CREDITORS TO MOTION OF DOM PARTNERS, LLC AND IN
FURTHER SUPPORT OF ORDER DISMISSING BANKRUPTCY CASE**

### B.    Petitioners have Demonstrated their Lack of Good Faith in Filing the Petition.

9.    The Petitioners have utterly failed to rebut DOM's argument that they filed the Petition in bad faith.  Indeed, they admit crucial facts that support granting the Motion to dismiss.  The Petitioners freely admit that they control ESCOM as insiders and filed the Petition solely to prevent DOM as secured lender from foreclosing on its lien at the UCC auction.  They filed the Petition because ESCOM could not file a voluntary bankruptcy petition without DOM's consent, which would not have been granted.  And, they admit that the Domain Name should be liquidated.

10.    This is forum shopping at its most egregious level.  Petitioners circumvented the ESCOM organizational documents to obtain bankruptcy protection where it is not appropriate.  Petitioners had adequate rights and remedies available to them under applicable non-bankruptcy law.  For example, if Petitioners thought that DOM's UCC sale was inappropriate, they should have brought an action in New York State court to challenge the commercial reasonableness of the auction.[2]    Instead, they circumvented the bankruptcy rules and ESCOM organizational documents to obtain bankruptcy protection without a basis therefor.

11.    Contrary to the allegations in Petitioners' Opposition, the Petition was filed to obtain a tactical advantage.  The mere lack of a court case pending at the time that they filed the Petition does not relieve the Petitioners from their good faith requirement; it is sufficient that they filed the Petition in bad faith to stay DOM's non-judicial foreclosure sale of the Domain Name.  *See* Declaration of Michael Mann, ¶ 16.  Petitioners, however, would have the Court believe that DOM suddenly scheduled the UCC foreclosure sale while they were seeking a consensual resolution.  The truth is that DOM waited for more than one year after it delivered notice of default to ESCOM before commencing to foreclose.  DOM spent that time in fruitless negotiations with Mr. Mann, who either could not or would not agree to any settlement, regardless of whether he or anyone else was to acquire the Domain Name for value.  *See* Declaration of Robert E. Seaman III, ¶ 13.  Mr. Mann was content to simply delay and hinder DOM from collecting its justly due debt.  After more than a reasonable amount of time had passed and Mr. Mann's intent became clear, DOM scheduled the UCC foreclosure sale on sufficient notice.  Unable to cause ESCOM to file a voluntary bankruptcy petition, and destined to lose any argument in state court

---

[2]    DOM disputes the Petitioners' contention that the UCC auction sale was commercially unreasonable.

385068_1.DOC                                    5

1  that DOM's UCC commercial foreclosure sale was commercially unreasonable,[3]  Mann caused the

2  Petitioners to file the involuntary Petition for the express purpose of staying the sale. *See* Declaration of

3  Michael Mann, ¶ 16.  This bankruptcy filing is merely Mann's latest dilatory tactic to avoid paying

4  DOM and to engineer a way to retain the Domain Name for himself.  This is a classic example of bad

5  faith justifying the sanction of dismissal of this bankruptcy case. *In re Global Ship Systems, LLC*, 391

6  B.R. at 203 (in addition to finding the existence of classic indicators of bad faith, including filing on the

7  eve of a non-judicial foreclosure and the debtor's lack of employees and an operating business, the court

8  found that the involuntary filing was "a pure subterfuge for a voluntary petition, filed by creditors at the

9  instigation of Global [the debtor] or its managers/members.")

10      **WHEREFORE**, DOM respectfully requests that the Court grant the Motion and (a) dismiss

11  ESCOM's involuntary case for bad faith pursuant to Bankruptcy Code §§ 105(a), 305(a) and 1112(b),

12  and (b) grant an award of sanctions against the Petitioners, and (c) grant such further and other relief as

13  is just and proper.

14

15  Dated:  April 13, 2010                NOSSAMAN LLP
                                         Allan H. Ickowitz
16                                       John W. Kim

17                                       - AND -

18                                       WINDELS MARX LANE & MITTENDORF, LLP
                                         Alan Nisselson
19                                       Scott R. Matthews

20

21                                       By: _____
                                                JOHN W. KIM
22                                       Attorneys for DOM Partners, LLC

23

24

25

26

27

28

---

[3]    *See* Declaration of Robert E. Seaman, III, dated April 12, 2010.

385068_1.DOC                                    6

**REPLY TO OPPOSITION OF PETITIONING CREDITORS TO MOTION OF DOM PARTNERS, LLC AND IN
FURTHER SUPPORT OF ORDER DISMISSING BANKRUPTCY CASE**

| In re: ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER:  10-bk-13001-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**Nossaman LLP, 445 S. Figueroa Street, 31st floor, Los Angeles, CA 90071**

The foregoing document described **REPLY TO OPPOSITION OF PETITIONING CREDITORS TO MOTION OF DOM PARTNERS, LLC AND IN FURTHER SUPPORT OF ORDER DISMISSING BANKRUPTCY CASE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 13, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒    Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **April 13, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**VIA OVERNIGHT MAIL**
The Honorable Geraldine Mund
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐    Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 13, 2010 | Mitchi Shibata | /s/ Mitchi Shibata |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                **F 9013-3.1**

| In re: ESCOM, LLC | CHAPTER 11 |
| | CASE NUMBER:  10-bk-13001-GM |
| Debtor(s). | |

## SERVICE LIST

### I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Jeffrey W Dulberg    jdulberg@pszjlaw.com
Susan I Montgomery    susan@simonmgomerylaw.com
S Margaux Ross    margaux.ross@usdoj.gov
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

### III.  SERVED BY E-MAIL

**Attorneys for Petitioning Creditors Washington Technology Associates, LLC,
iEntertainment, Inc., and AccountingMatters.comLLC**
Susan I. Montgomery, Esq.
1925 Century Park East, Suite 2000
Los Angeles, CA 90067
susan@simontgomerylaw.com

**Attorneys for Petitioners Washington Technology Associates, LLC,
iEntertainment, Inc., and AccountingMatters.comLLC**
Mark Chassman
120 Broadway Suite 300
Santa Monica, CA 90401
mchassman@chassmanseelig.com

**Attorneys for Petitioners Washington Technology Associates, LLC,
iEntertainment, Inc.,and AccountingMatters.comLLC**
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
lfm@msf-law.com

**Debtor**
Escom LLC
23480 Park Sorrento Ste 206B
Calabasas, CA 91302
Attn:  Del Anthony
del@escomllc.com

**Counsel to Creditor or Parties in Interest Nuthin' But Net, LLC:**
Daniel G. Gurfein, Esq.
Satterlee Stephens, Burke & Burke LLP
230 Park Avenue
New York, New York 10169
dgurfein@ssbb.com

**Creditors or Parties in Interest**
i95 Investment Group
60 Wells Avenue, Suite 100
Newton, MA 02459
Attn:  Corey Bialow, Andrew Miller
cbialow@bialow.com
amiller@internetrealestate.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                          **F 9013-3.1**

| In re: ESCOM, LLC | CHAPTER 11 |
| Debtor(s). | CASE NUMBER:  10-bk-13001-GM |

**Creditors or Parties in Interest**
Domain Name Acquisition Group, LLC
c/o Internet Real Estate Group LLC
188 Needham Street, Suite 255
Newton, MA 02464
Attn:  Andrew Miller
amiller@internetrealestate.com

**Attorneys for US Trustee**
S. Margaux Ross, Esq.
21051 Warner Ctr. Lane, Suite 115
Woodland Hills, CA 91367
margaux.ross@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                    **F 9013-3.1**