```
 1  NOSSAMAN LLP
    Allan H. Ickowitz (SBN 80994)
 2  John W. Kim (SBN 216251)
    445 South Figueroa Street, 31st Floor
 3  Los Angeles, CA  90071
    Telephone: 213-612-7849
 4  Facsimile: 213-612-7801
 5  aickowitz@nossaman.com; jkim@nossaman.com

 6  -and-

 7  WINDELS MARX LANE & MITTENDORF, LLP
    Alan Nisselson, Esq. (Pro Hac Application Pending)
 8  Scott R. Matthews, Esq. (Pro Hac Application Pending)
    156 West 56th Street
 9  New York, New York 10019
    Telephone: (212) 237-1000
10  Facsimile: (212) 262-1215
11  anisselson@windelsmarx.com; smatthews@windelsmarx.com

12  Attorneys for DOM Partners LLC

13

14              UNITED STATES BANKRUPTCY COURT

15              CENTRAL DISTRICT OF CALIFORNIA

16              SAN FERNANDO VALLEY DIVISION

17  In re:                          | Involuntary Chapter 11 Petition
18  ESCOM, LLC,                     | Case No. 10-bk-13001-GM
19           Debtor.                |
20                                  | REPLY TO OPPOSITION OF PETITIONING
                                    | CREDITORS AND IN FURTHER SUPPORT OF
21                                  | MOTION OF DOM PARTNERS, LLC FOR RELIEF
                                    | FROM THE AUTOMATIC STAY PURSUANT TO
22                                  | 11 U.S.C. § 362(d)(1)
23                                  |            HEARING
24                                  | Date:  April 20, 2010
                                    | Time:  10:00 a.m.
25                                  | Judge: Hon. Geraldine Mund (Crtm. 303)
                                    | Place: 21041 Burbank Blvd
26                                  |        Woodland Hills, CA
27
28
```

385069_1.DOC

**REPLY TO OPPOSITION OF PETITIONING CREDITORS AND IN FURTHER SUPPORT OF MOTION OF
DOM PARTNERS, LLC FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, ESCOM, LLC, WASHINGTON TECHNOLOGY ASSOCIATES, LLC, iENTERTAINMENT, INC., AND ACCOUNTINGMATTERS.COM, LLC, AND THEIR ATTORNEYS OF RECORD:**

DOM Partners LLC ("**DOM**"), a secured creditor of the alleged Debtor, ESCOM, LLC ("**ESCOM**"), by and through its undersigned counsel, submits this Reply to the Opposition of the three purported petitioners, Washington Technology Associates, LLC ("**WTA**"), iEntertainment, Inc. ("**iEntertainment**"), and AccountingMatters.com, LLC ("**AccountingMatters**", and collectively with WTA and iEntertainment, the "**Petitioners**"), and in further support of its motion (the "**Motion**") for the entry of an Order pursuant to Bankruptcy Code § 362(d)(1) and Federal Rules of Bankruptcy Procedure 4001 and 9014, granting DOM relief from the automatic stay to allow it to proceed with a pending UCC foreclosure auction of collateral that secures ESCOM's debt obligations to DOM.[1]

1. As fully set forth in DOM's Motion and the accompanying Memorandum of Points and Authorities in support of the Motion, the same cause that exists to dismiss this case for the Petitioners' bad faith resort to chapter 11 also constitutes cause pursuant to Bankruptcy Code § 362(d)(1) to grant DOM relief from the automatic stay to conduct the auction sale of ESCOM's Domain Name. Nothing in the Petitioners' Opposition refutes any of the factual allegations supporting the Motion. Rather, Petitioners acknowledge crucial facts supporting DOM's Motion for stay relief on the basis of bad faith. For example, they admit that Petitioners are controlled by Mr. Mann, that they are insiders of ESCOM, that they filed the Petition because ESCOM could not file a voluntary petition, that the filing was made solely to stay DOM's UCC sale of the Domain Name, and that the Domain Name must be liquidated (although they claim that it must be sold under the supervision of the Bankruptcy Court).[2] Having conceded the collusive and bad faith nature of their filing, Petitioners attempt to create an argument not advanced by DOM, namely that DOM seeks to modify the automatic stay on the basis that its interest in the Domain Name is not adequately protected. Rather, DOM requested stay relief for cause, not for lack of adequate protection, but for bad faith under section 362(d)(1). Neither did DOM request stay relief under section 362(d)(2) or make any allegation in the Motion that ESCOM does not have equity in the

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

[2] Notably, Petitioner AccountingMatters fails to refute DOM's allegation, and thereby concedes, that its claim was manufactured to invoke the Court's jurisdiction.

