NOSSAMAN LLP
Allan H. Ickowitz (SBN 80994)
John W. Kim (SBN 216251)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Telephone: 213-612-7849
Facsimile: 213-612-7801
aickowitz@nossaman.com; jkim@nossaman.com

-and-

WINDELS MARX LANE & MITTENDORF, LLP
Alan Nisselson, Esq. (Admitted *Pro Hac Vice*)
Scott R. Matthews, Esq. (Admitted *Pro Hac Vice*)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
anisselson@windelsmarx.com; smatthews@windelsmarx.com

Attorneys for DOM Partners LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ESCOM, LLC,<br><br>      Debtor. | Involuntary Chapter 11 Petition<br><br>Case No. 10-bk-13001-GM<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES OF DOM PARTNERS LLC IN SUPPORT OF APPOINTMENT OF TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a)(2)**<br><br>[Declaration of Robert E. Seaman III filed concurrently hereto]<br><br>**HEARING**<br>Date:    April 27, 2010<br>Time:   10:00 a.m.<br>Judge:  Hon. Geraldine Mund (Crtm. 303)<br>Place:   21041 Burbank Blvd<br>           Woodland Hills, CA |

385491_1.DOC

MEMORANDUM OF POINTS AND AUTHORITIES OF DOM PARTNERS LLC IN SUPPORT OF
APPOINTMENT OF TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a)(2)

DOM Partners LLC ("**DOM**"), a secured creditor of the alleged Debtor, ESCOM, LLC ("**ESCOM**"), by and through its undersigned counsel, submits this memorandum of points and authorities in support of the appointment of a trustee pursuant to section 1104(a)(2) of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "**Bankruptcy Code**"). This memorandum is being submitted pursuant to the Court's Order To Show Cause Why A Chapter 11 Trustee Should Not Be Appointed In This Bankruptcy Case entered on April 21, 2010 [Dkt. No. 35].

## I.     PRELIMINARY STATEMENT

The appointment of a chapter 11 trustee is needed to resolve the irreconcilable and disabling disputes between and among ESCOM's Managers[1] that have prevented ESCOM from meeting its obligations since late 2008 and early 2009 and from selling its only significant asset, the domain name www.sex.com (the "**Domain Name**"). There is no dispute that ESCOM's Managers have not unanimously agreed on, among other things, the manner and method of selling the Domain Name. The Managers disagree as to whom shall act as auctioneer or broker for the sale of the Domain Name, how much of a commission to pay to the selling person or entity, the time frame needed to market and sell the Domain Name, and the order and amount of the distribution of sale proceeds.

DOM, as a secured creditor and a Manager of ESCOM, and the three purported and related petitioners, Washington Technology Associates, LLC ("**WTA**") (also a secured creditor and Manager of ESCOM), iEntertainment, Inc. ("**iEntertainment**"), and AccountingMatters.com, LLC ("**AccountingMatters**") (collectively, "**Petitioners**"), all of whom are controlled by Mike Mann ("**Mann**"), have for over a year fundamentally disagreed over the disposition of ESCOM's sole substantial asset, the Domain Name. That disagreement led to the Petitioners filing of the involuntary petition commencing this case to stay DOM's UCC foreclosure sale of the Domain Name. **As the Petitioners have acknowledged to this Court, ESCOM cannot take any significant act without the unanimous agreement of the Managers required by its operating agreement.** ESCOM's utter inability to administer its bankruptcy case and assets for the benefit of itself, its creditors and equity interest holders requires that a disinterested third party be appointed to facilitate the decision making

---

[1] Capitalized terms used herein but not defined shall have the meanings ascribed to them in the Seaman Declaration and the Motions (as set forth below).

385491_1.DOC                                                                1

**MEMORANDUM OF POINTS AND AUTHORITIES OF DOM PARTNERS LLC IN SUPPORT OF
APPOINTMENT OF TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a)(2)**

process and to shepherd this case to a successful end. More than sufficient grounds thus exist under the Bankruptcy Code to appoint a trustee.

