NOSSAMAN LLP
Allan H. Ickowitz (SBN 80994)
John W. Kim (SBN 216251)
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071
Telephone: 213-612-7849
Facsimile: 213-612-7801
aickowitz@nossaman.com; jkim@nossaman.com

-and-

WINDELS MARX LANE & MITTENDORF, LLP
Alan Nisselson, Esq. (Admitted *Pro Hac Vice)*
Scott R. Matthews, Esq. (Admitted *Pro Hac Vice*)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215
anisselson@windelsmarx.com; smatthews@windelsmarx.com

Attorneys for DOM Partners LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ESCOM, LLC,<br><br>Debtor. | Involuntary Chapter 11 Petition<br><br>Case No. 10-bk-13001-GM<br><br>**DECLARATION OF ROBERT E. SEAMAN III IN SUPPORT OF THE APPLICATION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**<br><br>**HEARING**<br><br>Date:  April 27, 2010<br>Time:  10:00 a.m.<br>Judge:  Hon. Geraldine Mund (Crtm. 303)<br>Place:  21041 Burbank Blvd<br>       Woodland Hills, CA |

385492_1.DOC

I, Robert E. Seaman III, declare as follows:

1. I am an authorized representative of and legal counsel to DOM Partners LLC ("**DOM**"), a secured creditor of the alleged Debtor, ESCOM, LLC ("**ESCOM**"). I have personal knowledge of the matters set forth herein and, if called upon to do so, I could and would competently testify as to them.

2. As ESCOM's representative stated in his Declaration[1], ESCOM is unable to manage itself due to irreconcilable differences between its Managers. [Doc. 32, ¶ 7]. Now that the Court has determined that it is not appropriate at this juncture to dismiss the involuntary chapter 11 petition (the "**Petition**") filed by three purported and related petitioners, Washington Technology Associates, LLC ("**WTA**"), iEntertainment, Inc. ("**iEntertainment**"), and AccountingMatters.com, LLC ("**AccountingMatters**") (collectively, "**Petitioners**"), the Court should appoint a trustee to take control of ESCOM and shepherd it through this Chapter 11 Bankruptcy Case because there is a deadlock among the Managers of ESCOM such that ESCOM cannot make major decisions needed to operate during the pendency of this Bankruptcy Case and sell its only major asset, the domain name www.sex.com (the "**Domain Name**") to satisfy the claims of ESCOM's creditors, which are not being paid and continue to grow. Indeed, ESCOM has not paid any of its debt to DOM since the debt became due in January 2009.

3. Pursuant to Article V, § 5.01 of the Fourth Amended and Restated Limited Liability Company Agreement of ESCOM (the "**Operating Agreement**"), a copy of which is attached as <u>Exhibit 1</u>, "the overall business and affairs of ESCOM shall be managed by the Managers" (*i.e.*, DOM, WTA and Domain Name Acquisition Group, LLC ("**DNAG**")). ESCOM's "day to day operations" are to be managed by its officer(s). ESCOM claims that it has only one officer and employee, Del Anthony Polikretis ("**Anthony**"), who serves as its President and Chief Executive Officer. DOM is unable to determine whether that statement is true because, although DOM is a Manager entitled to manage ESCOM, DOM has been shut out of any and all management decisions and, moreover, DOM has not been provided with ESCOM's corporate information necessary to manage the overall business affairs of ESCOM.

---

[1] Pursuant to the Operating Agreement, ESCOM's representative, Del Anthony Polikretis, is not now, and has never been, authorized to act on behalf of ESCOM with respect to this proceeding.

{10562530:3}    1

**DECLARATION OF ROBERT E. SEAMAN III IN SUPPORT OF THE
APPLICATION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE**

4. Pursuant to Article V, § 5.03 of the Operating Agreement, certain major decisions must be made by the Managers, including decisions to: (a) encumber, *transfer, sell*, assign or otherwise dispose of any intellectual property right or interest of ESCOM, including *the Domain Name* (§ 5.03(j) (emphasis added)); (b) *pay, prosecute, defend and/or compromise any obligation, suit, liability, litigation or similar procedure, cause of action or claim*, including related to taxes, either in favor of or against ESCOM, involving matters greater than $25,000 in value, *or involving matters of strategic importance to ESCOM* ("which shall be deemed to include anything related to or in connection with the Domain Name") (§ 5.03(l) (emphasis added)); (c) *sell any assets with value greater than $25,000* (§ 5.03(a) (emphasis added)); (d) approve the annual budget and financial statements (§ 5.03(e)); (e) borrow money, pledge any assets, or prepay, extend, amend or otherwise modify the terms of any indebtedness (§ 5.03(k)); (f) hire or employ ESCOM's auditors (§ 5.03(k)); (g) make, release or disseminate any public statements, promotions, press releases or announcements that reference (expressly or implicitly) any Member or Manager (§ 5.03(q)); and (h) return any Capital Contribution or issue or grant any additional Interests or other equity in ESCOM (§ 5.03(r)). In short, ESCOM cannot manage itself at this critical juncture except by unanimous vote of the Managers.

5. All parties recognize that ESCOM must sell the Domain Name to satisfy the secured claims against it. The Managers, DOM and WTA, however, disagree on the manner and method of selling the Domain Name. Upon information and belief, this disagreement stems from WTA's refusal to value the Domain Name at or near its true market value, instead claiming unrealistically high amounts be set as a reserve price in a private sale in an attempt either to protect the claim by iEntertainment, an entity that is controlled by WTA's Chairman, Michael Mann, even though iEntertainment's claim is junior to the claims held by WTA and DOM, or dissuade bidders from purchasing the Domain Name, and thereby retaining Mr. Mann's control over it. WTA's refusal to appropriately value the Domain Name has prevented WTA and DOM from agreeing on the parameters by which the Domain Name should be sold. In addition, DOM and WTA disagree as to whom shall act as auctioneer or broker for the sale of the Domain Name, how much of a commission to pay to the selling person or entity, the time frame needed to market and sell the Domain Name, and the order and amount of the distribution of sale proceeds. DOM has negotiated in good faith with WTA since at least January 2009 in an effort to come

1 to an agreement on how to best sell the Domain Name. WTA has consistently impeded the sale of the Domain Name and continues to do so. DOM and WTA are hopelessly deadlocked on this issue.

