SUSAN I. MONTGOMERY (State Bar No. 120667)
1925 Century Park East, Suite 2000
Los Angeles, CA 90067
Telephone: (310) 556-8900
Fax: (310) 556-8905

MEISTER SEELIG & FEIN LLP
Lawrence F. Morrison, Esq.
140 East 45th Street, 19th Floor
New York, NY 10017
Telephone: (212) 655-3500

Counsel for WASHINGTON TECHNOLOGY ASSOCIATES, LLC; iENTERTAINMENT, INC; and ACCOUNTINGMATTERS.COM, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>ESCOM, LLC,<br><br>　　　　　　Debtor. | INVOLUNTARY CHAPTER 11 PETITION<br><br>CASE NO.: 1:10-bk-13001-GM<br><br>PETITIONING CREDITORS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE APPOINTMENT OF A CHAPTER 11 TRUSTEE<br><br><u>HEARING</u><br><br>Date: April 27, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 303 |

**TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE, TO DEBTOR ESCOM LLC, DOM PARTNERS, LLC, THE OFFICE OF THE UNITED STATES TRUSTEE, AND TO THEIR ATTORNEYS OF RECORD:**

Washington Technology Associates, LLC; iEntertainment, Inc.; and AccountingMatters.com, LLC, (the "Petitioning Creditors"), submit this opposition to the Order to Show Cause filed by the court as to why a chapter 11 trustee should not be appointed. For the reasons set forth below, it is respectfully submitted that there is no cause to appoint a chapter 11 trustee in this case and that such appointment would be detrimental to the estate and its creditors.

## I.    STATEMENT OF FACTS: PROCEDURAL HISTORY

On March 17, 2010, the three Petitioning Creditors filed an involuntary bankruptcy petition in the United States Bankruptcy Court, Central District of California. Debtor had until April 12, 2010 to file an answer or otherwise contest the involuntary petition. The time has run and the Debtor does not oppose an Order for relief being entered.

On January 12, 2006, Washington Technology Associates, LLC ("WTA") made a secured loan to Debtor in the amount of $5,000,000.00 (the "WTA Loan"). WTA is a first priority secured lender which has been acknowledged by DOM to share an equal priority security interest in all of the Debtor's assets. DOM also has acknowledged that petitioners iEntertainment, Inc. and AccountingMatters.com, LLC are creditors of the Debtor, iEntertainment, Inc. being a secured creditor.

On or about February 17, 2010, DOM caused a UCC foreclosure notice to be sent to the Debtor and creditors notifying them that DOM had retained New York State auctioneer David R. Maltz & Co. ("Maltz"), to conduct a UCC foreclosure sale of Debtor's assets on March 18, 2010 at the offices of DOM's counsel, Windels Marx Lane & Mittendorf, LLP.

The involuntary petition was filed on March 17, 2010 to stay the auction and allow the sale to be quickly and efficiently conducted under the supervision of the Bankruptcy Court.

///

On or about March 26, 2010, DOM filed a Motion for Relief from Stay and a Motion to Dismiss the involuntary petition. Petitioning Creditors opposed both motions. On April 19, 2010, Debtor filed its own opposition to the motion to dismiss and to the motion for relief from the automatic stay.

On April 20, 2010, the Court conducted a hearing on DOM's motions. At the hearing, attorneys for DOM argued that a section 363 sale should occur as quickly as possible. Debtor appeared at the hearing through counsel and argued that (1) the Debtor does not oppose an Order for relief, (2) the Debtor has a positive cash flow, and (3) president Del Anthony is fully able and authorized to act on behalf of the Debtor and move forward with a section 363 sale. For the reasons set forth in the Court's tentative ruling, the Court denied both of DOM's Motions in their entirety.

The court set a further hearing for April 27 to determine whether a chapter 11 trustee should not be appointed.

**II.    DISCUSSION**

11 U.SC. § 1104 provides that:

> (a) At any time after the commencement of the case but before confirmation of a plan, on request of a party in interest or the United States trustee, and after notice and a hearing, the court shall order the appointment of a trustee—
> (1) for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management, either before or after the commencement of the case, or similar cause, but not including the number of holders of securities of the debtor or the amount of assets or (2) if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate, without regard to the number of holders of securities of the debtor or the amount of assets or liabilities of the debtor; or (3) if grounds exist to

2

1 convert or dismiss the case under section 1112, but the court
2 determines that the appointment of a trustee or an examiner is in
3 the best interests of creditors and the estate.

