1 | Jeffrey W. Dulberg (CA Bar No. 181200)
Gabrielle Albert Rohwer (CA Bar No. 190895)
2 | PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
3 | Los Angeles, California 90067-4100
Telephone: 310/277-6910
4 | Facsimile:  310/201-0760

5 | Proposed Attorneys for Alleged Debtor

6

7

8 | UNITED STATES BANKRUPTCY COURT

9 | CENTRAL DISTRICT OF CALIFORNIA

10 | SAN FERNANDO VALLEY DIVISION

11 | In re:                                                    Case No.: 1:10-bk-13001-GM

12 | ESCOM LLC,                                            Chapter 11

13 |                            Alleged Debtor.    DECLARATION OF COREY BIALOW IN
SUPPORT OF DEBTOR'S RESPONSE TO
14 |                                                             ORDER TO SHOW CAUSE WHY A
CHAPTER 11 TRUSTEE SHOULD NOT
15 |                                                             BE APPOINTED IN THIS BANKRUPTCY
CASE

16

17 |                                                             **Hearing Date:**

18 |                                                             Date:  April 27, 2010
Time:  10:00 a.m.
19 |                                                             Place: 21041 Burbank Blvd
                                                                        Woodland Hills, CA  91367
20 |                                                             Judge: Hon. Geraldine Mund (Crtm. 303)

21

22 |        I, Corey Bialow, declare:

23 |        1.      I am the Chief Executive Officer of Bialow Real Estate LLC and a member of I-95

24 | Investment Group, LLC ("I-95").  I-95 is a non-founder member of ESCOM LLC, the above

25 | captioned alleged debtor (the "Debtor").

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

23880-001\DOCS_NY:20685.1

2.      I submit this Declaration in support of the Debtor's Response to Order to Show Cause Why a Chapter 11 Trustee Should Not Be Appointed in this Bankruptcy Case (the "OSC Response").[1]

3.      All facts stated herein are known by me to be true through my own personal knowledge and, therefore, I would and could competently testify thereto in a court of law if called upon to do so.

4.      On April 13, 2010, I executed the Written Consent of the Non-Founder Members of Escom, LLC, (the "Resolution"), a true and correct copy of which is attached hereto as Exhibit A. I was authorized to execute the Resolution on behalf of I-95.

5.      I was prepared to execute the Resolution on behalf of I-95 prior to April 13, 2010. However, WTA requested that I wait for DOM and/or DNAG to submit written recommendations. It was only after I did not receive any response from them that I signed the Resolution.

I declare under penalty of perjury that the forgoing is true and correct.

Dated: April 26, 2010

By  _Corey Bialow by GM_
     Corey Bialow         with authority

---

[1] Capitalized terms not otherwise defined shall have the same meaning as ascribed to them in the OSC Response.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

## WRITTEN CONSENT OF THE NON-FOUNDER MEMBERS OF ESCOM, LLC

Pursuant to Sections 5.03 and 5.17 of the Fourth Amended and Restated Limited Liability Company Agreement of Escom, LLC (the "Operating Agreement"), the undersigned Member of Escom, LLC (the "Company") who is not a Manager or Founder (as defined in the Operating Agreement), hereby consents to the adoption of the following resolutions:

**WHEREAS,** an Involuntary Petition for Chapter 11 Bankruptcy (the "Petition") was filed against the Company on March 17, 2010, before the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "Bankruptcy Court");

**WHEREAS,** the Company has until April 12, 2010, to consent or object to the Petition and the Managers do not agree on which course of action the Company should take; and

**WHEREAS,** pursuant to Section 5.03 of the Company's Fourth Amended and Restated Limited Liability Company Agreement, each of the Managers of the Company has had an opportunity to submit a written report to the Members describing that Manager's view of the issues relating to the Settlement Agreement and Petition and setting forth that Manager's recommended course of action regarding the same.

**NOW, THEREFORE, BE IT RESOLVED,** that the undersigned Member, who holds sufficient Membership Interest in the Company to act on behalf of all of the Members who are not Managers or Founders.

**FURTHER RESOLVED,** that it is in the best interest of the Company and its Members for the Company to consent to the Petition and for the Company to reorganize its debts in bankruptcy under the protection of Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy").

**FURTHER RESOLVED,** that Polikretis is hereby authorized and directed to take any necessary action and file any necessary documentation with the Bankruptcy Court to consent to the Petition on behalf of the Company and to act for the Company in all matters relating to the Bankruptcy thereafter and to conduct the Bankruptcy on behalf of the Company, all as he deems appropriate in the best interest of the Company, its creditors and members in his reasonable good faith discretion and upon the advice of counsel.

**FURTHER RESOLVED,** that Polikretis is authorized to continue the Company's engagement with Pachulski Stang Ziehl & Jones, LLP (or any other counsel he may reasonably select) as Bankruptcy counsel.

**FURTHER RESOLVED,** that notwithstanding anything herein to the contrary, the Managers may at any time by unanimous written Consent terminate the authorization granted to Polikretis hereunder.

Dated as of the 13th day of April, 2010.

**For I-95 Investment Group, LLC:**

By: _____

Name: _____

Title: _____