FILED & ENTERED

JUN 21 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Caloza    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>Escom LLC,<br><br><br>Debtor(s). | Case No: 1:10-bk-13001-GM<br><br>Chapter: 11<br><br>**ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE AND FILING OF MONTHLY REPORTS**<br><br>Hearing Date: September 14, 2010<br>Time: 10:00 a.m.<br>Place:  Courtroom 303<br> 21041 Burbank Blvd.<br> Woodland Hills, CA 91367 |

**PLEASE TAKE NOTICE** that pursuant to 11 U.S.C. § 105(d), the Court will conduct a

status conference in the above-referenced case at the date and time set forth above, in

Courtroom 303 of the U.S. Bankruptcy Court, 21041 Burbank Blvd, Woodland Hills, CA 91367.

**PLEASE TAKE FURTHER NOTICE** that, based upon the Court's records and evidence

presented at the status conference, the Court may take any of the following actions at the

status conference (or at any continued hearing) without further notice:

1. Dismiss the case;

2. Convert the case to another chapter;

3. Order appointment of a chapter 11 trustee or an examiner;

4. Establish deadlines for filing claims, requests for payment of administrative

   expenses, and/or objections to claims;

5. Set deadlines for filing of a proposed plan and disclosure statement by the

   Debtor or any other interested party;

6. Set deadlines for filing or soliciting acceptances of a proposed plan and disclosure statement by the Debtor or any other interested party;

7. Fix the scope and format of the notice to be provided regarding the hearing on the approval of the disclosure statement;

8. Provide that the hearing on the approval of the disclosure statement may be combined with the hearing on the confirmation of the plan;

9. Set a deadline for confirmation of a plan;

10. Set deadlines for compliance with reporting and other chapter 11 debtor-in-possession requirements;

11. Set deadlines for assuming or rejecting executory contracts or unexpired leases; and/or

12. Refer matters to mediation.

**IT IS ALSO HEREBY ORDERED** as follows:

1.    The Debtor(s) or its principal officer, and the Debtor's counsel, shall personally appear in person at the status conference;

2.    The debtor-in-possession (or the Chapter 11 trustee, if one has been appointed), shall serve a copy of this order on the United States Trustee, all secured creditors, the official committee of unsecured creditors and its counsel (or the twenty (20) largest creditors, if no committee has been appointed), and any parties that have requested special notice in the case, no later than twenty-four (24) days prior to the date scheduled for the status conference;

3.    The debtor-in-possession (or the chapter 11 trustee, if one has been appointed) shall file with the Court and serve on the parties identified in the preceding

paragraph no later than eleven (11) days prior to the status conference date a

written status report that includes the following information:

a.    Brief description of the Debtor's business, if any, and the principal assets

and liabilities of the estate.

b.    Brief answer to these questions:

  i.    What precipitated the bankruptcy filing?

  ii.    What does the Debtor hope to accomplish in the Chapter 11 case?

  Does the Debtor anticipate this will be a reorganization or

  liquidation?

  iii.    What are the principal disputes or problems to be resolved?

  iv.    What is the best method to resolve those disputes or problems

  expeditiously and cost-effectively?

c.    Whether the debtor complied with all of its duties under 11 U.S.C. §§308

(if applicable), 521, 1106, 1116 (if applicable), F.R.B.P. 4002, and all

applicable guidelines of the Office of the United States Trustee, and if not,

why not?

  i.    Identification of professionals retained by or intended to be

  retained by the estate, a general description of the type of services

  to be rendered, and a budget for their estimated services and

  expenses;

  ii.    Identification of and accounting for all post-petition cash

  collateral pursuant to 11 U.S.C. §§361 and 363, specifically

  including any written consents or court orders governing its

  permitted use;

- 3

1

2
        iii.      A representation that there has been of full compliance with

3
F.R.B.P. Rule 1007 regarding the filing of schedules and

4
statements of financial affairs, full compliance with all reporting and

5
administrative requirements established by the United States

6
Trustee or a detailed explanation of why compliance is not

7
complete;

8
        iv.      Whether the debtor has any legal or equitable interest in

9
"single asset real estate," as defined in 11 U.S.C. §101(51B);

10
        v.      Whether the debtor is a "small business debtor" requiring

11
treatment as a "small business case." See 11 U.S.C. §§101(51C);

12
1102(a)(3), 1121(e) 1125(f) + 1129(e);

13

14
        vi.      Identification of any unexpired leases and executory

15
contracts to which the Debtor is a party and the Debtor's intention

16
with regard to these leases and contracts.

17
        13. Proposed deadlines for filing:

18
            a.  Claims;

19
            b.  Objections to claims;

20

21
            c.  Avoidance Actions;

22
            d.   Plan of reorganization and disclosure statement.

23
        viii.      Whether the estate includes any property that could

24
potentially give rise to claims or litigation based upon federal or

25
state environmental laws;

26
    4.      The debtor must file, with the court, a copy of each operational, management,

27
and financial report required by LBR 2015-2. The debtor must file these reports

28
electronically with the court on the same day it files them with the United States

- 4

1  Trustee. The debtor should not serve the court with courtesy copies of these

2  reports.

3
4      5.     Any party may request that the court enter an order consistent with Federal Rule

5  of Evidence 502(d). A party requesting such order should file a motion and serve

6  that motion on the trustee or Debtor in Possession, US Trustee, and the twenty

7  largest creditors.

8      6.     Debtor and debtor's counsel must appear personally. Any other party may appear

9
10  telephonically as long as the necessary arrangements are made by 3pm the day

11  before the status conference.

12  **IT IS FURTHER ORDERED** that, unless the Court orders otherwise upon motion by the

13  Debtor or other interested parties, all plans and disclosure statements filed in this case shall be

14  prepared in accordance with the current chapter 11 Disclosure Statement form and chapter 11

15  plan form approved by the Court for use in this district.

16
17  ###

18

19

20

21

22

23

24

25  DATED: June 21, 2010

                  United States Bankruptcy Judge

26

27

28

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3) Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4**) **Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.


# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER SETTING SCHEDULING AND CASE MANAGEMENT CONFERENCE AND FILING OF MONTHLY REPORTS**
    was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:


**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (**"**NEF**"**)** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of               , the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by U.S. Mail to the following person(s) and/or entity(ies) at the address(es) indicated below:

☒ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s) and/or email address(es) indicated below:

☐ Service information continued on attached page

1

2

**ADDITIONAL SERVICE INFORMATION** (if needed):

3

4

| Category I (Served by the Court via Notice of Electronic Filing ("NEF"). | Category II (Served by Court via U.S. mail). |
|---|---|
| **Jeffrey W Dulberg**<br>Email: jdulberg@pszjlaw.com | **Escom LLC**<br>23480 Park Sorrento Ste 206B<br>Calabasas, CA 91302 |
| **Susan I Montgomery**<br>Email: susan@simontgomerylaw.com | **Washington Technology Associates LLC**<br>9812 Falls Rd #114-331<br>Potomac, MD 20854 |
| **S Margaux Ross**<br>Email: margaux.ross@usdoj.gov | **iEntertainment Inc**<br>9812 Falls Rd #114-331<br>Potomac, MD 20854 |
| Daniel Gurfein<br>dgurfein@ssbb.com | **AccountingMatters.com LLC**<br>9812 Falls Rd #114-331<br>Potomac, MD 20854 |
| Michael Gottfried<br>mgottfried@lgbfirm.com | |
| jon kim<br>jkim@nossaman.com | |

Category III (To be served by the lodging party).

- 7