Jeffrey W. Dulberg (CA Bar No. 181200)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, California 90067-4100
Telephone: 310/277-6910
Facsimile: 310/201-0760
E-mail:   jdulberg@pszjlaw.com

Attorneys for Escom, LLC
Debtor and Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re:<br><br>ESCOM, LLC,[1] | Case No.: 1:10-bk-13001 GM<br><br>Chapter 11<br><br>**DEBTORS' CHAPTER 11 STATUS REPORT**<br><br>Date: September 14, 2010<br>Time: 10:00 a.m.<br>Place: Courtroom 303<br>21041 Burbank Blvd.<br>Woodland Hills, California 91367 |

Escom, LLC, debtor and debtor in possession in the above-captioned bankruptcy case (the "Debtor"), hereby files its chapter 11 status report in accordance with the Court's *Order Setting Scheduling and Case Management Conference and Filing of Monthly Reports* entered June 21, 2010 [Docket No. 60] and respectfully represents as follows:

A.   **Brief Description of Debtor's Businesses and Principal Assets and Liabilities of the Estate**

The Debtor was formed in 2006 to operate a website with the domain name "sex.com" (the "Domain Name"). The Debtor's assets consist primarily of the Domain Name and certain of its federal trademarks (the "Trademarks" and collectively with the Domain Name, the "Property"). The

---

[1] The Debtor is a Delaware limited liability company, Tax I.D. # 20-038609. The Debtor's address is PO Box 1410 Agoura Hills, CA 91376.

1

Debtor is governed by three managers pursuant to the terms of the Fourth Amended and Restated Limited Liability Company Agreement of Escom, LLC (the "Operating Agreement"). Those managers are DOM Partners LLC ("DOM"), Washington Technology Associates, LLC ("WTA"), and Domain Name Acquisition Group (collectively with DOM and WTA, the "Managers"). According to the terms of the Operating Agreement, the majority of actions taken outside the ordinary course of business must be approved by a unanimous vote of the Managers.

Del Anthony Polikretis ("Anthony") is the Debtor's Chief Executive Officer and sole employee. Anthony has run the Debtor's day-to-day operations, including management of the website and all business functions, since March 2007.

At its inception, the Debtor was funded by secured loans from DOM and WTA. The Debtor borrowed $3,000,000 from DOM secured by a blanket lien on the Debtor's assets. The Debtor borrowed $5,000,000 from WTA also secured by a blanket lien on the Debtor's assets which shares priority *pari passu* with DOM. Finally, in August 2007, iEntertainment, Inc. ("iEntertainment"), waived its rights under a Linking Agreement with the Debtor in exchange for $2,500,000 which was paid by Debtor in the form of a note which obligation is secured by a blanket lien subordinate to those of DOM and WTA (DOM, WTA and iEntertainment, collectively, the "Secured Lenders"). The Debtor has been in default of its obligations to DOM and WTA under their notes since January 2009. The Debtor has been in default under iEntertainment's note since August 2008.

Without paying debt service to the Secured Lenders, the Debtor presently maintains a revenue-generating, cash flow-positive operation. However, the Debtor was over-leveraged and unable to satisfy its obligations to its Secured Lenders.

**B.    Brief Answers to Questions Set Forth in the Order**

**1.    What precipitated the bankruptcy filing?**

In light of the Debtor's inability to satisfy its obligations to its Secured Lenders, on March 17, 2010, (i) WTA, (ii) iEntertainment, and (iii) Accounting Matters.com, LLC, a Maryland limited liability company ("AM," collectively with WTA and iEntertainment, the "Petitioning Creditors") filed an involuntary petition for relief under chapter 11 of the Bankruptcy Code. On June 21, 2010, this Court entered an order for relief [Docket No. 61]. The Debtor later consented to relief and now

2

operates its business and manages its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or committee has been appointed in this case.

2. **What does the Debtor hope to accomplish in the Chapter 11 case? Does the Debtor anticipate this will be a reorganization or a liquidation?**

The Secured Lenders, the Managers, and the Petitioning Creditors entered into a settlement of their disputes regarding this case and the manner in which it should proceed which is memorialized in a settlement agreement (the "Settlement Agreement") which was approved by the Court. Among other things, the Settlement Agreement fixed the amount and priority of claims against the estate by the Secured Lenders and Petitioning Creditors. The Settlement Agreement also gave Anthony the authority necessary to operate the Debtor as a debtor in possession under the Managers' direction.

As a result of the Settlement Agreement, the Debtor and the Managers agreed to expeditiously sell the Property in order to maximize the value of these assets. To that end, the Debtor filed a *Motion for Order (A) Approving Sale Procedures and Bid Protections, Including Break-Up Fee, in Connection with Sale of Domain Name and Trademarks, Free and Clear of All Liens, Claims, Encumbrances and Interests; (B) Authorizing Employment of Sedo.Com, LLC, as Marketing and Sales Agent Pursuant to Exclusive Brokerage Agreement; and (C) Granting Related Relief* (the "Sale Procedures Motion") [Docket No. 63]. The Sale Procedures Motion was heard on June 29, 2010 at which time it was approved by this Court. Following the provisions set forth in the Sale Procedures Motion, at a hearing to be scheduled on notice to all parties in interest, the Debtor shall seek Court approval of a sale of the Property to the successful bidder and payment of a commission to Sedo.