385069_1.DOC                         1

**REPLY TO OPPOSITION OF PETITIONING CREDITORS AND IN FURTHER SUPPORT OF MOTION OF DOM PARTNERS, LLC FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

collateral and that the collateral is not necessary to an effective reorganization.[3] Thus, the Petitioners utterly fail in their Opposition to address the issue of bad faith and refute that it is cause to grant DOM relief from the automatic stay.

2.   It is improper to file for bankruptcy protection merely to benefit from the automatic stay. *In re Integrated Telecom Express*, 384 F.3d 108 (3d Cir. 2004). In that case, which was dismissed on bad faith grounds, the Court recognized that "courts universally demand more of Chapter 11 petitions than a naked desire to stay pending litigation." *Id.* at 128. The Court stated that "[t]he protection of the automatic stay is not *per se* a valid justification for a Chapter 11 filing; rather, it is a consequential benefit of an otherwise good faith filing. A perceived need for the automatic stay, without more, cannot covert a bad faith filing to a good faith one." *Id.* (quoting *In re HBA East, Inc.*, 87 B.R. 248, 262 (Bankr. E.D.N.Y. 1988)). In this case, the Petitioners concede that they filed for bankruptcy protection to stay the auction to be conducted by DOM. That motivation, and nothing more, is not sufficient for Petitioners to demonstrate a good faith filing, which is their burden.[4]

3.   Further, it is insufficient for Petitioners to allege that they filed the Petition to preserve equity in ESCOM's asset. Petitioners rely upon the opinion of Mr. Schumacher to hypothesize the possibility that a future sale of the Domain Name will yield equity. But mere self-serving speculation that is more akin to a sales pitch than an expert's valuation report will not overcome a bad faith filing because the existence of equity must be evidenced by an appraisal. *In re Global Ship Systems, LLC*, 391 B.R. 193, 204 (Bankr. S.D. Ga. 2007). Regardless, there is no equity even accepting Mr. Schumacher's estimate for the sake of argument. *Supra* note 3.

4.   Contrary to Petitioners' assertion, there is no requirement that litigation actually be

---

[3]   DOM does not waive, and reserves the right to move at any time for relief from the automatic stay under Bankruptcy Code § 362(d)(2) or for any other cause under Bankruptcy Code § 362(d)(1). Among other things, the Petitioners value the Domain Name at about $14 million (per Mr. Schumacher's Declaration, the substance and force and effect of which DOM contests), which value does not exceed the aggregate amount of the liens against it ($14,113,442 according to Petitioners' Memorandum of Points and Authorities in opposition to the Motion at page 5, lines 5-12, and $14,454,474, when the correct amount of DOM's claim of $4,313,276 as of the date of the Petition is included, as reflected in the Motion), and it cannot be necessary to ESCOM's effective reorganization because the Petitioners admit that it must be liquidated.

[4]   Since DOM has established a genuine issue as to the Petitioners' lack of good faith, they now bear the burden of proof to establish that their filing was made in good faith – a burden that they have not carried. *See, In re Moab Enterprises*, 83 F.3d 428 (9th Cir. 1996).

**REPLY TO OPPOSITION OF PETITIONING CREDITORS AND IN FURTHER SUPPORT OF MOTION OF DOM PARTNERS, LLC FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

pending for the Court to find a bad-faith bankruptcy filing.[5] For instance, in *In re Sunbow LLC*, the Court lifted the automatic stay on bad faith grounds where the debtor filed in order to delay a foreclosure. 206 B.R. 213, 225 (Bankr. S.D. Cal. 1997).[6] The creditor had issued a notice of default, but had not commenced any litigation. *Id.* at 215. In this case, Petitioners have similarly attempted to frustrate and delay a creditor's attempt to exercise its right to foreclose a secured claim. Petitioners' bad faith should not be excused merely because they claim there is no other litigation currently pending, a claim that, for clarification purposes, is inaccurate. *See Phone.com, LLC; ESCOM, LLC v. Sovereign Bank*, United States District Court, District of Massachusetts, Civil Action No. 1:08-cv-11717-WGY.