DOM is prepared to discuss with the Office of the United States Trustee the appointment of a qualified chapter 11 trustee and provide any other assistance requested of it.

## II.    SUMMARY OF FACTUAL BACKGROUND

The factual background upon which this Memorandum of Points and Authorities relies is set forth in the accompanying declaration of Robert E. Seaman III, an attorney and authorized representative of DOM (the "**Seaman Declaration**") [Dkt. No. 4] as well as DOM's prior motions [Dkt. Nos. 3 &5] (the "**Motions**"), and the Declaration of Debtor's principal, Del Anthony Polikretis filed in this case on April 19, 2010 [Dkt No. 32] (the "**Anthony Declaration**"). The contents of the Seaman Declaration, the Motions and the Anthony Declaration are incorporated by reference as if fully set forth herein.

## III.    ARGUMENT

**THE BEST INTERESTS OF CREDITORS, THE DEBTOR, AND THE ESTATE REQUIRE THE APPOINTMENT OF A TRUSTEE UNDER BANKRUPTCY CODE § 1104(a)(2)**

The Bankruptcy Code requires that a trustee be appointed in a chapter 11 case if such appointment is in the best interests of creditors, equity holders, and the estate:

> (a)    At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee –
>
> (2) if such appointment is in the best interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor….

11 U.S.C. § 1104(a)(2). Thus, if grounds exist for the appointment of a trustee, the Court has no discretion but to appoint a trustee. *In re Oklahoma Refining Co.*, 838 F.2d 1133, 1136 (10th Cir. 1988). And, as the Court recognized, section 1104(a) and section 105(a) give the Court the authority to appoint a trustee *sua sponte* at any time after commencement of the case. *In re Bibo*, 76 F.3d 256 (9th Cir. 1996).

In this case, the disagreements between ESCOM's Managers, and its Operating Agreement

requirement of their perfect unanimity for ESCOM to take any significant action, have prevented ESCOM from disposing of its only significant asset, the Domain Name, operating its business and responding to the involuntary petition. These disputes will certainly prevent ESCOM from administering this bankruptcy case.

The inability of a debtor's management to govern and shepherd it through the bankruptcy process has constituted sufficient grounds for numerous other courts to appoint trustees in the same or very similar circumstances. For instance, in the case of *In re Advanced Electronics, Inc.*, 99 B.R. 249 (Bankr. M.D. Pa. 1989), the involuntary debtor's creditors sought the appointment of a trustee based upon the record of the hearing on the involuntary bankruptcy adjudication. The court granted the motion, holding that pursuant to section 1104(a)(2), a deadlock among the debtor's board of directors raised serious questions about its ability to operate profitably and warranted the appointment of a trustee as in the best interests of the estate.

The case of *In re Petralex Stainless, Ltd.*, 78 B.R. 738 (Bankr. E.D. Pa. 1987), was also commenced by involuntary petitioners who were insider entities controlled by one of the debtor's shareholders. The debtor's board was deadlocked and could not resolve financing problems, so it could not operate profitably. In appointing a trustee, the court found that "[u]nder such chaotic circumstances, a disinterested trustee can impartially assess Petralex's condition and work with the warring factions, thus facilitating the decision making process." *Id.* at 745.

In the case of *In re Tahkenitch Tree Farm Partnership*, 156 B.R. 525 (Bankr. E.D. La. 1993), one of the debtor's general partners joined in filing the involuntary petition. The partners were in litigation over their ownership interests in the debtor, and because of the debtor's inability to act, the court authorized the assignee of the debtor's major asset to act as agent for the debtor. The partners' dispute, however, prevented the agent from acting in a fair and unbiased manner, which combined with certain acts that the agent took in its own behalf, constituted cause under Bankruptcy Code § 1104(a)(1) to appoint a trustee (*i.e.*, fraud, dishonesty, incompetence, or gross mismanagement). But the court further held that the appointment of a trustee was also proper under section 1104(a)(2) because the board of directors was effectively deadlocked, following the holdings in *In re Advanced Electronics, Inc.* and *In re Petralex Stainless, Ltd., supra.*