6. Moreover, upon information and belief, WTA's Chairman, Mr. Mann, is affiliated with or has some interest in most if not all of the companies with which ESCOM does business, thereby providing Mr. Mann with an incentive to refuse to agree to sell, or otherwise delay the sale of, the Domain Name. For this reason, a trustee is needed to replace ESCOM's management and vendors until the Domain Name can be sold.

7. It is anticipated that ESCOM will argue, without any authorization to do so, that the Operating Agreement provides, under certain circumstances, for an adequate remedy where there is no unanimity among the three Managers (although ESCOM's recognition of the unanimity requirement and admission at paragraph 6 of Anthony's Declaration that the unanimity requirement has "led to disastrous results" would undercut any such claim). In order for a non-Manager Member to be authorized to act, several requirements must be met. None have been met here. The Operating Agreement provides that, where there is no unanimous vote of the Managers, a non-Manager Member of ESCOM may authorize ESCOM to take action provide certain contract requirements are met. (Ex. 1, § 5.03). First, a vote of the Managers is required. Second, in the event that the vote is not unanimous, there must be a determination that the failure to act would have a material adverse effect on ESCOM. Third, the Managers must each submit a written report to the Members describing their view of the issue and recommended course of action. Only at such time might the non-Manager Members be entitled to decide on the appropriate course of action by written consent or pursuant to a vote in a meeting called in accordance with the requirements of the Operating Agreement. Even if these contract requirements were met, which have not been met, the sale of the Domain Name is of too great importance to be left to be decided by the non-Manager Members with far less interest than the Managers in the Domain Name and ESCOM. Permitting that result would subvert the intent of the parties in requiring unanimity of the Managers to make major decisions and rob the secured creditors of their interest in the only asset that can be sold to satisfy their claims. In these circumstances, a trustee is needed to protect their interests.

8. There is no dispute as to the lack of authority under Operating Agreement to act absent unanimous consent of the Managers. (Anthony Declaration at ¶¶ 5, 6 and 7). All attempts by ESCOM's

1 | Managers to resolve their disputes have failed, so there is no one with the ability to approve the sale of
2 | the Domain Name without first resolving the deadlock. Only a trustee can resolve this deadlock and act
3 | for the benefit of all creditors, ESCOM and its interest holders.

4 |     I declare under penalty of perjury under the laws of the United States of America that the
5 | foregoing is true and correct.

6 |     Executed this 26th day of April, 2010 at Fort Lee, New Jersey.

_____
ROBERT E. SEAMAN III

{10562530;3}

4

DECLARATION OF ROBERT E. SEAMAN III IN SUPPORT OF THE
APPLICATION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE

| In re: ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 10-bk-13001-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**Nossaman LLP, 445 S. Figueroa Street, 31st floor, Los Angeles, CA 90071**

The foregoing document described **DECLARATION OF ROBERT E. SEAMAN III IN SUPPORT OF THE APPLICATION FOR THE APPOINTMENT OF A CHAPTER 11 TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 26, 2010** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **April 26, 2010** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 26, 2010** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

**VIA HAND DELIVERY**
The Honorable Geraldine Mund
United States Bankruptcy Court - Central District of California
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 26, 2010 | Marlene Bonilla | /s/ Marlene Bonilla |
|---|---|---|
| Date | Type Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                **F 9013-3.1**

| In re: ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER: 10-bk-13001-GM |

## SERVICE LIST

### I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Jeffrey W Dulberg    jdulberg@pszjlaw.com
Susan I Montgomery    susan@simontgomerylaw.com
S Margaux Ross    margaux.ross@usdoj.gov
United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

### III. SERVED BY E-MAIL

**Attorneys for Petitioning Creditors Washington Technology Associates, LLC, iEntertainment, Inc., and AccountingMatters.comLLC**
Susan I. Montgomery, Esq.
1925 Century Park East, Suite 2000
Los Angeles, CA 90067
susan@simontgomerylaw.com

**Attorneys for Petitioners Washington Technology Associates, LLC, iEntertainment, Inc.,and AccountingMatters.comLLC**
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th Street, 19th Floor
New York, NY 10017
lfm@msf-law.com

**Debtor**
Escom LLC
23480 Park Sorrento Ste 206B
Calabasas, CA 91302
Attn: Del Anthony
del@escomllc.com

**Counsel to Creditor or Parties in Interest Nuthin' But Net, LLC:**
Daniel G. Gurfein, Esq.
Satterlee Stephens, Burke & Burke LLP
230 Park Avenue
New York, New York 10169
dgurfein@ssbb.com

**Creditors or Parties in Interest**
i95 Investment Group
60 Wells Avenue, Suite 100
Newton, MA 02459
Attn: Corey Bialow, Andrew Miller
cbialow@bialow.com
amiller@internetrealestate.com

**Creditors or Parties in Interest**
Domain Name Acquisition Group, LLC
c/o Internet Real Estate Group LLC
188 Needham Street, Suite 255
Newton, MA 02464
Attn: Andrew Miller
amiller@internetrealestate.com

**Attorneys for US Trustee**
S. Margaux Ross, Esq.
21051 Warner Ctr. Lane, Suite 115
Woodland Hills, CA 91367
margaux.ross@usdoj.gov

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1