### A.   THERE IS NO CAUSE" FOR APPOINTMENT OF A TRUSTEE.

Section 1104 (a)(i) establishes as the sine qua non for appointment of a trustee "cause, including fraud, dishonesty, incompetence or gross mismanagement...." Simply stated there has been no evidence provided of fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the Debtor by current management. In fact, none of the parties in any pleading requested that a chapter 11 trustee be appointed. At the hearing on its motion for stay relief and dismissal DOM's counsel voiced their support for a chapter 11 trustee for the first time. DOM fails to demonstrate that cause exists. "[T]he Court must find something more aggravated than simple mismanagement ...."Schuster, 266 B.R. at 272.Typically, to meet the rigorous standard in subsection (1) requires a finding of serious misconduct. See *In re Sidco, Inc., 162 B.R. 299,301, n.1(Bankr. E.D. Cal 1993* There is absolutely no evidence here of any misconduct.

Fraud cases "usually involve some blatant attempt by the debtor to deceive the creditors to the profit of the debtor and the detriment of the creditors. *In re Mako, Inc.,* 102 B.R. 809, 812 (Bankr. E.D. Ok. 1988)". "Dishonesty appears to be considered by the various Courts as a lesser form of fraud, still relying on a certain degree of misrepresentation." *Id.* "Incompetency has its roots in mismanagement, requiring a showing of a lack of business acumen and ability." *Id.* "Gross mismanagement suggests some extreme ineptitude on the part of management to the detriment of the organization.... but it must be above simple mismanagement to achieve the level envisioned by the Code." *Id.* (citation omitted). There has been no evidence of mismanagement in this case. "To require the appointment of a trustee, regardless of the consequences, in the event of an act of ... the debtor, however slight or immaterial, could frustrate the purposes of the bankruptcy act. *In re Mako*, 102 B.R. at 812-813 (citation omitted).

///

### B.   ACRIMONY IS NOT A BASIS TO APPOINT A CHAPTER 11 TRUSTEE

The only issue leading up to the filing was acrimony between Petitioning Creditors and DOM and Debtor regarding which party should sell the sex.com domain name and related trademarks (collectively, the "Assets"), and under what terms and conditions. However undefined acrimony as alleged hardly amounts to cause requiring the appointment of a trustee. *See In re Marvel Entertainment Group, Inc.*, 140 F. 3d 463, 473(3rd Cir. 1998). The "conflict among the parties [must] threaten [] the viability of the business or serious loss to the estate," before the appointment of a trustee is warranted. *In re Microwave Products of America, Inc.*, 102 B.R. 666, 672 (Bankr. W.D. TN 1989) (citation omitted). No such heightened acrimony has been alleged, much less proven.

The Petitioning Creditors sought the bankruptcy forum to sell the Assets pursuant to a section 363 sale in order to maximize the value for all creditors. It is respectfully submitted that the cost of a chapter 11 trustee would seriously impact the ultimate funds available to pay creditors. If the Court permits a surcharge, a chapter11 Trustee would receive nearly a 3% commission on the sale of the Assets and hire its own counsel and accountants at a substantial cost to the Estate. This cost would severely prejudice all creditors.

### C.   DEBTOR'S PRESIDENT DEL ANTHONY IS NOW EMPOWERED TO ACT ON BEHALF OF THE DEBTOR; ACCORDINGLY APPOINTMENT OF A CHAPTER 11 TRUSTEE IS NOT IN THE BEST INTEREST OF THE CREDITORS OR THE EFFICIENT ADMINISTRATION OF THE ESTATE

The involuntary bankruptcy petition was initially filed because Section 5.03 of the Debtor's Operating Agreement required the Debtor's three Managers, including WTA and DOM, to unanimously agree prior to any significant action being taken, including a sale of Assets, and the Managers could not reach such an agreement. Accordingly, without DOM's consent, the Debtor could not enter into a contract to sell the Assets or file a voluntary bankruptcy petition. Since the involuntary bankruptcy filing, however, the Debtor's