After the sale of the Property, the Debtor anticipates that at the direction of its members it will file a motion to dismiss the chapter 11 case as it is in the best interests of all parties such that all assets will have been liquidated and all creditor claims are expected to have been resolved prior thereto.

### 3. What are the principal disputes or problems to be resolved?

As noted above, the Debtor has resolved its disputes with the Secured Lenders, the Managers, and the Petitioning Creditors. The only item remaining to be completed is the sale of the Property.

### 4. What is the best method to resolve those disputes or problems expeditiously and cost-effectively?

See prior responses.

### C. Whether the Debtor Complied With All of Its Duties under 11 U.S.C. §§ 308 (if applicable), 521, 1106, 1116 (if applicable), Bankruptcy Rule 4002, and All Applicable Guidelines of the Office of the United States Trustee, and If Not, Why Not?

Sections 308 and 1116 are inapplicable to these Cases. To the best of the Debtor's knowledge, it is in substantial compliance with the requirements of sections 521 and 1106 (to the extent required by section 1107(a)), Bankruptcy Rule 4002 and the applicable guidelines of the Office of United States Trustee).

### 1. Identification of professionals retained by or intended to be retained by the estate, a general description of type of services to be rendered, and a budget for their estimated services and expenses

The Debtor employed the law firm of Pachulski Stang Ziehl & Jones LLP (the "Firm") as its bankruptcy counsel. On July 27, 2010, the Court entered an approving the Firm's employment [Docket No. 98]. The Debtor and the Firm anticipate that the Firm's retainer of approximately $86,000 will be spent during the course of this case through dismissal. As described above, the Debtor has also obtained authority to employ and retain Sedo as its marketing and sales agent in connection with the sale of the Property.

### 2. Identification of and accounting for all post-petition cash collateral pursuant to 11 U.S.C. §§ 361 and 363, specifically including any written consents or court orders governing its permitted use

The Debtor's use of cash collateral is governed by the terms of the Settlement Agreement.

3. **A representation that there has been full compliance with Bankruptcy Rule 1007 regarding the filing of schedules and statements of financial affairs, full compliance with all reporting and administrative requirements established by the United States Trustee or a detailed explanation of why compliance is not complete**

The Debtor filed its Schedules of Assets and Liabilities and Statement of Financial Affairs on July 6, 2010 [Docket Nos. 94 and 95]. To the best of the Debtor's knowledge, it is in substantial compliance with the requirements of Bankruptcy Rule 1007 regarding the filing of schedules and statements of financial affairs and the applicable guidelines of the Office of United States Trustee. The Debtor has completed and submitted its 7-Day Package to the Office of the United States Trustee including all documents and information requested therein.

4. **Whether Debtor has any legal or equitable interest in "single asset real estate," as defined in 11 U.S.C. § 101(51B)**

The Debtor does not own "single asset real estate" as defined in 11 U.S.C. § 101(51B).

5. **Whether Debtor is a "small business debtor" requiring treatment as a "small business case"**

The Debtor is not a "small business debtor" requiring treatment as a "small business case."

6. **Identification of any unexpired leases and executory contracts to which Debtor is a party and Debtor's intention with regard to these leases and contracts**

The Debtor intends to file a Motion to Dismiss the case once the sale of the Property is effectuated. As such, the Debtor does not expect to assume any unexpired leases and executory contacts.

7. **Proposed Deadlines For Filing**

   a. **Claims**: The Court has entered an order setting a claims bar date of October 29, 2010. The Debtor has served notice of this bar date upon all parties-in-interest.

   b. **Objections to claims**: The Debtor does not intend to file any objections to the claims that have been filed to date by the Secured Creditors and the Petitioning Creditors, each of which has been resolved pursuant to the Settlement Agreement, and all of which are the only valid claims the Debtor believes exist against the estate except as set forth in the Schedules. In the event additional claims are filed against the estate, the Debtor reserves the right to object to such claims.

   c. **Avoidance Actions:** The Debtor does not intend to commence any adversary proceedings to seek avoidance and recovery of avoidable transfers.

     d.    **Plan of reorganization or disclosure statement:** As stated above, after the sale of the Property, the Debtor anticipates that, at the direction of its members, it will file a motion to dismiss the chapter 11 case as it is in the best interests of all parties such that all assets will have been liquidated and all creditor claims are expected to have been resolved prior thereto. Therefore the Debtor does not anticipate filing a plan of reorganization or a disclosure statement.

8.    <u>**Whether either estate includes property that could potentially give rise to claims or litigation based upon federal or state environmental laws**</u>

The Debtor's estate does not include property that could potentially give rise to claims or litigation based upon federal or state environmental laws.