**WHEREFORE**, DOM respectfully requests that the Court grant the Motion and (a) grant DOM relief from the automatic stay pursuant to Bankruptcy Code § 362(d)(1) to permit DOM to proceed with the UCC auction sale to conclusion, and (b) grant such further and other relief as is just and proper.

Dated: April 13, 2010

NOSSAMAN LLP
Allan H. Ickowitz
John W. Kim

- AND -

WINDELS MARX LANE & MITTENDORF, LLP
Alan Nisselson
Scott R. Matthews

By: _____
JOHN W. KIM
Attorneys for DOM Partners, LLC

---

[5] The Ninth Circuit has not adopted the standard for good faith offered by Petitioners, which inquires, *inter alia*, as to whether a petition was filed for a tactical litigation advantage. *See, In re Integrated Telecom Express*, 384 F.3d 108. Rather, the Ninth Circuit has adopted a multi-factor test, such as those described in DOM's memorandum of law. *See, e.g., In re Arnold*, 806 F.2d 937, 939 (9th Cir. 1986) (citing *In re Little Creek Dev. Co.*, 779 F.2d 1068, 1071 (5th Cir. 1986) (lack of good faith constitutes "cause" for lifting stay)).

[6] The Court noted that dismissal or lifting the automatic stay are appropriate remedies for bad faith filing. *In re Sunbow, LLC*, 206 B.R. at 217. *See also, In re Arnold*, 806 F.2d at 939 (recognizing that bad faith filing is basis for lifting the automatic stay).

| In re: ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 10-bk-13001-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Nossaman LLP, 445 S. Figueroa Street, 31st floor, Los Angeles, CA 90071**

The foregoing document described **REPLY TO OPPOSITION OF PETITIONING CREDITORS AND IN FURTHER SUPPORT OF MOTION OF DOM PARTNERS, LLC FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")</u>** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 13, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

**II. <u>SERVED BY U.S. MAIL OR OVERNIGHT MAIL</u>(indicate method for each person or entity served):**
On **April 13, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

**<u>VIA OVERNIGHT MAIL</u>**
The Honorable Geraldine Mund
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐  Service information continued on attached page

**III. <u>SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL</u> (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 13, 2010 | Mitchi Shibata | /s/ Mitchi Shibata |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                    **F 9013-3.1**

| In re: ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 10-bk-13001-GM |

## SERVICE LIST

### I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Jeffrey W Dulberg    jdulberg@pszjlaw.com
Susan I Montgomery    susan@simontgomerylaw.com
S Margaux Ross    margaux.ross@usdoj.gov
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

### III. SERVED BY E-MAIL

**Attorneys for Petitioning Creditors Washington Technology Associates, LLC, iEntertainment, Inc., and AccountingMatters.comLLC**
Susan I. Montgomery, Esq.
1925 Century Park East, Suite 2000
Los Angeles, CA 90067
susan@simontgomerylaw.com

**Attorneys for Petitioners Washington Technology Associates, LLC, iEntertainment, Inc., and AccountingMatters.comLLC**
Mark Chassman
120 Broadway Suite 300
Santa Monica, CA 90401
mchassman@chassmanseelig.com

**Attorneys for Petitioners Washington Technology Associates, LLC, iEntertainment, Inc.,and AccountingMatters.comLLC**
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
lfm@msf-law.com

**Debtor**
Escom LLC
23480 Park Sorrento Ste 206B
Calabasas, CA 91302
Attn: Del Anthony
del@escomllc.com

**Counsel to Creditor or Parties in Interest Nuthin' But Net, LLC:**
Daniel G. Gurfein, Esq.
Satterlee Stephens, Burke & Burke LLP
230 Park Avenue
New York, New York 10169
dgurfein@ssbb.com

**Creditors or Parties in Interest**
i95 Investment Group
60 Wells Avenue, Suite 100
Newton, MA 02459
Attn: Corey Bialow, Andrew Miller
cbialow@bialow.com
amiller@internetrealestate.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

| In re: ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 10-bk-13001-GM |

**Creditors or Parties in Interest**
Domain Name Acquisition Group, LLC
c/o Internet Real Estate Group LLC
188 Needham Street, Suite 255
Newton, MA 02464
Attn: Andrew Miller
amiller@internetrealestate.com

**Attorneys for US Trustee**
S. Margaux Ross, Esq.
21051 Warner Ctr. Lane, Suite 115
Woodland Hills, CA 91367
margaux.ross@usdoj.gov