Similarly, in the case of *In re New Towne Development, LLC*, 404 B.R. 140 (Bankr. MD. La. 2009), the court found that even if "cause" to appoint a trustee did not exist under section 1104(a)(1), the paralysis of management, and an actual conflict of interest under which half of the debtor's members were operating, warranted the appointment of a trustee as in the best interests of creditors, equity holders and other interests of the estate under section 1104(a)(2). The facts of *In re New Towne Development, LLC* are also remarkably similar to the facts of this case. There, the members of the debtor signed an operating agreement that required a supermajority to make significant decisions. The debtor's asset (development property) was subject to a security interest (mortgage) owned by one of the members, who after failed settlement discussions, commenced foreclosure proceedings. The members disputed significant actions before the bankruptcy, including a capital call to pay the interest due on the mortgage debt. Settlement offers to buy each others' interests were rejected. Then the dissenting member – through its controlling individual – joined the involuntary petition to stay the foreclosure. The debtor's unsecured debt was owed to only a handful of creditors and represented a small fraction of the amount of the secured debt. The debtor had no income, some cash, no other significant assets, and one employee. The asset had significant value, as much or more than the secured debt. Although the court denied the secured creditor's motion to dismiss for bad faith, the court appointed a trustee because of the inability of the debtor to manage its affairs. "The Shearwater membership dispute effectively has paralyzed New Towne's management, and necessitates installing a neutral third party to operate the debtor unhampered by its members' disagreements." *Id.* at 149.[2] This was sufficient reason to support the appointment of a trustee in the interests of all creditors, equity holders and the estate under Bankruptcy Code § 1104(a)(2).

In the case of *In re New Orleans Paddlewheels, Inc.*, 350 B.R. 667, 681 (Bankr. E.D. La. 2006), the court stated that "grounds for the appointment of a trustee may exist if a corporate deadlock of the debtor's governing body prevents debtor from receiving the necessary corporate approval to present a plan of reorganization to the court. However, in order to address whether or not a deadlock exists, this Court must first determine 1) who holds the offices of management; 2) who is properly on its board; 3)

---

[2]/ Another factor was the need for the secured creditor/corporate members to recuse themselves from corporate management concerning the debtor's liability to them in order to protect their interests on their personal guaranties.

385491_1.DOC                                    4

**MEMORANDUM OF POINTS AND AUTHORITIES OF DOM PARTNERS LLC IN SUPPORT OF APPOINTMENT OF TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a)(2)**

the relative authority of each; and ultimately, 4) if the party with the responsibility for approving the plan can exercise its duty without a deadlock." Here, there is no dispute as to the equity and management structure, and ESCOM's lack of authority under the Operating Agreement to act absent unanimous consent of the Managers. (Anthony Declaration at ¶¶ 5, 6 and 7; Seaman Declaration at ¶ __, Ex. 1, § 5.03). All attempts by ESCOM's Managers to resolve their disputes have failed, so there is no one with the ability to act without first resolving the deadlock. Indeed, even though the parties agree that the Domain Name must be sold, they cannot agree on the method by which it will be sold, the time within which to sell it, who will sell it, the amount to be paid to the seller, or the distribution of the sale proceeds. (Seaman Declaration at ¶ 5). Upon information and belief, this disagreement stems from WTA's refusal to value the Domain Name at or near its true market value, instead seeking to require an unrealistically high reserve amount that would either protect the junior claim of iEntertainment, an entity that is controlled by WTA's Chairman, Michael Mann, or dissuade bidders from purchasing the Domain Name, thereby retaining control of it by Mr. Mann. (Seaman Declaration at ¶ 5). WTA's refusal to appropriately value the Domain Name has prevented WTA and DOM from agreeing on the parameters by which the Domain Name should be sold. (Seaman Declaration at ¶ 5). In addition, DOM and WTA disagree as to whom shall act as auctioneer or broker for the sale of the Domain Name, how much of a commission to pay to the selling person or entity, the time frame needed to market and sell the Domain Name, and the order and amount of the distribution of sale proceeds. (Seaman Declaration at ¶ 5). DOM has negotiated in good faith with WTA since at least January 2009 in an effort to come to an agreement on how to best sell the Domain Name. (Seaman Declaration at ¶ 5). WTA has consistently impeded the sale of the Domain Name and continues to do so. (Seaman Declaration at ¶ 5). DOM and WTA are hopelessly deadlocked on this issue. (Seaman Declaration at ¶ 5). Only a trustee can resolve this deadlock and act for the benefit of creditors, ESCOM and its interest holders.