4

members have followed the provisions set forth in 5.03 to break the deadlock and enable the Debtor to consent to the filing of the chapter 11 bankruptcy and to operate the Debtor's business within the confines of bankruptcy.  Section 5.03 of the Operating Agreement states:

> In the event that the Managers fail to reach unanimity with respect to a particular issue, such that if no action is taken regarding the issue at all, there would be a material adverse affect on the Company, each Manager shall submit a written report to the Members describing their view of the issue and recommended course of action.  The other Members (who are not Managers or Founders) shall then decide on the appropriate course of action by written Consent or pursuant to a vote in a meeting called in accordance with this Article V.

As set forth in the Debtor's Opposition and supporting declarations and exhibits, filed concurrently herewith, WTA initiated the procedure specified in the Debtor's Operating Agreement to break the deadlock among the managers and undertook to obtain the written consent of the other members of the Debtor, who are not managers or founders.  Following the procedures set forth in Section 5.03, I-95 Investment Group, LLC ("I-95"), which owns the majority of the non-manager interest in the company, issued the "Written Consent of the Non-Founder Members of Escom, LLC" (the "Resolution"), a copy of which is attached as Exhibit A to the Bialow Declaration filed by the Debtor concurrently herewith.  The Resolution authorizes Del Anthony to manage the Debtor in the bankruptcy proceeding and grants authority to Anthony as follows:

> [Anthony] Polikretis is hereby authorized and directed to take any necessary action and file any necessary documentation with the Bankruptcy Court to consent to the Petition on behalf of the Company and to act for the Company in all matters relating to the Bankruptcy thereafter and to conduct the Bankruptcy on

5

behalf of the Company, all as he deems appropriate in the best interest of the Company, its creditors and members in his reasonable good faith discretion and upon the advice of counsel.

Now that Del Anthony has the authority to act on behalf of the Debtor and can comply with his fiduciary duties as required under the Bankruptcy Code, Mr. Anthony can guide the Debtor through bankruptcy and, using his knowledge and experience in the industry, he will be in the best position to assist in marketing and selling the Assets for the highest and best price for the benefit of all creditors.  Accordingly, a chapter 11 trustee is no longer a necessary or viable alternative.   The added expense of a chapter 11 trustee, along with his/her professionals, will severely prejudice the creditors.

## III.    CONCLUSION

Based upon the foregoing, it is respectfully requested that the Order to Show Cause for the appointment of a Chapter 11 Trustee be denied and that Del Anthony be permitted to perform the duties and obligations of the Debtor under Chapter 11.

Dated:  April 26, 2010

LAW OFFICE OF SUSAN I. MONTGOMERY

MEISTER SEELIG & FEIN LLP


By ___/s/ Susan I. Montgomery___
    Susan I. Montgomery
Attorneys for Petitioning Creditors
WASHINGTON TECHNOLOGY ASSOCIATES, LLC; iENTERTAINMENT, INC.; and ACCOUNTINGMATTERS.COM, LLC

6

| In re: **ESCOM LLC** | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1925 Century Park East, Suite 2000, Los Angeles, CA  90067

A true and correct copy of the foregoing document described PETITIONING CREDITORS' RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE RE APPOINTMENT OF A CHAPTER 11 TRUSTEE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 26, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- John W Kim    jkim@nossaman.com
- Susan I Montgomery    susan@simontgomerylaw.com
- S Margaux Ross    margaux.ross@usdoj.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on April 26, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

| In re: **ESCOM LLC** | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

The Honorable Geraldine Mund, U.S. Bankruptcy Judge     **[ BY PERSONAL DELIVERY]**
United States Bankruptcy Court
21041 Burbank Blvd., Suite 342
Woodland Hills, CA 91367

Jeffrey W Dulberg     jdulberg@pszjlaw.com
John W Kim     jkim@nossaman.com
S Margaux Ross     margaux.ross@usdoj.gov
Alan Nisselson   anisselson@windelsmarx.com
Scott Matthews   smatthews@windelsmarx.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 4/26/2010 | SUSAN I. MONTGOMERY | /s/ Susan I. Montgomery |
|---|---|---|
| *Date* | *Type Name* | *Signature* |