Dated: September 1, 2010        PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ Jeffrey W. Dulberg*
       Jeffrey W. Dulberg
       Attorneys for Debtor and Debtor in Possession

| In re:<br>ESCOM, LLC | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described __**DEBTOR'S CHAPTER 11 STATUS REPORT**__ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 1, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On __**September 1, 2010,**__ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 1, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

VIA HAND DELIVERY
Honorable Geraldine Mund
U.S. States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 1, 2010   Mary de Leon | /s/ Mary de Leon |
|---|---|
| Date                Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009                                                                                                                F 9013-3.1

| In re:<br>ESCOM, LLC<br>Debtor(s). | CHAPTER 11<br>CASE NUMBER 1:10-bk-13001-GM |
|---|---|

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**1:10-bk-13001-GM Notice will be electronically mailed to:**

Jeffrey W Dulberg on behalf of Debtor Escom LLC
jdulberg@pszjlaw.com

Michael I Gottfried on behalf of Creditor Nothin But Net LLC
mgottfried@lgbfirm.com, msaldana@lgbfirm.com

Peter J Gurfein on behalf of Creditor Nothin But Net LLC
pgurfein@lgbfirm.com

John W Kim on behalf of Creditor DOM Partners LLC
jkim@nossaman.com

Susan I Montgomery on behalf of Interested Party Courtesy NEF
susan@simontgomerylaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

**1:10-bk-13001-GM Notice will be sent via U.S. mail to:**

*SEE ATTACHED SERVICE LIST*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

**F 9013-3.1**

**MASTER MAILING LIST FOR ESCOM**

**Office of the United States Trustee**
S Margaux Ross
21051 Warner Ctr Ln, Ste 115
Woodland Hills, CA  91367
margaux.ross@usdoj.gov

**Debtor**
Escom LLC
Post Office Box 1410
Agoura Hills, CA  91376
Attn: Del Anthony
del@escomllc.com

Del Polikretis
PO Box 1175
Agoura Hills, CA  91376
del@escomllc.com

DOM Partners, LLC
2050 Center Avenue
Suite 600
Fort Lee, NJ  07024

DOM Partners, LLC
300B Lake Street
Ramsey, NJ  07446

**Counsel for Nothin' But Net, LLC**
Daniel G. Gurfein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, NY  10169
Tel: (212) 818-9200/Fax: (212) 818-9606
dgurfein@ssbb.com

**Counsel for Nothin' But Net, LLC**
Peter J. Gurfein
Landau Gottfried & Berger, LLP
1801 Century Park East, Suite 1460
Los Angeles, CA  90067
Tel: (310) 557-0050/Fax: (310) 557-0056
pgurfein@lgbfirm.com

Nutin' But Net, LLC
210 Crossways Park West
Woodbury, NY  11797

**Counsel for DOM Partners LLC**
Alan Nisselson/Scott Matthews
Windels Marx Lane & Mittendorf, LLP
156 West 56th St.
New York, NY 10019
Tel: (212) 237-1000/Fax: (212) 262-1215
smatthews@windelsmarx.com
anisselson@windelsmarx.com

**Counsel for Dom Partners LLC**
Allan H. Ickowitz/John Kim
Nossaman LLP
445 So. Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 612-7800/Fax: (213) 612-7801
aickowitz@nossaman.com
jkim@nossaman.com

**Attorneys for Petitioning Creditors Washington Technology Associates, LLC, iEntertainment, Inc., and AccountingMatters.comLLC**
Susan I. Montgomery, Esq.
1925 Century Park East, Suite 2000
Los Angeles, CA 90067
Tel: (310) 556-8900/Fax: (310) 556-8905
susan@susanmontgomerylaw.com

Washington Technology Associates
9812 Falls Road, #114-331
Potomac, MD 20854

**Attorneys for Petitioning Creditors Washington Technology Associates, LLC, iEntertainment, Inc., and AccountingMatters.comLLC**
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th St., 19th Floor
New York, NY 10017
Tel: (212) 655-3582/Fax: (646) 539-3682
lfm@msf-law.com

**Creditors or Parties in Interest**
i95 Invesment Group
60 Wells Ave., Suite 100
Newton, MA 02459
Attn: Corey Bialow
Tel: (617) 928-9423/Fax: (617) 964-5318
cbialow@bialow.com

iEntertainment, Inc.
9812 Falls Road, #114-331
Potomac, MD 20854

2

23880-001\DOCS_LA:221388.2

**Creditors or Parties in Interest**
Domain Name Acquisition Group, LLC
188 Needham St., Suite 255
Newton, MA 02464
Attn: Andrew Miller
Tel: (617) 236-0806/Fax: (617) 927-1199
amiller@internetrealestate.com

Accounting Matters
600 Jefferson St., #320
Rockville, MD  20852

<u>Taxing Authorities</u>
Employment Development Dept.
Bankruptcy Group
Post Office Box 826880
Sacramento, CA  94280

Franchise Tax Board
Attention:  Bankruptcy
Post Office Box 2952
Sacramento, CA  95812

Franchise Tax Board
Post Office Box 942857
Sacramento, CA  94257-0631

Internal Revenue Service
Post Office Box 21126
Philadelphia, PA  19114

State Board of Equalization
Attn:  Special Procedures Section
Post Office Box 942879
Sacramento, CA  95814

3

23880-001\DOCS_LA:221388.2