## IV. CONCLUSION

Accordingly, for all of the foregoing reasons, DOM respectfully requests that the Court (a) appoint a chapter 11 trustee for ESCOM pursuant to Bankruptcy Code § 1104(a)(2), and (b) grant such further and other relief as is just and proper.

Dated:  April 26, 2010

NOSSAMAN LLP
Allan H. Ickowitz
John W. Kim

- AND -

WINDELS MARX LANE & MITTENDORF, LLP
Alan Nisselson
Scott R. Matthews

By: _____
JOHN W. KIM
*Attorneys for DOM Partners, LLC*

| In re: ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 10-bk-13001-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Nossaman LLP, 445 S. Figueroa Street, 31st floor, Los Angeles, CA 90071**

The foregoing document described **MEMORANDUM OF POINTS AND AUTHORITIES OF DOM PARTNERS LLC IN SUPPORT OF APPOINTMENT OF TRUSTEE PURSUANT TO 11 U.S.C. § 1104(a)(2)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 26, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **April 26, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 26, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**VIA HAND DELIVERY**
The Honorable Geraldine Mund
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 26, 2010 | Marlene Bonilla | /s/ Marlene Bonilla |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.
January 2009
**F 9013-3.1**

| | |
|---|---|
| In re: ESCOM, LLC | CHAPTER 11 |
| Debtor(s). | CASE NUMBER: 10-bk-13001-GM |

## SERVICE LIST

### I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Jeffrey W Dulberg    jdulberg@pszjlaw.com
Susan I Montgomery    susan@simontgomerylaw.com
S Margaux Ross    margaux.ross@usdoj.gov
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

### III.  SERVED BY E-MAIL

**Attorneys for Petitioning Creditors Washington Technology Associates, LLC, iEntertainment, Inc., and AccountingMatters.comLLC**
Susan I. Montgomery, Esq.
1925 Century Park East, Suite 2000
Los Angeles, CA 90067
susan@simontgomerylaw.com

**Attorneys for Petitioners Washington Technology Associates, LLC, iEntertainment, Inc.,and AccountingMatters.comLLC**
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
lfm@msf-law.com

**Debtor**
Escom LLC
23480 Park Sorrento Ste 206B
Calabasas, CA 91302
Attn: Del Anthony
del@escomllc.com

**Counsel to Creditor or Parties in Interest Nuthin' But Net, LLC:**
Daniel G. Gurfein, Esq.
Satterlee Stephens, Burke & Burke LLP
230 Park Avenue
New York, New York 10169
dgurfein@ssbb.com

**Creditors or Parties in Interest**
i95 Investment Group
60 Wells Avenue, Suite 100
Newton, MA 02459
Attn: Corey Bialow, Andrew Miller
cbialow@bialow.com
amiller@internetrealestate.com

**Creditors or Parties in Interest**
Domain Name Acquisition Group, LLC
c/o Internet Real Estate Group LLC
188 Needham Street, Suite 255
Newton, MA 02464
Attn: Andrew Miller
amiller@internetrealestate.com

**Attorneys for US Trustee**
S. Margaux Ross, Esq.
21051 Warner Ctr. Lane, Suite 115
Woodland Hills, CA 91367
margaux.ross@usdoj.gov

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                    **F 9013-3.1**