1   Jeffrey W. Dulberg (CA Bar No. 181200)
    PACHULSKI STANG ZIEHL & JONES LLP
2   10100 Santa Monica Blvd., 11th Floor
    Los Angeles, California 90067-4100
3   Telephone: 310/277-6910
    Facsimile: 310/201-0760
4   E-mail:   jdulberg@pszjlaw.com

5   Attorneys for Escom, LLC
    Debtor and Debtor in Possession

6

7

8               UNITED STATES BANKRUPTCY COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10              SAN FERNANDO VALLEY DIVISION

11  In re:                              Case No.: 1:10-bk-13001-GM

12                                      Chapter 11

13  ESCOM, LLC,[1]                      DECLARATION OF JEFFREY W.
                                        DULBERG RE NON-OPPOSITION TO
14                                      DEBTOR'S MOTION TO APPROVE
                                        SETTLEMENT OF LITIGATION
15              Debtor.                 BETWEEN THE DEBTOR AND
                                        SOVEREIGN BANK

16
                                        [Relates to Docket No. 110]
17

18                                      [No Hearing Required Per Local Bankruptcy
                                        9013-1(o)(1)]
19

20      I, Jeffrey W. Dulberg, declare and state as follows:

21      1.      I am an attorney at law duly licensed to practice in the state of California and before

22  this court. I am a partner in the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZJ") counsel

23  for Escom, LLC the debtor and debtors in possession in the above-captioned bankruptcy case (the

24  "Debtor").

25      2.      I have personal knowledge of the facts set forth herein and if called as a witness I

26  could and would competently testify thereto.

27

28  [1]  The Debtor is a Delaware limited liability company, Tax I.D. # 20-038609. The Debtor's address is PO Box 1410
    Agoura Hills, CA 91376.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1     3.     On March 17, 2010, an involuntary petition for relief under chapter 11 of the

2    Bankruptcy Code was filed by three petitioning creditors.  On June 21, 2010, this Court entered an

3    order for relief.  The Debtor operates its business and manages its affairs as a debtor in possession

4    pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5     4.     On September 15, 2010, the Debtor filed a *Motion to Approve Settlement of Litigation*

6    *between the Debtor and Sovereign Bank* [Docket No. 110] (the "Motion").  A true and correct copy

7    of the Motion is attached hereto as **Exhibit 1.**

8     5.     Local Bankruptcy Rule 9013-1(o)(1) provides that any response to the Motion and

9    request for hearing must be filed with the Court and served upon counsel for the Debtor no later than

10   fourteen (14) days from the date of service of the Motion.

11     6.     Fourteen (14) days following the date of service of the Motion was September 29,

12   2010.

13     7.     As of the date of this Declaration, to the best of my knowledge after due diligence,

14   PSZJ has not received an objection, response or request for hearing with respect to the Motion and

15   there are no objections listed on the docket of the case.

16     8.     Based on the foregoing, PSZJ respectfully requests that this Court enter the Order

17   lodged concurrently herewith granting the Motion and attached hereto as **Exhibit 2.**

18     I declare under penalty of perjury under the laws of the United States of America, that the

19   foregoing is true and correct.

20     Executed this 30th day of September 2010, at Los Angeles, California.

21

22                      */s/ Jeffrey W. Dulberg*
                           Jeffrey W. Dulberg

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT 1

1  Jeffrey W. Dulberg (CA Bar No. 181200)
   Gabrielle A. Rohwer (CA Bar No. 190895)
2  Pachulski Stang Ziehl & Jones LLP
   10100 Santa Monica Blvd., 11th Floor
3  Los Angeles, California 90067-4100
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760
   E-mail:  jdulberg@pszjlaw.com
5             grohwer@pszjlaw.com
   Attorneys for Escom, LLC
6  Debtor and Debtor in Possession

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10             **SAN FERNANDO VALLEY DIVISION**

11 | In re:                              | Case No.: 1:10-bk-13001-GM

12 | **ESCOM, LLC**, a Delaware limited   | Chapter 11
   | liability company,

13 |                                     | **NOTICE OF MOTION AND MOTION TO**
   |          Debtor.                    | **APPROVE SETTLEMENT OF LITIGATION**
14 |                                     | **BETWEEN THE DEBTOR AND SOVEREIGN**
   |                                     | **BANK; MEMORANDUM OF POINTS AND**
15 |                                     | **AUTHORITIES; DECLARATION OF DEL**
   |                                     | **ANTHONY POLIKRETIS; EXHIBITS**
16 |
   |                                     | **[Motion made Under Local Bankruptcy Rule 9013-**
17 |                                     | **1(o)]**
   |                                     | Date:     [Hearing will be set only if an Objection
18 |                                     | Time:     and Request for Hearing is Filed]
   |                                     | Place:    Courtroom 303
19 |                                     |           21041 Burbank Boulevard
   |                                     |           Woodland Hills, CA 91367
20

21 **TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE,**

   **AND TO ALL PARTIES IN INTEREST:**
22

23       **PLEASE TAKE NOTICE** that the Debtor and Debtor-in-Possession hereby moves the

   Court for an order that approves the settlement attached hereto as Exhibit 1 between the Debtor and
24

   other settling plaintiffs[1] and Sovereign Bank.  The Motion is made pursuant to Local Bankruptcy
25

26

   _____
27 [1]  The other settling parties include Internet Real Estate Group, LLC f/k/a Deal Jam, LLC, Phone.com, LLC,
   Relationship.com, LLC, Consultants.com Acquisition Group, LLC a/k/a Consultants.com, LLC, Love Tactics, LLC,
28 Alerts.com, LLC, Approvals.com, LLC, Carbs.com, LLC,  Chocolate.com, LLC, Jeans.com, LLC, MedicalDevices.com,
   LLC, Patents.com, LLC, PetFood.com, LLC, Safety.com, LLC, SEM.com, LLC, Shop.com, LLC, Software.com, LLC,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Rule 9013-1(o) which provides that no hearing will be held on the Motion unless an objecting party

2   files with the Court and serves on the Debtor's counsel and the United States Trustee a response and

3   request for hearing within 14 days after the date of service of this Notice.

4       Debtor will seek an order that:

5           1.    Approves the Sovereign settlement agreement (the "Sovereign Agreement")

6   attached as Exhibit 1 hereto;

7           2.    Authorizes and directs the parties to the Sovereign Agreement to perform its

8   terms;

9           3.    Determines that the Sovereign Agreement was made in good faith and in an

10  arm's-length transaction; and

11          4.    Determines that adequate notice of the Motion was given.

12      **NOTICE IS FURTHER GIVEN** that the Motion is made pursuant to Fed.R.Bankr.P.

13  9019(a) on the grounds that the Sovereign Agreement and the settlement contained therein is in the

14  best interests of the Estate and its creditors and is made in good faith.

15      In December 2007, Mr. Del Anthony Polikretis ("Anthony"), the current president and chief

16  executive officer of Debtor, deposited $300,000 into a bank account at Sovereign Bank

17  ("Sovereign") owned by the Debtor, which Anthony reasonably believed to be an escrow account

18  (the "Escrow Account"). Anthony deposited the funds into the Escrow Account in contemplation of

19  a potential investment in the Debtor. However, in March 2008, before Anthony reached a final

20  decision regarding such an investment, Christopher Britt ("Britt"), at the time an employee of an

21  affiliate of one of the Debtor's managers, unlawfully withdrew all of the funds from the Escrow

22  Account (totaling $304,849.62), including the $300,000 belonging to Anthony (the "Anthony

23  Funds") and deposited such funds in an account owned or controlled by Britt. Britt also stole funds

24  from Phone.com, LLC ("Phone"), Consultants.com, LLC ("Consultants") and certain other entities.

25  In total, Britt stole more than $500,961 from these companies (the "Claimants") , . The Claimants

26

27  Sweepstakes.com, LLC, WeddingGift.com, LLC, Win in Love.com, LLC, Domain Name Acquisition Group, LLC, and
    DNAG Holdings, LLC.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

23880-001\DOCS_LA:224608.2    2

1   contended that Britt could not have stolen the funds without the negligence of Sovereign personnel.

2   Accordingly, they demanded reimbursement from Sovereign who denied liability and refused the

3   demand.  In October 2008, the Claimants sued Sovereign in Massachusetts Superior Court. The case

4   was later removed by Sovereign to the United States District Court for the District of Massachusetts.

5       In May 2009, acknowledging Anthony's claim that the Anthony Funds remained Anthony's

6   property, Escom, through its managers, entered into an agreement with Anthony that gave Anthony

7   certain rights to approve any settlement of the Sovereign litigation and required Escom to (a) return

8   to Anthony all of the Anthony Funds recovered from Sovereign in connection with any approved

9   settlement, and (b) transfer and assign to Anthony all rights and interest Escom has in the Sovereign

10  litigation, in any restitution recovered from Britt directly, and in any claims Escom may have against

11  Britt. In exchange, Anthony agreed to forever release Escom from all claims he may have against

12  Escom relating to the Anthony Funds.  The Agreement with Anthony (the "Anthony Agreement") is

13  attached to this Motion as Exhibit 2.

14      In early 2010, prior to the filing of the involuntary bankruptcy petition against the Debtor

15  (the "Petition"), Escom, Anthony, and the other Claimants agreed in principle to a settlement with

16  Sovereign.  The settlement was not yet fully documented when the Petition was filed on March 17,

17  2010.  On May 18, 2010, following the filing of the Petition but prior to the entry of the order for

18  relief in this Case, the Managers of Escom, including the Petitioning Creditors and Dom Partners,

19  LLC, who had opposed the involuntary filing, entered into a settlement agreement (the "Escom

20  Settlement") that resolved a number of issues regarding the Escom bankruptcy, and approved the

21  settlement with Sovereign.  The Escom Settlement, which also authorized the entry of an order for

22  relief, was previously filed with the Court and is attached hereto as Exhibit 3.  The Escom

23  Settlement provided that Sovereign would pay $300,000 to settle the pending litigation, of which

24  $158,400 (Escom's share of the settlement) would be paid to Anthony as a partial return of the

25  Anthony Funds.  The Sovereign Agreement provides for a distribution of the settlement proceeds

26  consistent with the Escom Settlement.  Escom will not receive any monetary recovery from the

27  Sovereign Settlement, but will receive a release of claims from Anthony.

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    The description of the settlement contained in this Notice and the accompanying

2    Memorandum of Points and Authorities is merely a summary of the settlement.  The complete terms

3    of the proposed settlement are set forth in the Sovereign Agreement attached as Exhibit 1 to the

4    Motion.  The Debtor urges all interested parties to carefully read the Agreement.

5        The Debtor believes that the settlement as set forth in the Sovereign Agreement is in the best

6    interest of the Estate and its creditors.  Anthony has a substantial argument that the Debtor held the

7    stolen funds in trust for him and therefore the claims asserted against Sovereign in fact belong to

8    Anthony.  Furthermore, Anthony's rights to the settlement proceeds were previously agreed to and

9    the claims were assigned to Anthony by the Debtor both in the May 2009 Anthony Agreement and

10   in the Escom Settlement entered into prior to the entry of the order for relief.

11       **PLEASE TAKE FURTHER NOTICE** that the Motion is based upon Federal Rule of

12   Bankruptcy Procedure 9019, the accompanying Memorandum of Points and Authorities, the

13   Declaration of Del Anthony and the Exhibits attached hereto, and the entire record of this case.

14       **NOTICE IS FURTHER GIVEN** that, pursuant to Local Bankruptcy Rule 9013-1(o), no

15   hearing will be held on this Motion and the Court will be authorized to enter an order granting the

16   relief requested unless an opposition and request for hearing is filed with the Court and served on

17   counsel for the Debtor and the U.S. Trustee, at the addresses set forth below, not later than 14 days

18   after service of the Notice and Motion.  Any opposition must include a Memorandum of Points and

19   Authorities and competent evidence in support of the opposition:

20

21   For the Debtor                                     For the U.S. Trustee
     Jeffrey W. Dulberg                                 Office of the U.S. Trustee
22   Pachulski Stang Ziehl & Jones LLP                  21051 Warner Center Lane, Suite 115
     10100 Santa Monica Blvd., 11th Floor              Woodland Hills, CA 91367
23   Los Angeles, California  90067-4100

24       **PLEASE TAKE FURTHER NOTICE** that failure to timely file responsive papers to the

25   Motion may be deemed to be consent to the relief requested.

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  WHEREFORE, the Debtor respectfully requests that the Court grant the Motion and approve

2  the Settlement entered based upon the terms set forth in the Sovereign Agreement.

3  Dated:  September 15, 2010

4  PACHULSKI STANG ZIEHL & JONES LLP

5

6  By____/s/ Jeffrey W. Dulberg_____

7  Jeffrey W. Dulberg
   Attorneys for Escom, LLC, Debtor and

8  Debtor-in-Possession

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Escom, LLC, the Debtor and Debtor-in-Possession ("Debtor"), submits this memorandum of points and authorities in support of its motion to approve the settlement agreement (the "Sovereign Agreement") entered into with Sovereign Bank ("Sovereign"). Pursuant to the Sovereign Agreement, Sovereign will pay a total of $300,000 to settle litigation pending in the United States District Court for the District of Massachusetts. Escom's share of the settlement (i.e. $158,400), which was previously assigned to Mr. Del Anthony Polikretis ("Anthony"), the current president and chief executive officer of Debtor, will be paid directly to Anthony in return for a release by Anthony of the Debtor.

## II. STATEMENT OF FACTS

### A.    Pre-Bankruptcy

In December 2007, Mr. Del Anthony Polikretis ("Anthony"), the current president and chief executive officer of Debtor, deposited $300,000 into a bank account at Sovereign Bank ("Sovereign") owned by the Debtor, which Anthony believed to be an escrow account (the "Escrow Account"). Anthony deposited the funds into the Escrow Account in contemplation of a potential investment in the Debtor. However, in March 2008, before Anthony reached a final decision regarding such an investment, Christopher Britt ("Britt"), at the time an employee of an affiliate of one of the Debtor's managers, unlawfully withdrew all of the funds from the Escrow Account (totaling $304,849.62), including the $300,000 belonging to Anthony (the "Anthony Funds") and deposited such funds in an account owned or controlled by Britt. Britt also stole funds from Phone.com, LLC ("Phone"), Consultants.com, LLC ("Consultants") and certain other entities. In total, Britt stole more than $500,961 from these companies (the "Claimants"). The Claimants contended that Britt could not have stolen the funds without the negligence of Sovereign personnel. Accordingly, they demanded reimbursement from Sovereign who denied liability and refused the demand. In October 2008, the Claimants sued Sovereign in Massachusetts Superior Court. The case was later removed by Sovereign to the United States District Court for the District of Massachusetts.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    In May 2009, acknowledging Anthony's claim that the Anthony Funds remained Anthony's

2    property, Escom, through its managers, entered into an agreement with Anthony that gave Anthony

3    certain rights to approve any settlement of the Sovereign litigation and required Escom to (a) return

4    to Anthony all of the Anthony Funds recovered from Sovereign in connection with any approved

5    settlement, and (b) transfer and assign to Anthony all rights and interest Escom has in the Sovereign

6    litigation, in any restitution recovered from Britt directly, and in any claims Escom may have against

7    Britt. In exchange, Anthony agreed to forever release Escom from all claims he may have against

8    Escom relating to the Anthony Funds.  The Agreement with Anthony (the "Anthony Agreement") is

9    attached to this Motion as Exhibit 2.

10    In early 2010, prior to the filing of the involuntary bankruptcy petition against the Debtor

11    (the "Petition"), Escom, Anthony, and the other Claimants agreed in principle to a settlement with

12    Sovereign.  The settlement was not yet fully documented when the Petition was filed on March 17,

13    2010.

14    **B.   <u>Debtor's Bankruptcy</u>**

15    On March 17, 2010, the three Petitioning Creditors filed an involuntary bankruptcy petition

16    in the United States Bankruptcy Court, Central District of California against the Debtor.  The

17    Petitioning Creditors included Washington Technology Associates, LLC, one of Debtor's three

18    managing members.  The petition was opposed by DOM Partners, LLC, another of Debtor's

19    managing members.

20    Effective as of May 18, 2010, the Managers of Escom, including the Petitioning Creditors

21    and DOM Partners, LLC, entered into a settlement agreement (the "Escom Settlement") that

22    resolved a number of issues regarding the Escom bankruptcy, and approved the settlement with

23    Sovereign.  The Escom Settlement, which also authorized the entry of an order for relief, was

24    previously filed with the Court and is attached hereto as Exhibit 3.

25    On June 21, 2010, the Court entered the Order for Relief.  Thereafter, Debtor filed its

26    schedules and has operated as a Debtor-in-Possession.

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

C.    **The Proposed Sovereign Settlement**

Consistent with the Anthony Agreement and the Escom Settlement, the Claimants have agreed to settle with Sovereign for the payment of $300,000 pursuant to the Sovereign Agreement. Of that amount, $60,000 will be paid to counsel pursuant to a Contingent Fee Agreement between the Claimants and their counsel, $158,400 will be paid to Anthony as Escom's share of the settlement, and $81,600 will be paid to Phone. The Sovereign Agreement includes mutual releases between the Claimants and Sovereign. Pursuant to the Anthony Agreement and the Escom Settlement, Anthony has specifically released all claims against the Debtor relating to the Anthony Funds. Debtor will not receive any monetary recovery. The District Court proceeding will be dismissed.

**III. THE PROPOSED SETTLEMENT SHOULD BE APPROVED BECAUSE IT IS FAIR AND EQUITIABLE AND IN THE BEST INTERESTS OF THE ESTATE AND ITS CREDITORS**

Rule 9019(a) of the Federal Rules of Bankruptcy Procedure provides that on motion by the trustee [or Debtor-in-Possession] and after notice and a hearing, the court may approve a compromise or settlement. The approval of a compromise is a "core proceeding" under 28 U.S.C. §157(b)(2)(a) and (o). In re Carla Leather, Inc., 50 B.R. 764, 775 (S.D.N.Y. 1985). Local Bankruptcy Rule 9013-1(o) provides that matters to be determined after hearing, such as approval of a settlement, may proceed with an opportunity for hearing and without hearing if no objection is filed.

The approval or rejection of a proposed compromise is within the sound discretion of the court and is to be determined by the particular circumstances of each case. In re Walsh Construction, Inc., 669 F. 2d 1325, 1328 (9th Cir. 1982). The burden of establishing that the settlement is fair and equitable rests upon the proponent. In re Planned Protective Services, Inc., 130 B.R. 94, 95 (Bankr. C.D. Cal. 1991).

The United States Supreme Court has established standards for bankruptcy courts to assess settlements of controversies. See, Protective Committee for Independent Stock Holders of TMT Trailers Ferry, Inc. v. Anderson, 390 U.S. 414, 88 S. Ct. 1157, 20 L.Ed. 2d 1 (1968). Under the

1  TMT Trailer Ferry standards, a court analyzing a settlement should apprise itself of all facts

2  necessary for an intelligent and objective opinion of the probabilities of ultimate success should the

3  claim be litigated. Id. at 424. The court should form an educated estimate of: (a) the complexity,

4  expense and likely duration of such litigation; (b) the possible difficulties of collecting on any

5  judgment that may be obtained; and (c) all other factors relevant to a full and fair assessment of the

6  wisdom of the proposed compromise. Id. Basic to this process in every instance is the need to

7  compare the terms of the compromise with the likely rewards of litigation. Id. at 424-425.

8      The Ninth Circuit has reiterated that in determining the fairness, reasonableness and

9  adequacy of a proposed settlement agreement, a court should consider: (1) the probability of success

10  in litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the

11  complexity of the litigation involved and the expense, inconvenience and delay necessarily attending

12  it; and (4) the paramount interest of the creditors and the proper deference to their reasonable views

13  in the premises. In re Woodson, 839 F. 2d 610, 620 (9th Cir. 1988), citing, In re A&C Properties,

14  784 F. 2d 1377, 1380, 1381 (9th Cir. 1986), cert. denied sub nom. Martin v. Robinson, 479 U.S. 854,

15  107 S. Ct. 189, 93 L.Ed. 2d 122 (1986). Although the bankruptcy court has "great latitude" in

16  authorizing a compromise, it may only approve a proposal that is "fair and equitable." In re MGS

17  Marketing, 111 B.R. 264, 267 (9th Cir. BAP 1990). The purpose of a compromise agreement is to

18  allow "the trustee [or in this case the Debtor-in-Possession] and the creditors to avoid the expense

19  and burdens associated with litigating sharply contested and dubious claims." In re Walsh, 669 F. 2d

20  1325, 1328 (9th Cir. 1982), citing, In re California Associated Products, 183 F. 2d 946, 949-50 (9th

21  Cir. 1950).

22      In the case at hand, litigation with Sovereign has been pending since October 2008. In May

23  2009, Debtor agreed to assign its claims and rights to settlement proceeds, up to $300,000, to

24  Anthony in return for his release. Anthony contends that the $300,000 he deposited into Debtor's

25  account was to be held in trust pending a final decision regarding a possible investment in the

26  company, and that, due to the fact that the funds were stolen before Anthony made any such

27  decision, any return of the $300,000 by way of settlement with Sovereign in fact belongs to

28  Anthony. The proposed Sovereign Settlement is consistent with the Anthony Agreement entered

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    into with Debtor in May 2009 as well as with the Escom Settlement entered into effective as of May

2    18, 2010, prior to the entry of the Order of Relief.  The proposed settlement terminates all litigation

3    and provides the Debtor with a release of claims by Anthony with regard to the theft of his $300,000.

4    **IV. <u>ADEQUATE NOTICE OF THE MOTION HAS BEEN GIVEN</u>**

5         Debtor has given notice of the settlement to all creditors of the Estate as required by

6    Fed.R.Bank.P. 2002(a)(3) and to all requesting electronic notice.  Accordingly, adequate notice has

7    been given.

8    **V. <u>CONCLUSION</u>**

9         For the reasons set forth above, the Trustee respectfully requests that this Court enter an

10    order approving the proposed settlement in accordance with the terms in the proposed Agreement,

11    and grant such other and further relief as may be just and proper.

12         Dated:  September 15, 2010

13               PACHULSKI STANG ZIEHL & JONES LLP

14

15               By    /s/ Jeffrey W. Dulberg

16                     Jeffrey W. Dulberg
            Attorneys for Escom, LLC, Debtor and

17                Debtor-in-Possession

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# DECLARATION OF DEL ANTHONY POLIKRETIS

I, Del Anthony Polikretis, declare:

1.      I am the President and Chief Executive Officer of ESCOM LLC, the above captioned debtor (the "Debtor").

2.      In December 2007, I deposited $300,000 into a bank account at Sovereign Bank ("Sovereign") owned by the Debtor which I believed to be an escrow account (the "Escrow Account") in contemplation of a potential investment in the Debtor.  The Debtor was to hold the funds in trust until I made a final decision regarding the investment and I and the Debtor executed a mutually acceptable investment transaction agreement, pursuant to which I would receive an equity interest in the Debtor.  In March 2008, before I made a final decision regarding the potential investment, an employee of an affiliate of one of the Debtor's managers, withdrew all of the funds from the Escrow Account (totaling $304,849.62), including my $300,000, without authorization.

3.      I subsequently learned that funds were stolen from Phone.com, LLC ("Phone"), Consultants.com, LLC ("Consultants") and other related LLCs (the "Claimants").

4.      In October 2008, the Claimants sued Sovereign in Massachusetts Superior Court.  The case was later removed by Sovereign to the United States District Court for the District of Massachusetts.  Because my money was taken from Escom's account, Escom rather than I was named as a plaintiff in the action.

5.      In May 2009, acknowledging my claim that my $300,000 remained my property, Escom, through its managers, entered into an agreement with me that gave me certain rights to approve any settlement of the Sovereign litigation and required Escom to (a) return to me all funds recovered from Sovereign up to a total of $300,000 in connection with any settlement I approved, and (b) transfer and assign to me all rights and interest Escom has in the Sovereign litigation, in any restitution recovered from the responsible party directly, and in any claims Escom may have against the responsible party.  In exchange, I agreed to forever release Escom from all claims I may have against Escom relating to my $300,000.  A

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

11

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   true and correct copy of that agreement (the "Anthony Agreement") is attached hereto as

2   **Exhibit 2**.

3       6.      Pursuant to the terms of the Anthony Agreement, I am entitled to receive all

4   settlement proceeds received from Sovereign that would otherwise be paid to Escom up to

5   $300,000.  In return, I have agreed to release Escom from all claims with regard to the

6   $300,000 I deposited with Escom.

7       7.      In early 2010, prior to the filing of the involuntary bankruptcy petition against

8   Escom, I, along with Escom and the other plaintiffs agreed in principle with Sovereign to

9   settle the Sovereign litigation.  The settlement was not fully documented prior to the

10  involuntary bankruptcy filing.

11      8.      On March 17, 2010, an involuntary petition was filed against Escom in the

12  United States Bankruptcy Court for the Central District of California.  The Petitioning

13  Creditors included Washington Technology Associates, LLC, one of Debtor's three

14  managing members.  The petition was opposed by DOM Partners, LLC, another of Debtor's

15  managing members.  As of May 18, 2010, the Managers of Escom, including the Petitioning

16  Creditors and DOM Partners, LLC, and I, entered into a settlement agreement (the "Escom

17  Settlement") that resolved a number of issues regarding the Escom bankruptcy, and approved

18  the settlement with Sovereign.  The Escom Settlement, which also authorized the entry of an

19  order for relief, was previously filed with the Court and a true and correct copy is attached

20  hereto as **Exhibit 3**.  The Escom Settlement provided that Sovereign would pay $300,000 to

21  settle the pending litigation, of which $158,400 (Escom's share of the settlement) would be

22  paid to me.

23      9.      **Exhibit 1** hereto is a true and correct copy of the settlement agreement (the

24  "Sovereign Agreement") for which we seek court approval.  The Sovereign Agreement

25  provides for a distribution of the settlement proceeds consistent with the Escom Settlement.

26  Escom will not receive any monetary recovery from the Sovereign Settlement, but I will

27  release all claims I have against the Debtor with regard to the theft of my $300,000.

28

1    I declare under penalty of perjury that the foregoing is true and correct and that this

2    declaration was executed this 8th day of September, 2010, at Thousand Oaks, California.

3

4    _____

    DEL ANTHONY POLIKRETIS

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pachulski Stang Ziehl & Jones LLP
Attorneys at Law
Los Angeles, California

# EXHIBIT 1

<u>SETTLEMENT AGREEMENT AND RELEASE</u>

This SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and

entered into by and between the following listed entities:

- Internet Real Estate Group, LLC f/k/a Deal Jam, LLC;
- Phone.com, LLC;
- Escom, LLC;
- Relationship.com, LLC;
- Consultants.com Acquisition Group, LLC a/k/a Consultants.com, LLC;
- Love Tactics, LLC;
- Alerts.com, LLC;
- Approvals.com, LLC;
- Carbs.com, LLC;
- Chocolate.com, LLC;
- Jeans.com, LLC;
- MedicalDevices.com, LLC;
- Patents.com, LLC;
- PetFood.com, LLC;
- Safety.com, LLC;
- SEM.com, LLC;
- Shop.com, LLC;
- Software.com, LLC;
- Sweepstakes.com, LLC;
- WeddingGift.com, LLC;
- Win in Love.com, LLC;
- Domain Name Acquisition Group, LLC; and
- DNAG Holdings, LLC

and their present and former members, managers, officers, directors, shareholders, employees,

predecessors, successors, affiliates, subsidiaries, parent companies, assigns, partners, principals,

attorneys, insurers, agents, and representatives (collectively, the "Claimants") and Sovereign

Bank, its present and former officers, directors, shareholders, employees, predecessors,

successors, affiliates, subsidiaries, parent companies, assigns, partners, principals, attorneys,

insurers, agents, and representatives ("Sovereign") (Sovereign and the Claimants are jointly

referred to herein as the "Parties") with respect to certain claims, disputes and controversies

asserted by the Claimants, including but not limited to those claims asserted or that could have

been asserted in the civil action captioned as <u>Phone.com, LLC, Escom, LLC, Relationship.com,</u>

<u>LLC, Love Tactics, LLC, Consultants.com, LLC and Internet Real Estate Group, LLC v.</u>

<u>Sovereign Bank,</u> Civil Action No. 08-11717-WGY, pending in the United States District Court

for the District of Massachusetts (formerly Suffolk County Superior Court Civil Action No. 08-

04388) (the "Litigation").

      WHEREAS, certain of the Claimants sent an undated claim for reimbursement to

Sovereign followed by a demand letter pursuant to Mass. Gen. Laws c. 93A dated July 9, 2008

seeking reimbursement for certain banking transactions that were conducted on their bank

accounts at Sovereign and/or on bank accounts of Christopher Britt and/or Priviley, LLC at

Sovereign (jointly, the "Demand Letters");

      WHEREAS, certain of the Claimants filed the Litigation against Sovereign in the Suffolk

Superior Court, which was removed by Sovereign to the United States District Court for the

District of Massachusetts, alleging various causes of action including violation of the Uniform

Commercial Code as adopted in Massachusetts, breach of contract, breach of the implied

covenant of good faith and fair dealing, negligence, equitable estoppel, and violation of the

Massachusetts Unfair and Deceptive Trade Practices Act, Mass. Gen. Laws c. 93A, arising from

certain banking transactions that were conducted on their bank accounts at Sovereign and/or on

bank accounts of Christopher Britt and/or Priviley, LLC at Sovereign;

      WHEREAS, Sovereign has denied liability to the Claimants for the claims asserted in the

Demand Letters and the Litigation;

      WHEREAS, the Parties desire to fully and finally resolve their disputes concerning the

Demand Letters, the Litigation, and any other claims or possible claims that the Claimants

972484-3                                        2

asserted or could have asserted against Sovereign in connection with banking transactions that were conducted on their bank accounts at Sovereign and/or on bank accounts of Christopher Britt and/or Priviley, LLC at Sovereign;

In consideration of the promises, covenants, warranties and releases set forth herein, as well as other good, sufficient and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, under seal, the Parties hereby agree as follows:

TERMS

1.    Payment. Sovereign shall pay the sum of Three Hundred Thousand Dollars ($300,000.00) (the "Settlement Amount") to Phone.com, LLC and Escom, LLC (in the proportion and to the payee/recipients set forth below) in full and final satisfaction (except as noted below) of any and all claims, demands, and liabilities whatsoever of every name and nature, both in Law and Equity, which were asserted or could have been asserted in the Demand Letters, the Litigation and/or in connection with banking transactions that were conducted on their bank accounts at Sovereign by Christopher Britt and/or Priviley, LLC. The Settlement Amount shall be paid by Sovereign as follows:

(a)    the sum of Sixty Thousand Dollars ($60,000.00) by Automated Clearing House ("ACH") payment to Stoneman, Chandler & Miller, LLP ("Claimants' Counsel");

(b)    the sum of One Hundred Fifty Eight Thousand Four Hundred Dollars ($158,400.00) by ACH payment to Mr. Del Anthony Polikretis; and

(c)    the sum of Eighty One Thousand Six Hundred Dollars ($81,600.00) by ACH payment to Phone.com, LLC.

The payments of the Settlement Amount identified above shall be made by Sovereign by ACH payment within ten (10) business days of receipt by counsel for Sovereign of the following: (1)

972484-3                                3

original of this Agreement executed by all Claimants; (2) properly completed and signed IRS

Forms W-9 for each payee/recipient identified above; (3) properly completed and signed

Sovereign ACH vendor authorization forms for each payee/recipient identified above; and (4) a

signed Stipulation of Dismissal with Prejudice in the form attached hereto as Exhibit A executed

by the Claimants that are or were plaintiffs in the Litigation (Phone.com, LLC, Escom, LLC,

Relationship.com, LLC, Love Tactics, LLC, Consultants.com, LLC and Internet Real Estate

Group, LLC) or counsel for the Claimants if so authorized by the Claimants. Sovereign's

counsel shall hold the Stipulation of Dismissal with Prejudice in escrow until the Settlement

Amount has been paid to each payee/recipient, and then shall electronically file it with the

United States District Court for the District of Massachusetts. It is expressly understood and

agreed that each of the Parties shall be responsible for paying its or their own attorneys' fees and

costs incurred in connection with the Demand Letters, the Litigation and this Agreement, and

any prayer for recovery or payment of any such attorneys' fees and costs, whether made in the

Demand Letters, the Litigation or otherwise, is hereby released and/or waived.

2.    <u>Release of Sovereign Bank by the Claimants</u>.  In consideration for the payment

described in the preceding paragraph, and for other consideration the sufficiency of which is

hereby acknowledged, under seal, the Claimants hereby release Sovereign from any and all

debts, demands, actions, causes of action, suits, accounts, accountings, covenants, contracts,

agreements, damages, and any and all claims, demands and liabilities whatsoever of every name

and nature, both in Law and Equity, whether known or unknown, asserted or unasserted, from

the beginning of time up through the effective date of this Agreement which were asserted or

could have been asserted in the Litigation and/or in connection with banking transactions that

were conducted on their bank accounts at Sovereign by Christopher Britt and/or Priviley LLC;

972484-3                                        4

provided, however, that the Claimants do not release and reserve their rights to pursue any claims they may have against any individual current or former employees, contractors, officers, agents and/or representatives of Sovereign in their individual capacity only to the extent they knowingly participated in the theft of any monies from any of the Claimants. In addition, nothing in this Release shall release any claims of any individual Claimants against Sovereign for matters totally unrelated to the claims asserted in the Litigation and Demand Letters, or to the actions of Christopher Britt and/or Priviley LLC.

3.      No Assignment. The Claimants represent and warrant that they have not heretofore assigned or otherwise transferred to any other person or entity any right, title or interest in any claims, demands or causes of action that were or could have been the subject matter of any claim that is released in the preceding paragraphs.

4.      Confidentiality. The Parties agree to keep the terms of the Agreement, and the negotiations leading thereto, absolutely confidential and will not disclose, characterize, comment on, convey or in any way reveal the content and nature of the Agreement, except that they may discuss the terms of the Agreement as required by law (including bankruptcy law) or when consulting with accountants, tax preparers, regulators, spouses, and attorneys regarding the Agreement after informing any such party of his/her/its obligation to keep the terms of the Agreement confidential. The Parties and their respective attorneys agree to use reasonable efforts to provide one another with written notice of any and all attempts to compel disclosure of the information protected by this paragraph.

5.      No Admission of Liability. The Agreement constitutes, in part, a compromise of the disputed claims that certain of the Claimants asserted or could have asserted against Sovereign in the Litigation. Neither the Agreement nor anything contained herein, nor any of the

972484-3                              5

acts performed pursuant hereto, shall be construed as an admission of liability by any of the Parties.

6.    Opportunity to Review with Counsel.  The Parties acknowledge that they have had an opportunity to review the terms of the Agreement with counsel of their own choosing.

7.    Entire Agreement; Amendment in Writing Only.  The Agreement constitutes the entire agreement and understanding of the Parties and supersedes any and all prior agreements and understandings of the Parties, whether oral or written.  The Agreement may not be amended, modified or altered except by a writing signed by all of the Parties hereto.

8.    Severability.  If any term, provision, covenant or condition of the Agreement is held by a court of competent jurisdiction to be invalid, void or unenforceable, the remainder of the provisions shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

9.    Agreement Binding on Parties and Successors.  The Agreement shall be binding on and shall inure to the benefit of the Parties hereto, as well as their members, managers, heirs, beneficiaries, general and limited partners, officers, directors, shareholders, employees, predecessors, successors, affiliates, subsidiaries (including but not limited to wholly or partially-owned business entities), parent companies, assigns, partners, principals, attorneys, insurers, agents, representatives, heirs, executors, and administrators, as the case may be.

10.   Copies; Counterparts.  The Agreement may be executed in one or more counterparts, each of which shall be regarded as an original, but all of which together shall constitute one and the same instrument.

11.   Authorized Signers.  Each person affixing his or her signature hereto represents and warrants that he or she is duly authorized to execute the Agreement.

972484-3                              6

12.   <u>Cooperation</u>.  The Parties will cooperate fully and execute any and all additional documents and take all additional actions, which may be necessary to give full force and effect to the terms and intent of the Agreement.

13.   <u>Governing Law</u>.  The Agreement shall be governed by and construed as a sealed document in accordance with the laws of the Commonwealth of Massachusetts, United States of America.

14.   <u>No Adverse Inference Regarding Preparation</u>.  This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one Party.

15.   <u>Payee Rights; Sovereign Failure to Perform</u>.  The Parties acknowledge and agree that by executing this Agreement, the Claimants are assigning all right, title and interest in and to the Settlement Amount to the specific payees identified in paragraphs (a), (b) and (c) of Section 1 above, each of whom shall have the independent right to enforce this Agreement (as third party beneficiaries with respect to Stoneman, Chandler and Miller, LLP and Del Polikretis) with respect to Sovereign's payment obligations hereunder.

16.   <u>Bankruptcy Court Approval</u>.  This Agreement shall only become valid and enforceable upon approval of the settlement by the United States Bankruptcy Court for the Central District of California in a pending action involving an involuntary petition filed for Escom, LLC.

| INTERNET REAL ESTATE GROUP, LLC f/k/a DEAL JAM, LLC, | PHONE.COM, LLC, |
|---|---|
| By: _____ | By: _____ |
| Its: __Manager_____ | Its: _____ |
| Date: __8/25/10_____ | Date: _____ |

972484-3                                   7

12. <u>Cooperation</u>.  The Parties will cooperate fully and execute any and all additional documents and take all additional actions, which may be necessary to give full force and effect to the terms and intent of the Agreement.

13. <u>Governing Law</u>.  The Agreement shall be governed by and construed as a sealed document in accordance with the laws of the Commonwealth of Massachusetts, United States of America.

14. <u>No Adverse Inference Regarding Preparation</u>.  This Agreement shall be construed as if all Parties jointly prepared it, and any uncertainty or ambiguity in the Agreement shall not be interpreted against any one Party.

15. <u>Payee Rights; Sovereign Failure to Perform</u>.  The Parties acknowledge and agree that by executing this Agreement, the Claimants are assigning all right, title and interest in and to the Settlement Amount to the specific payees identified in paragraphs (a), (b) and (c) of Section 1 above, each of whom shall have the independent right to enforce this Agreement (as third party beneficiaries with respect to Stoneman, Chandler and Miller, LLP and Del Polikretis) with respect to Sovereign's payment obligations hereunder.

16. <u>Bankruptcy Court Approval</u>.  This Agreement shall only become valid and enforceable upon approval of the settlement by the United States Bankruptcy Court for the Central District of California in a pending action involving an involuntary petition filed for Escom, LLC.

INTERNET REAL ESTATE GROUP, LLC      PHONE.COM, LLC,
f/k/a DEAL JAM, LLC,

By: _____      By: _____

Its: _____      Its: _CEO_____

Date: _____      Date: _August 26, 2010_____

ESCOM, LLC,

By: _____

Its: *CEO/PRESIDENT*

Date: *Aug. 26 '10*

RELATIONSHIP.COM, LLC,

By: _____

Its: _____

Date: _____

CONSULTANTS.COM ACQUISITION GROUP
LLC a/k/a CONSULTANTS.COM, LLC,

By: _____

Its: _____

Date: _____

LOVE TACTICS, LLC,

By: _____

Its: _____

Date: _____

ALERTS.COM, LLC,

By: _____

Its: _____

Date: _____

APPROVALS.COM, LLC,

By: _____

Its: _____

Date: _____

CARBS.COM, LLC,

By: _____

Its: _____

Date: _____

CHOCOLATE.COM, LLC,

By: _____

Its: _____

Date: _____

JEANS.COM, LLC,

By: _____

Its: _____

Date: _____

MEDICALDEVICES.COM, LLC,

By: _____

Its: _____

Date: _____

972484-3

8

ESCOM, LLC,

By: _____

Its: _____

Date: _____

RELATIONSHIP.COM, LLC,

By: _____

Its: _____Manager_____

Date: _____8/25/10_____

CONSULTANTS.COM ACQUISITION GROUP
LLC a/k/a CONSULTANTS.COM, LLC,

By: _____

Its: _____Manager_____

Date: _____8/25/10_____

LOVE TACTICS, LLC,

By: _____

Its: _____Manager_____

Date: _____8/25/10_____

ALERTS.COM, LLC,

By: _____

Its: _____Manager_____

Date: _____8/25/10_____

APPROVALS.COM, LLC,

By: _____

Its: _____Manager_____

Date: _____8/25/10_____

CARBS.COM, LLC,

By: _____

Its: _____Manager_____

Date: _____8/25/10_____

CHOCOLATE.COM, LLC,

By: _____

Its: _____Manager_____

Date: _____8/25/10_____

JEANS.COM, LLC,

By: _____

Its: _____Manager_____

Date: _____8/25/10_____

MEDICALDEVICES.COM, LLC,

By: _____

Its: _____Manager_____

Date: _____8/25/10_____

972484-3

8

PATENTS.COM, LLC,

By: _____

Its: _Manager_____

Date: _8/25/10_____


PETFOOD.COM, LLC,

By: _____

Its: _Manager_____

Date: _8/25/10_____


SAFETY.COM, LLC,

By: _____

Its: _Manager_____

Date: _8/25/10_____


SEM.COM, LLC,

By: _____

Its: _Manager_____

Date: _8/25/10_____


SHOP.COM, LLC,

By: _____

Its: _Manager_____

Date: _8/25/10_____


SOFTWARE.COM, LLC,

By: _____

Its: _Manager_____

Date: _8/25/10_____


SWEEPSTAKES.COM, LLC,

By: _____

Its: _Manager_____

Date: _8/25/10_____


WEDDINGGIFT.COM, LLC,

By: _____

Its: _Manager_____

Date: _8/25/10_____


WIN IN LOVE.COM, LLC,

By: _____

Its: _Manager_____

Date: _8/25/10_____


DOMAIN NAME ACQUISITION GROUP,
LLC,

By: _____

Its: _Manager_____

Date: _8/25/10_____

972484-3

9

DNAG HOLDINGS, LLC,

By: _____

Its: _____

Date: _____

SOVEREIGN BANK,

By: _____

Its: _____

Date: _____

972484-3

10

**EXHIBIT A**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHONE.COM, LLC; ESCOM, LLC; CONSULTANTS.COM, LLC; LOVE TACTICS, LLC; RELATIONSHIP.COM, LLC; and INTERNET REAL ESTATE GROUP, LLC,<br><br>              Plaintiffs,<br>    v.<br><br>SOVEREIGN BANK,<br><br>              Defendant. | Civil Action No. 08-11717-WGY |

### STIPULATION OF DISMISSAL WITH PREJUDICE
### PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii)

Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), plaintiffs Phone.com, LLC, Escom, LLC and

Consultants.com, LLC, former plaintiffs Love Tactics, LLC, Relationship.com, LLC and Internet

Real Estate Group, LLC,[1] and defendant Sovereign Bank hereby stipulate to the dismissal of the

Complaint in this action with prejudice, with each party bearing its own attorneys' fees and

costs, and all rights to appeal being waived. All parties who have appeared in this action have

---

[1] Former plaintiffs Love Tactics, LLC, Relationship.com, LLC and Internet Real Estate Group, LLC were dismissed from this action without prejudice on October 26, 2009, with the filing of the Stipulation of Dismissal for Three of the Plaintiffs. See Docket No. 30. These former plaintiffs are now joining this stipulation in order to change their dismissal from one without prejudice to one with prejudice. Although it was intended that Consultants.com, LLC also be dismissed via the October 26, 2009 dismissal stipulation, that was not accomplished due to oversight by counsel. In any event, Consultants.com, LLC is now being dismissed with prejudice via the filing of this dismissal stipulation.

972484-3             11

consented to this Stipulation of Dismissal with Prejudice, as indicated by the signatures of their

undersigned counsel.


PHONE.COM, LLC; ESCOM, LLC;
CONSULTANTS.COM, LLC; LOVE
TACTICS, LLC; RELATIONSHIP.COM,
LLC; and INTERNET REAL ESTATE
GROUP, LLC,
By their Attorneys,

SOVEREIGN BANK,
By its Attorneys,


_____/s/ Geoffrey Bok_____
Geoffrey R. Bok, BBO# 550851
John M. Simon, BBO# 645557
Stoneman, Chandler & Miller LLP
99 High Street
Boston, MA 02210
(617) 542-6789
Email: gbok@scmllp.com

_____/s/ J. Patrick Kennedy_____
Donn A. Randall, BBO# 631590
J. Patrick Kennedy, BBO# 565778
Bulkley, Richardson and Gelinas, LLP
98 North Washington Street, Suite 500
Post Office Box 9750
Boston, MA 02114-0016
(617) 368-2500
Email: pkennedy@bulkley.com


Dated: August __, 2010

## CERTIFICATE OF SERVICE

I, J. Patrick Kennedy, hereby certify that a true and correct copy of the foregoing
document was served upon all counsel of record via this Court's CM/ECF system or, if not
registered on this Court's CM/ECF system, then via first class mail, postage prepaid, on this ___
day of August, 2010.


_____/s/ J. Patrick Kennedy_____
J. Patrick Kennedy


972484-3                        12

# EXHIBIT 2

May 7, 2009

Mr. Del A. Polikretis
32142 Canyon Crest Court
Westlake Village, CA 91361

Dear Del:

In December 2007, you deposited the sum of $300,000 into an Escom, LLC (the "Company") bank account at Sovereign Bank. It is our understanding that these funds (the "Funds") were to be held in escrow pending consummation of an investment by you in the Company. It is also our understanding that said investment never was consummated. As you know, in March 2008, the Funds were stolen by Christopher Britt along with another $4,849.62 of the Company's money. It is the Company's view that Mr. Britt's successful theft of the Funds would not have been possible but for the gross negligence of Sovereign Bank. As attempts to recover the Funds from Sovereign Bank were not successful, the Company (along with several other entities victimized by Mr. Britt, all of whom share some common ownership with the Company, the "Related Plaintiffs") commenced litigation against the bank by filing a complaint on October 2, 2008 before the Litigation Session of the Massachusetts Suffolk Superior Court in Boston (the "Litigation"). Discovery in the Litigation is underway and nonbinding mediation is scheduled for May 8, 2009. The Company and the Related Plaintiffs have been represented in the Litigation by the law firm of Stoneman, Chandler & Miller, LLP ("Litigation Counsel"). Geoff Bok, Esq. has been handling the matter for Litigation Counsel. The proposed fee agreement with Litigation Counsel (attached hereto as Attachment 1, the "Fee Agreement") calls for the attorneys fees associated with the Litigation (excluding expenses) to be fixed at a 20% contingency fee if the case against Sovereign is settled prior to commencement of trial (or the actual hourly fees if less and if settlement is before May 31, 2009), and 33% once trial commences. In addition, the Fee Agreement states that if the case settles before May 31, 2009:

- Internet Real Estate Group, LLC (one of the Related Plaintiffs, "IREG") will be responsible for 40% of the attorneys fees owed to Litigation Counsel, which sum will not be withheld from any settlement proceeds and which sum is intended to cover all the Related Plaintiffs' respective shares of the attorneys fees, except for those of Phone.com, LLC ("Phone");
- The remaining 60% of the attorneys fees will be paid first to Litigation Counsel out of settlement proceeds, which sum will cover the Company's and Phone's respective shares of the attorneys fees;
- The remainder of the settlement proceeds (after payment of the attorneys fees and expenses) will be distributed as follows:
  - ○ 59% to the Company
  - ○ 30% to Phone
  - ○ 11% to IREG on behalf of IREG and all other Related Plaintiffs; provided, however, that the first $82,000 will be distributed 66% to the Company and 34% to Phone as payment towards their respective shares of the Britt Recovery (as defined below)

As you know, IREG already collected $100,000 from Mr. Britt as partial restitution for his theft from the Company, the Related Plaintiffs and other IREG related entities whose claims are not included in the Litigation as they do not relate to any negligence on the part of Sovereign Bank (the "Britt Recovery"). IREG has acknowledged to the Company that the Company is entitled to $54,000 of the Britt Recovery, which amount is based on the fact that the total amount stolen from the Company ($304,849.62) is 54% of all amounts stolen by Britt from the aforementioned entities.

You have stated that you believe title to the Funds has remained with you at all times and never transferred to the Company due to the fact that your investment transaction was never consummated (i.e. that the Funds were at all times held in trust by the Company). The Company is not prepared to take a position on this claim at this time. However, in the interest of resolving any potential disputes between you and the Company, this letter is to confirm that prior to the Company accepting or rejecting any bona fide offer from Sovereign Bank to settle the Company's claims in the Litigation (a "Settlement Offer"), the



Company will give you an opportunity to either accept or reject the Settlement Offer. If you accept the Settlement Offer, (a) the Company will transfer and assign to you all rights and interest the Company has in the Litigation and the Britt Recovery, as well as any claims the Company may have against Mr. Britt, and (b) you will forever release the Company from all claims you may have against the Company relating to the Funds. Such assignment and release will take effect automatically and without need for further documentation upon your written or electronic communication to the Company and to Litigation Counsel indicating your acceptance of the Settlement Offer. If you reject the Settlement Offer, there shall be no assignment or release, and the Company will continue to prosecute the Litigation and pursue its claims against Mr. Britt as it sees fit and you will reserve all rights and claims you may have with respect to the Funds. In the event no Settlement Offer is received, you shall have a continuing option throughout the course of the Litigation to effect the assignment and release as described above by notifying the Company in writing or via email, in which case such assignment and release shall immediately take effect and you shall will step into the Company's shoes in the Litigation with respect to the Funds and will be authorized (upon your execution of the Fee Agreement) to direct Litigation Counsel as you see fit with respect to those elements of the Litigation relating to the Funds.

Notwithstanding the foregoing, (a) your approval will not be required for any Settlement Offer that would result in your receipt of at least $240,000 from the settlement proceeds (in which case the assignment and release will take effect upon the Company's acceptance of such Settlement Offer), and (b) to the extent your total recovery arising out of the assignment exceeds $300,000, you will remit the excess to the Company.

Please acknowledge your agreement to the foregoing by signing in the space provided below and faxing this document in its entirety to Brian Leventhal, Esq. (attorney for Washington Technology Associates) at 301-576-3538. If you have any questions, please call Brian at 301-775-9240. Thank you.

Sincerely,

The Managers of Escom, LLC:

For Washington Technology Associates, LLC:          For DOM Partners, LLC:

By: _____                      By: _____

Name: Michael Mann                                 Name: _____

Title: Chairman                                    Title: _____

For Domain Name Acquisition Group, LLC:

By: _____

Name: _____

Title: _____

**Read, understood and agreed to:**

_____        _____
Del A. Polikretis                Date

**ATTACHMENT 1**

CONTINGENT FEE AGREEMENT

The clients Internet Real Estate Group, LLC, Phone.com, LLC, Escom, LLC, Consultants, LCC, Love Tactics, LLC, and Relationship.com, LLC (collectively "Client") retain the lawyers at the law firm of Stoneman, Chandler & Miller LLC of 99 High Street, Boston, Massachusetts (collectively "Lawyer") to perform the legal services mentioned in section 1 below.  The Lawyer agrees to perform the legal services faithfully and with due diligence.

(1) The claim, controversy, and other matters with reference to which the legal services are to be performed are: legal representation in claims against Sovereign Bank and potentially others concerning improper actions by Sovereign Bank, Christopher Britt and/or Priviley, LLC, as well as related dealings with Federal law enforcement and prosecution personnel in which the Client is treated only as a victim or witness (i.e., this contingency fee agreement does not cover criminal defense representation of Client).  This contingency fee agreement specifically includes all legal work performed to date by Lawyer for Client in 2008 and 2009 on this claim/controversy, as well as all future legal work by Lawyer for Client on this claim/controversy.  However, this contingency fee agreement does not include any legal services by Lawyer representing the Client in any appeal from any civil judgment – which services (if any) will be billed to Client at Lawyer's usual hourly rates absent a future written agreement between Client and Lawyer on such fees.

(2) The contingency upon which compensation is to be paid is actual payment from this date forward to any one or more Client entities by or on behalf of the Sovereign Bank and/or others (including Christopher Britt and/or Priviley LLC) to settle some or all of the claim/controversy, and/or to satisfy any judgment or restitution order in a civil or criminal court action.

(3) The Client will promptly pay Lawyer for its court costs and reasonable expenses of litigation (including but not limited to court reporter costs, filing fees, expert fees and costs (if retention of expert is approved by Client), constable and subpoena costs, and copying costs).

(4) Compensation to be paid to the Lawyer by the Client on the foregoing contingency shall be the following percentage of the gross amount collected:

> (i)  twenty percent (20%) if no civil trial of the matter begins, or
>
> (ii) thirty-three percent (33%) if a civil trial of the matter begins.

The percentage shall be applied to the gross amount of the recovery or recoveries including any attorney's fees awarded by a court or included in a settlement.  The Lawyer's compensation shall be such attorney's fees awarded by a court or the amount determined by the percentage calculation described above, whichever is greater.  The Lawyer's compensation shall be paid directly and immediately from recoveries as they are received by Lawyer and/or Client.

(5) If an agreement to settle the plaintiffs' dispute with the Sovereign Bank is reached on or before May 31, 2009, then the compensation owed to Lawyer shall be the lower of (i) the compensation owed under section 4 above and (ii) the compensation that would be owed to Lawyer based on its usual hourly rates for these matters.

(6) In addition, if an agreement to settle the plaintiffs' dispute with the Sovereign Bank is reached on or before May 31, 2009, then (a) sixty percent (60%) of the Lawyer's compensation will be paid from the proceeds of this settlement (to cover the obligations of Phone.com LLC and Escom LLC) and the remaining forty (40%) of the Lawyer's compensation will be paid by Internet Real Estate Group LLC (to cover the obligations of itself and the remaining Clients), and (b) The remainder of the settlement proceeds will be distributed by Lawyer as follows:

- 59% to Escom, LLC (or its assignee)
- 30% to Phone.com, LLC; and
- 11% to Internet Real Estate Group, LLC on behalf of itself and the remaining Clients; provided, however, that the first $82,000 of this amount will be distributed 66% to Escom, LLC and 34% to Phone.com, LLC.

All such disbursements will be made via wire transfer to accounts designated by the respective Clients.

This agreement and its performance are subject to Rule 1.5 of the Rules of Professional Conduct adopted by the Massachusetts Supreme Judicial Court.

WE EACH HAVE READ THE ABOVE AGREEMENT BEFORE SIGNING IT.

WE ARE DULY AUTHORIZED TO SIGN THE ABOVE AGREEMENT.   THIS
AGREEMENT WILL BE EXECUTED IN DUPLICATE.

INTERNET REAL ESTATE                STONEMAN, CHANDLER &
GROUP, LLC                          MILLER LLP


_____                  _____
By:                                 By:
LOVE TACTICS, LLC                   CONSULTANTS, LLC


_____                  _____
By:                                 By:


RELATIONSHIP, LLC


_____
By:


PHONE.COM, LLC                      ESCOM, LLC


_____                  _____
By:                                 By:


_____                  _____
By:                                 By:


                                    _____
                                    By:


Dated: May _____, 2009

# EXHIBIT 3

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement"), effective this 18th day of May 2010 (the "Effective Date"), is made by and on behalf of the following entities: (i) Washington Technology Associates, LLC, a Maryland limited liability company ("WTA"), (ii) iEntertainment, Inc., a Maryland corporation ("iEntertainment"), and (iii) AccountingMatters.com, LLC, a Maryland limited liability company ("AM") (collectively, "Petitioners"), (iv) DOM Partners, LLC, a Delaware limited liability company ("DOM"), and (v) Domain Name Acquisition Group, LLC, a Delaware limited liability company ("DNAG"), and for purposes of Paragraphs 6 and 7 only, (vi) Del Anthony Polikretis, an individual residing in the state of California ("Anthony"). Each of the Petitioners, DOM and DNAG may be referred to hereafter as a "Party" and, collectively, as the "Parties".

**WHEREAS**, on March 17, 2010 (the "Petition Date"), the Petitioners filed an involuntary petition under chapter 11 of title 11, United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") with the United States Bankruptcy Court for the Central District of California, San Fernando Valley Division (the "Bankruptcy Court") against Escom, LLC, a Delaware limited liability company (the "Debtor") commencing case number 10-bk-13001-GM with the Bankruptcy Court (the "Case");

**WHEREAS**, on April 21, 2010, the Bankruptcy Court issued an Order to Show Cause Why a Chapter 11 Trustee Should Not Be Appointed in the Case (the "OSC") and set a hearing on the OSC (the "OSC Hearing") for April 27, 2010, which date was then extended to May 11, 2010, and again to May 18, 2010 at the request of DOM and WTA so that they could complete this Agreement; and

**WHEREAS**, the Parties agree that a sale of the Debtor's assets, including its Internet domain name www.sex.com (the "Domain Name"), as expeditiously as possible pursuant to Bankruptcy Code § 363 and this Agreement is in the best interests of the Debtor, the estate and its creditors;

**NOW, THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows (capitalized terms not defined herein shall have the meanings ascribed to them in Debtor's Fourth Amended and Restated Limited Liability Company Agreement (the "Operating Agreement")):

1.    **Order for Relief.** The Parties agree to execute and file with the Bankruptcy Court at or before the OSC Hearing, and in no event later than three (3) business days following the Effective Date a joint stipulation (a) informing the Bankruptcy Court that this Agreement has been executed and attaching a copy of this Agreement as an exhibit thereto, (b) requesting authorization for the Debtor to operate as a debtor in possession pursuant to section 1107 and 1108 of the Bankruptcy Code, subject to the terms of this Agreement and the Operating Agreement, any conflict between the two being resolved in favor of this Agreement, and (c) requesting the Bankruptcy Court to issue an "Order for Relief" in the Case as soon as possible after the seventh (7th) calendar day following the entry of an order approving such stipulation (the "Relief Stipulation" attached hereto as Exhibit A). WTA, DNAG and DOM, in their capacities as Managers of the Debtor, further agree to take all steps reasonably necessary to cause the Debtor to join the Relief Stipulation, including by signing the resolution attached hereto as Exhibit B (the "Escom Resolution") concurrently with the execution of this Agreement. In addition, within seven (7) calendar days of the Bankruptcy Court's entry of an order approving the Relief Stipulation, the Parties shall upload to the Bankruptcy Court a mutually acceptable

proposed Order for Relief providing the authorizations and approvals requested in the Relief Stipulation.

2.    **Administration of the Case.**

DOM, WTA and DNAG agree in their capacities as Managers and Members of the Debtor to take all steps reasonably necessary (including by executing the Escom Resolution) to:

(a) ensure that Anthony remains the Debtor's Chief Executive Officer and President, compensated at the same salary level as provided to him as of the day prior to the filing of the Petition, to run the Debtor's day to day operations under the direction of the Managers, subject to Anthony's continued compliance with this Agreement, the Operating Agreement, and the Escom Resolution (and to the extent there is a conflict between any of the foregoing and this Agreement, this Agreement shall govern), and the requirement that he provide bi-weekly reports of financial results to the Managers simultaneously until all of the Assets (as defined below) have been liquidated, and the earlier of the date the Case has been dismissed or converted to a case under chapter 7;

(b) authorize Anthony to conduct the Case on behalf of the Debtor in his reasonable discretion in the best interest of the Debtor, its creditors and equity holders, and subject to direction by the Debtor's Managers in accordance with this Agreement, including, without limitation, by retaining counsel (and paying such counsel's retainer fee), managing and using the Debtor's cash collateral (for the payment of Anthony's salary, ordinary operating expenses and fees and expenses of Debtor's bankruptcy counsel), filing motions and taking other necessary administrative actions on behalf of the Debtor; Notwithstanding anything to the contrary herein, Anthony shall not be authorized to take any action or file any motion that is inconsistent with the terms of this Agreement or otherwise delays the sale of the Assets unless such authorization is expressly granted by the Managers;

(c) provide WTA's counsel, Brian Leventhal, Esq., and DOM's counsel, Robert E. Seaman III, Esq., with joint and equal control over the Domain Name registration on behalf of the Debtor, including by executing the Escom Resolution and by DOM directing Mr. Seaman to take, within two (2) business days of the entry of the Order for Relief, whatever steps are necessary with the registrar associated with the Domain Name to effect the same;

(d) to cause the Debtor to file the following motions with the Bankruptcy Court on an expedited basis within three (3) business days of the entry of the Order for Relief (which motions, the other Parties agree to support): a motion to approve the Exclusive Brokerage Agreement attached hereto as Exhibit C (the "Sedo Agreement") pursuant to which Debtor will retain Sedo Gmbh and/or its United States subsidiary, Sedo.com, LLC (collectively, "Sedo") as the Debtor's exclusive agent to market and sell the Domain Name and two related trademark registrations owned by the Debtor issued by the United States Patent and Trademark Office (registration #s 3284052 and 3122247; each, a "Trademark", collectively, the "Trademarks", and together with the Domain Name, the "Assets") (the "Retention Motion"), and (ii) a motion to approve the terms set forth in Exhibit D hereto (the "Sales Procedure Terms") as the marketing and sales procedures that will govern Sedo's efforts to sell the Assets (the "Sale Procedure Motion"); and

(e) cause the Debtor (including by executing a resolution of the Debtor's Managers) to file a motion with the Bankruptcy Court on an expedited basis within three (3) business days of the completion of the sale process described in the Sales Procedure Terms and the Sedo

Page 2 of 25

Agreement (the "Sale Process") to authorize the Debtor to consummate the proposed sale transaction that is the result of the Sale Process pursuant to Bankruptcy Code § 363 (b), (d), and (f) and for a finding by the Bankruptcy Court that the purchaser is a good faith purchaser under § 363 (m) (the "363 Motion").

3.    **Retention of Sedo.**  The Parties shall take all steps reasonably necessary to cause the Debtor to execute the Sedo Agreement within one (1) business day of the Effective Date, which the Parties acknowledge was executed by Sedo prior to the Effective Date.  The Parties hereby represent that (i) the Parties and their affiliates, members, and shareholders each have no, and will not have any, other agreement with Sedo to share in any commission that Sedo is paid for its services in connection with the sale of the Assets, (ii) the Parties and their affiliates, members, and shareholders each will not receive from Sedo any other benefits as a result of Sedo's services in connection with the sale of the Assets, and (iii) these representations are material to the Parties' decision to enter into this Agreement and retain Sedo.

4.    **Notes.**  The Parties each individually represent, acknowledge and agree that the following constitutes the true and accurate amounts owed under the operative loan documents referenced below as of April 30, 2010:

(a) pursuant to that certain Secured Promissory Note issued by the Debtor in favor of WTA dated January 12, 2006 (the "WTA Note") and the corresponding Security Agreement of even date therewith (the "WTA Security Agreement" and, together with the WTA Note, the "WTA Loan Docs"), WTA holds an allowed claim against the Debtor in the aggregate sum of $6,799,281.79, which is comprised of the principal amount of $5,000,000.00, accrued unpaid interest and late fees in the amount of $1,709,293.53, and costs, expenses, attorneys' fees and disbursements payable to WTA under the WTA Loan Docs as of April 30, 2010 in the amount of $89,988.26, and which claim is secured by a valid, enforceable, first priority security interest and lien in and to all assets of the Debtor, including the Domain Name and the Trademarks;

(b) pursuant to that certain Secured Promissory Note issued by the Debtor in favor of DOM dated January 12, 2006 (the "DOM Note") and the corresponding Security Agreement of even date therewith (the "DOM Security Agreement" and, together with the DOM Note, the "DOM Loan Docs"), DOM holds an allowed claim against the Debtor in the aggregate sum of $4,500,427.11, which is comprised of the principal amount of $3,000,000.00, accrued unpaid interest and late fees in the amount of $1,009,622.73, and costs, expenses, attorneys' fees and disbursements payable to DOM under the DOM Loan Docs as of April 30, 2010 in the amount of $490,804.38, and which claim is secured by a valid, enforceable, first priority security interest and lien in and to all assets of the Debtor, including the Domain Name and the Trademarks;

(c) pursuant to that certain Secured Promissory Note issued by the Debtor in favor of iEntertainment dated August 1, 2007 (the "iEntertainment Note") and the corresponding Security Agreement of even date therewith (the "iEntertainment Security Agreement" and, together with the iEntertainment Note, the "iEntertainment Loan Docs"), iEntertainment holds an allowed claim against the Debtor in the aggregate sum of $3,577,264.61, which is comprised of the principal amount of $2,500,000.00, accrued unpaid interest and late fees in the amount of $1,029,919.64, and costs, expenses, attorneys' fees and disbursements payable to iEntertainment under the iEntertainment Loan Docs as of April 30, 2010 in the amount of $47,344.97, and which claim is secured by a valid, enforceable, second priority security interest and lien in and to all assets of the Debtor, including the Domain Name and the Trademarks;

(d) pursuant to that certain Services Agreement between AM and Debtor executed in December 2008 (the "AM Agreement"), AM holds an allowed claim as of April 30, 2010 against the Debtor in the aggregate sum of $9,100.00, which claim is an unsecured claim validly owed by the Debtor arising out of pre-petition bookkeeping services provided by AM to Debtor; and

(e) the WTA Note, the DOM Note and the iEntertainment Note shall continue to accrue interest at the default rate after the Effective Date until paid in accordance with the terms of their respective loan documents (the total amount owed under such notes at any given time being the amounts set forth above, plus the amount of additional accrued but unpaid interest plus the amount of additional Collection Costs (as defined in the Notes) arising after April 30, 2010; referred to hereafter as the "Balance").

5.    **Distribution of Proceeds.** The Parties agree that, subject to approval by the Bankruptcy Court, all of the net proceeds of the Sale Process (after payment of all fees and expenses owed to Sedo under the Sedo Agreement) as well as all other cash collateral of the Debtor, less a reserve to cover the Debtor's then outstanding administrative expenses as well as those anticipated to accrue until the end of the Case (as mutually agreed by the Parties, or as determined by Anthony in good faith and upon the advice of Debtor's counsel in the event the Parties cannot reach agreement within five (5) business days of completion of the Sale Process, the "Administrative Reserve"), shall be distributed within three (3) business days of the later to occur of the Bankruptcy Court's approval of the 363 Motion and the establishment of the Administrative Reserve as follows:

(a) First to WTA and DOM pari passu until the Balances of both the WTA Note and the DOM Note have been paid in full (the sum of such Balances, the "Senior Note Balance");

(b) Second to iEntertainment until the Balance of the iEntertainment Note has been paid in full (the sum of such Balance plus the Senior Note Balance, the "Secured Note Balance");

(c) Third to the unsecured creditors of the Debtor (including AM) until all such debt has been paid in full; and

(d) Fourth to equity holders of the Debtor in accordance with the Operating Agreement.

6.    **Releases.** Effective upon completion of the distribution of proceeds as set forth in Paragraph 5 above, each of the Parties and Anthony (on behalf of themselves and their respective parents, subsidiaries and affiliates) hereby releases each of the other Parties and Anthony and their parents, subsidiaries and affiliates (together with their respective owners, managers, officers, directors, employees, agents, contractors, attorneys and representatives, the "Released Parties") from any and all debts, demands, actions, causes of action, suits, accounts, accountings, covenants, contracts, agreements, damages, and any and all claims, demands and liabilities whatsoever of every name and nature, at law, in equity, and/or under or arising out of the Operating Agreement, whether known or unknown, asserted or unasserted, from the beginning of time up through the Effective Date of this Agreement in any way related to the Debtor, the respective roles, positions, and responsibilities of the Released Parties as Managers, Members, and/or creditors thereof, any acts and/or omissions taken or made by any Released Parties in any such capacities or otherwise in connection with the acquisition, financing, management, sale, and/or bankruptcy of Debtor, its assets and affairs (including, without limitation, relating to the Domain Name and the Trademarks), the pursuit of any claims against the Debtor and/or each other, and the enforcement of their rights under any loan agreement with the Debtor, the Operating Agreement or otherwise.  The Parties agree to take

all steps reasonably necessary to secure exculpation for the Officers and Managers of the Debtor at the conclusion of the Case. The Parties represent and warrant that they have not heretofore assigned or otherwise transferred to any other person or entity any right, title or interest in any claims, demands or causes of action that were or could have been the subject matter of any claim that is released in this Paragraph: Notwithstanding the foregoing, the above release shall not include any claim Anthony may have for pre-petition compensation that might be owed to him by the Debtor pursuant to his employment agreement dated February 16, 2007 (and all Parties reserve their rights to challenge any claim in this regard) nor Anthony's claim relating to the Sovereign Matter as described in paragraph 7 herein.

7.  **Sovereign Matter.**  WTA, DOM and DNAG acknowledge that the Debtor is a co-plaintiff (along with Phone.com, LLC, an affiliate of WTA and iEntertainment, "Phone") in a civil action against Sovereign Bank captioned Phone.com, LLC, Escom, LLC, Relationship.com, LLC, Love Tactics, LLC, Consultants.com, LLC and Internet Real Estate Group, LLC v. Sovereign Bank, Civil Action No. 08-11717-WGY, pending in the United States District Court for the District of Massachusetts (formerly Suffolk County Superior Court Civil Action No. 08-04388) (the "Sovereign Litigation"). WTA, DOM and DNAG further acknowledge that on February 28, 2010, the Managers of the Debtor authorized Geoffrey Bok of Stoneman, Chandler & Miller LLC, the Debtor's attorney handling the Sovereign Litigation ("Litigation Counsel"), to agree to a joint settlement between the Debtor and Phone on the one hand and Sovereign Bank on the other, pursuant to which Sovereign Bank would pay a lump sum payment of $300,000 to the co-plaintiffs in settlement of all claims (the "Settlement"). WTA, DOM and DNAG hereby agree to take all steps reasonably necessary (including by executing the Escom Resolution) to cause the Debtor to memorialize the Settlement in a written agreement with Sovereign Bank (the "Settlement Agreement") in order to dismiss the Litigation and that such Settlement Agreement provide for payment by Sovereign Bank of the $300,000 settlement amount as follows: (a) the sum of Sixty Thousand Dollars ($60,000.00) paid directly to Litigation Counsel, (b) the sum of One Hundred Fifty Eight Thousand Four Hundred Dollars ($158,400.00) paid directly to Anthony in his individual capacity, and (c) the sum of Eighty One Thousand Six Hundred Dollars ($81,600.00) to Phone. The Parties acknowledge and agree that the payment to Anthony referenced above is being made pursuant to that certain letter agreement between the Debtor and Anthony dated May 7, 2009, which granted Anthony the right to accept the Debtor's portion of a settlement from Sovereign Bank in full satisfaction of any claims Anthony has or may have had arising out of the theft by Christopher Britt of $300,000, which Anthony wired to a Debtor bank account in December 2007 to be held in trust (the "Anthony Claim"). Notwithstanding anything herein to the contrary, the Parties' agreement to this provision is subject to the provision by Anthony to the Debtor and to each of the Managers of releases of all claims relating to the Anthony Claim consistent with that being agreed to and released in paragraph 6 above. To the extent the Settlement Agreement and/or distribution of the Settlement funds as set forth above requires approval by the Bankruptcy Court, the Parties agree to take all steps reasonably necessary to secure such approval(s) as quickly as practicable.

8.  **No Public Statements.**  Until the Assets are sold and the proceeds distributed in accordance with this Agreement, each of the Parties (on behalf of themselves and their respective, shareholders, members, officers, directors, parents, subsidiaries and affiliates) agree to refrain from making any public comments, statements, press releases or announcements about the Case, the Domain Name, the Debtor and/or the Released Parties (but, with respect to the Released Parties, only to the extent relating to the Case, the Domain Name and/or the Debtor), except as agreed to in writing in advance by all Parties. It is expressly agreed and understood that this prohibition (a) applies to statements made on the Internet; and (b) is not an infringement upon any person's or entity's constitutional or other legal

rights to free speech. It is further expressly agreed and understood that until the Assets are sold and the proceeds distributed in accordance with this Agreement, the violation of this provision would cause the non-violating Party significant monetary damages, up to and including the amount of that Party's claim against the Debtor, in addition to harm to be remedied by injunctive relief, which injunctive relief shall be authorized without the posting of any bond or other security.

9.     **No admission of Liability.** This Agreement constitutes the settlement of disputed claims. It does not and shall not constitute an admission of liability by any of the Parties and shall not be used by any Party or any other person or entity in any litigation or proceeding for that purpose. The Parties further agree that the disputes and allegations that may have resulted in litigation between the Parties are subject to this Agreement and shall not be considered in any context except as may be required to respond truthfully to governmental inquiries or required testimony.

10. **Governing law and venue.** This Agreement shall be governed by, construed and enforced in accordance with the laws of the State of Delaware, without regard to the choice of law rules of such jurisdiction. The Parties hereby agree that the Bankruptcy Court shall have exclusive jurisdiction to resolve any disputes or controversies arising out of or relating to this Agreement.

11. **Costs and Attorney's Fees.** In any litigation referenced in Paragraph 10 above, the prevailing party shall be entitled to reimbursement by the non-prevailing party for its costs and attorney's fees.

12. **Time is of Essence.** The Parties agree that time is of the essence with respect to all obligations contained in this Agreement.

13. **Successors and Assigns.** This Agreement shall be binding on and inure to the benefit of the Parties and their respective successors and assigns.

14. **Counterparts.** This Agreement may be signed in counterparts, each of which shall be deemed an original. This Agreement may only be amended in a writing signed by all Parties, which amendment may also be signed in counterparts.

15. **Further Assurances.** The Parties agree to execute and deliver any additional papers, documents and other assurances, and take all acts that are reasonably necessary to carry out the intent of this Agreement, including obtaining Bankruptcy Court Approval for all of the terms of this Agreement.

16. **Mutual Contribution.** This Agreement was drafted by all of the Parties and, thus, shall not be construed against any one Party because that Party initially drafted any particular provision.

17. **Authority.** Each person affixing his or her signature hereto represents and warrants that he or she is duly authorized to execute the Agreement on behalf of the entity he or she is purporting to bind.

[SIGNATURES APPEAR ON FOLLOWING PAGE]

**WHEREFORE,** the Parties have executed this Agreement as of the Effective Date.

**For Washington Technology Associates, LLC:**

By: _____

Name: <u>Michael Mann</u>

Title: <u>Sole Member</u>

**For DOM Partners, LLC:**

By: _____

Name: _____

Title: _____

**For iEntertainment, Inc.:**

By: _____

Name: <u>Michael Mann</u>

Title: <u>President</u>

**For AccountingMatters.com, LLC:**

By: _____

Name: <u>Michael Mann</u>

Title: <u>Sole Member</u>

**For Domain Name Acquisition Group, LLC:**

By: _____

Name: _____

Title: _____

**For purposes of Paragraphs 6 and 7 only:**

By: _____

Name: <u>Del Anthony Polikretis</u>

WHEREFORE, the Parties have executed this Agreement as of the Effective Date.

**For Washington Technology Associates, LLC:**

By:  _____

Name:  _____

Title:  _____

**For DOM Partners, LLC:**

By:  _____

Name:  ROBERT E. SEAMAN III.

Title:  AUTHORIZED SIGNATORY

**For iEntertainment, Inc.:**

By:  _____

Name:  _____

Title:  _____

**For AccountingMatters.com, LLC:**

By:  _____

Name:  _____

Title:  _____

**For Domain Name Acquisition Group, LLC:**

By:  _____

Name:  _____

Title:  _____

For purposes of Paragraphs 6 and 7 only:

By:  _____

Name: Del Anthony Polikretis

WHEREFORE, the Parties have executed this Agreement as of the Effective Date.

**For Washington Technology Associates, LLC:**

By: _____

Name: _____

Title: _____

**For DOM Partners, LLC:**

By: _____

Name: _____

Title: _____

**For iEntertainment, Inc.:**

By: _____

Name: _____

Title: _____

**For AccountingMatters.com, LLC:**

By: _____

Name: _____

Title: _____

**For Domain Name Acquisition Group, LLC:**

By: _____

Name: Michael Zapolin

Title: Manager : Built to Last LLC

For purposes of Paragraphs 6 and 7 only:

By: _____

Name: Del Anthony Polikretis

Peter Hubshman
DNAG Holdings LLC.
for Domain Name Aquisition Grp

Page 7 of 28

## EXHIBIT A
## RELIEF STIPULATION

1  NOSSAMAN LLP
   Allan H. Ickowitz (SBN 80994)
2  John W. Kim (SBN 216251)
   445 South Figueroa Street, 31st Floor
3  Los Angeles, CA  90071
   Telephone: 213-612-7849
4  Facsimile: 213-612-7801
5  aickowitz@nossaman.com; jkim@nossaman.com

6  -and-

7  WINDELS MARX LANE & MITTENDORF, LLP
   Alan Nisselson, Esq.
8  Scott R. Matthews, Esq.
   156 West 56th Street
9  New York, New York 10019
   Telephone: (212) 237-1000
10 Facsimile: (212) 262-1215
11 anisselson@windelsmarx.com; smatthews@windelsmarx.com

12 *Attorneys for DOM Partners LLC*

13

14                UNITED STATES BANKRUPTCY COURT

15                CENTRAL DISTRICT OF CALIFORNIA

16              SAN FERNANDO VALLEY DIVISION

17 In re                          | Involuntary Chapter 11 Petition

18 ESCOM, LLC,                     | Case No. 10-bk-13001-GM

19        Debtor.                  | **STIPULATION**

20

21

22      **WHEREAS**, on March 17, 2010 (the "Petition Date"), three purported petitioners, Washington

23 Technology Associates, LLC ("WTA"), iEntertainment, Inc. ("iEntertainment"), and

24 AccountingMatters.com, LLC ("AccountingMatters", and collectively with WTA and iEntertainment,

25 the "Petitioners"), filed an involuntary petition under chapter 11 of title 11, United States Code, 11

26 U.S.C. §§ 101 et seq. (the "Bankruptcy Code") with this Court against the Debtor commencing this case;

27

28

{10561062:4}

                              **STIPULATION**

**WHEREAS,** the parties to this Stipulation agree that a sale of the Debtor's assets, including its Internet domain name www.sex.com (the "Domain Name"), should occur as expeditiously as possible pursuant to Bankruptcy Code § 363 and such sale is in the best interests of the Debtor and its creditors.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.    The parties to this Stipulation (which include, the Debtor, the Petitioners and DOM; collectively, the "Parties") have executed a settlement agreement memorializing their agreement as to the manner in which this case should be managed by the Debtor and the primary assets of the Debtor sold, which settlement agreement is attached hereto as Exhibit A (the "Settlement Agreement"). Pursuant to the Settlement Agreement, the Parties hereby request that the Court authorize the Debtor to operate as a debtor in possession pursuant to section 1107 and 1108 of the Bankruptcy Code, subject to the terms of the Settlement Agreement. The Parties consent to the entry of an Order for Relief in this case no earlier than seven (7) days from the entry of an Order approving this Stipulation.

2.    In accordance with the time period specified in the Settlement Agreement, following the entry of the Order for Relief, the Debtor shall file the Retention Motion and the Sale Procedure Motion on an expedited basis consistent with the terms and conditions set forth in the Settlement Agreement. All parties to this Agreement shall support both motions.

[SIGNATURES ON NEXT PAGE]

{10561062:4}

2
STIPULATION

Dated: May 18, 2010

NOSSAMAN LLP
Allan H. Ickowitz
John W. Kim

- and -

WINDELS MARX LANE & MITTENDORF, LLP
Alan Nisselson
Scott R. Matthews


By: _____


*Attorneys for DOM Partners, LLC*

ESCOM, LLC
Involuntary Debtor

By: _____
Its:

SUSAN I. MONTGOMERY, ESQ.
Susan I. Montgomery

- and -

MEISTER SEELIG & FEIN LLP
Lawrence F. Morrison


By: _____


*Attorneys for Petitioners*
*WTA TECHNOLOGY ASSOCIATES, LLC*
*ACCOUNTINGMATTERS.COM, LLC*
*iENTERTAINMENT, INC.*

| In re:<br>ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document described **NOTICE OF MOTION AND MOTION TO APPROVE SETTLEMENT OF LITIGATION BETWEEN THE DEBTOR AND SOVEREIGN BANK; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEL ANTHONY POLIKRETIS; EXHIBITS** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 15, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **September 15, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 15, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

VIA HAND DELIVERY
Honorable Geraldine Mund
U.S. States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 15, 2010 | Megan J Wilson | /s/ Megan J Wilson |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                     **F 9013-3.1**

| In re:<br>ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Jeffrey W Dulberg    jdulberg@pszjlaw.com
- Michael I Gottfried    mgottfried@lgbfirm.com, msaldana@lgbfirm.com
- Peter J Gurfein    pgurfein@lgbfirm.com
- John W Kim    jkim@nossaman.com
- Susan I Montgomery    susan@simontgomerylaw.com
- S Margaux Ross    margaux.ross@usdoj.gov
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

***SEE ATTACHED SERVICE LIST***

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                           **F 9013-3.1**

52

**Escom LLC 2002 Service List**

**Counsel for US Trustee**
S. Margaux Ross, Esq.
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367
margaux.ross@usdoj.gov

**Debtor**
Escom LLC
Post Office Box 1410
Agoura Hills, CA 91376
Attn: Del Anthony
del@escomllc.com

**Counsel for Nothin' But Net, LLC**
Daniel G. Gurfein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
Suite 1130
New York, NY 10169
Tel: (212) 818-9200/Fax: (212) 818-9606
dgurfein@ssbb.com

**Counsel for DOM Partners LLC**
Alan Nisselson/Scott Matthews
Windels Marx Lane & Mittendorf, LLP
156 West 56th St.
New York, NY 10019
Tel: (212) 237-1000/Fax: (212) 262-1215
anisselson@windelsmarx.com
smatthews@windelsmarx.com

**Counsel for Dom Partners LLC**
Allan H. Ickowitz/John Kim
Nossaman LLP
445 So. Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 612-7800/Fax: (213) 612-7801
aickowitz@nossaman.com
jkim@nossaman.com

**Attorneys for Petitioning Creditors**
**Washington Technology Associates, LLC,**
**iEntertainment, Inc., and**
**AccountingMatters.comLLC**
Susan I. Montgomery, Esq.
1925 Century Park East
Suite 2000
Los Angeles, CA 90067
Tel: (310) 556-8900/Fax: (310) 556-8905
susan@susanmontgomerylaw.com

**Attorneys for Petitioning Creditors**
**Washington Technology Associates, LLC,**
**iEntertainment, Inc., and**
**AccountingMatters.comLLC**
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th St.
19th Floor
New York, NY 10017
Tel: (212) 655-3582/Fax: (646) 539-3682
lfm@msf-law.com

Accounting Matters
600 Jefferson St., #320
Rockville, MD 20852

**Creditors or Parties in Interest**
i95 Invesment Group
60 Wells Ave.
Suite 100
Newton, MA 02459
Attn: Corey Bialow
Tel: (617) 928-9423/Fax: (617) 964-5318
cbialow@bialow.com

**Creditors or Parties in Interest**
Domain Name Acquisition Group, LLC
188 Needham St., Suite 255
Newton, MA 02464
Attn: Andrew Miller
Tel: (617) 236-0806/Fax: (617) 927-1199
amiller@internetrealestate.com

**Counsel for Nothin' But Net, LLC**
Peter J. Gurfein
Landau Gottfried & Berger, LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Tel: (310) 557-0050/Fax: (310) 557-0056
pgurfein@lgbfirm.com

Taxing Authorities
Employment Development Dept.
Bankruptcy Group
Post Office Box 826880
Sacramento, CA 94280

Franchise Tax Board
Attention: Bankruptcy
Post Office Box 2952
Sacramento, CA 95812

Franchise Tax Board
Post Office Box 942857
Sacramento, CA 94257-0631

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1

Internal Revenue Service
2  Post Office Box 21126
Philadelphia, PA  19114
3

State Board of Equalization
4  Attn:  Special Procedures Section
Post Office Box 942879
5  Sacramento, CA  95814

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT 2

1  Jeffrey W. Dulberg (CA Bar No. 181200)
2  PACHULSKI STANG ZIEHL & JONES LLP
   10100 Santa Monica Blvd., 11th Floor
3  Los Angeles, California  90067-4100
   Telephone: 310/277-6910
4  Facsimile: 310/201-0760
   E-mail:    jdulberg@pszjlaw.com
5
   Attorneys for Escom, LLC,
6  Debtor and Debtor in Possession

7

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10             **SAN FERNANDO VALLEY DIVISION**

11 In re:                              Case No.: 1:10-bk-13001-GM

12                                     Chapter 11

13 **ESCOM, LLC,**[1]                      **[PROPOSED] ORDER GRANTING
                                       MOTION TO APPROVE SETTLEMENT
14                                     OF LITIGATION BETWEEN THE
                                       DEBTOR AND SOVEREIGN BANK**
15
                                       **[Relates to Docket Nos. 110]**
16              Debtor.
                                       [No Hearing Required Per Local Bankruptcy
17                                     Rule 9013-1(o)(1)]

18

19

20      The Court has considered the *Motion to Approve Settlement of Litigation between the Debtor*

21 *and Sovereign Bank* [Docket No. 110] (the "Motion") filed by Escom, LLC, debtor and debtor in

22 possession in the above referenced case (the "Debtor").  Unless otherwise defined herein, capitalized

23 terms have the meaning ascribed to them in the Motion.

24      Based upon the record before the Court, notice of the Motion is sufficient under the

25 circumstances and no hearing on the Motion is required pursuant to the Local Bankruptcy Rules; and

26 the Sovereign Agreement having been made in good faith and in an arm's-length transaction, and

27 after due deliberation and good cause appearing therefore,

28 [1]  The Debtor is a Delaware limited liability company, Tax I.D. # 20-038609.  The Debtor's address is PO Box 1410
   Agoura Hills, CA 91376.

DOCS_LA:225653.2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   1.  The Motion is GRANTED.

2   2.  The Settlement Agreement, which forms the basis of the settlement between the

3 parties, attached as Exhibit 1 to the Motion, is approved.

4   3.  The parties shall comply with the terms of the Settlement Agreement and the

5 obligations contained therein and are authorized to enter into and execute such other and further

6 documents and take such further action as may be necessary or appropriate to effectuate the

7 settlement; provided, however, nothing in this Order shall condition, limit or restrict the

8 enforceability of the Settlement Agreement approved pursuant to this Order.

9

10

11

12

13

14                    #######

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

DOCS_LA:225653.2

| In re:<br>ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as **[PROPOSED] ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF LITIGATION BETWEEN THE DEBTOR AND SOVEREIGN BANK** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 30, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

$\boxtimes$ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On _____, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 30, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

VIA HAND DELIVERY
Honorable Geraldine Mund
U.S. States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 30, 2010   Mary de Leon | /s/ Mary de Leon |
|---|---|
| Date          Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                    **9013-3.1.PROOF.SERVICE**
58

| In re: | CHAPTER 11 |
|---|---|
| ESCOM, LLC | |
| Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

### NOTE TO USERS OF THIS FORM:

1) Attach this form to the last page of a proposed Order or Judgment. Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category I.** below: The United States trustee and case trustee (if any) will always be in this category.
4) **Category II.** below: List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) **ORDER GRANTING MOTION TO APPROVE SETTLEMENT OF LITIGATION BETWEEN THE DEBTOR AND SOVEREIGN BANK** was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **September 30, 2010**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*
# F 9021-1.1.NOTICE.ENTERED.ORDER

| In re:<br>ESCOM, LLC | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**1:10-bk-13001-GM Notice will be electronically mailed to:**

Jeffrey W Dulberg on behalf of Debtor Escom LLC
jdulberg@pszjlaw.com

Michael I Gottfried on behalf of Creditor Nothin But Net LLC
mgottfried@lgbfirm.com, msaldana@lgbfirm.com

Peter J Gurfein on behalf of Creditor Nothin But Net LLC
pgurfein@lgbfirm.com

John W Kim on behalf of Creditor DOM Partners LLC
jkim@nossaman.com

Susan I Montgomery on behalf of Interested Party Courtesy NEF
susan@simontgomerylaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov


**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

**2002 Service List**

Office of the U.S. Trustee
S. Margaux Ross, Esq.
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367

Counsel for DOM Partners LLC
Alan Nisselson/Scott Matthews
Windels Marx Lane & Mittendorf, LLP
156 West 56th St.
New York, NY 10019

Attys for Washington Tech., iEntertainment
& AccountingMatters.comLLC
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP, Two Grand
Central Tower, 140 East 45th St., 19th Fl.
New York, NY 10017

Debtor
Escom LLC
Post Office Box 1410
Agoura Hills, CA 91376
Attn: Del Anthony

Counsel for Dom Partners LLC
Allan H. Ickowitz/John Kim
Nossaman LLP
445 So. Figueroa Street, 31st Floor
Los Angeles, CA 90071

Accounting Matters
600 Jefferson St., #320
Rockville, MD 20852

Counsel for Nothin' But Net, LLC
Daniel G. Gurfein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, NY 10169

Attorneys for Washington Technology
Associates, LLC, iEntertainment, Inc.,
and AccountingMatters.comLLC
Susan I. Montgomery, Esq.
1925 Century Park East, Suite 2000
Los Angeles, CA 90067

Creditors or Parties in Interest
i95 Invesment Group
60 Wells Ave., Suite 100
Newton, MA 02459
Attn: Corey Bialow

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                    **F 9021-1.1.NOTICE.ENTERED.ORDER**
60

| In re:<br>ESCOM, LLC | CHAPTER 11 |
|---|---|
| Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

Counsel for Nothin' But Net, LLC
Peter J. Gurfein
Landau Gottfried & Berger, LLP
1801 Century Park East, Suite 1460
Los Angeles, CA  90067

Creditors or Parties in Interest
Domain Name Acquisition Group, LLC
188 Needham St., Suite 255
Newton, MA 02464
Attn: Andrew Miller

Employment Development Dept.
Bankruptcy Group
Post Office Box 826880
Sacramento, CA  94280

Franchise Tax Board
Attention:  Bankruptcy
Post Office Box 2952
Sacramento, CA  95812

Franchise Tax Board
Post Office Box 942857
Sacramento, CA  94257-0631

Internal Revenue Service
Post Office Box 21126
Philadelphia, PA  19114

State Board of Equalization
Attn:  Special Procedures Section
Post Office Box 942879
Sacramento, CA  95814

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9021-1.1.NOTICE.ENTERED.ORDER

61

| In re:<br>ESCOM, LLC | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **DECLARATION OF JEFFREY W. DULBERG RE NON-OPPOSITION TO DEBTOR'S MOTION TO APPROVE SETTLEMENT OF LITIGATION BETWEEN THE DEBTOR AND SOVEREIGN BANK** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 30, 2010**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served): On **September 30, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **September 30, 2010,** I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

VIA HAND DELIVERY
Honorable Geraldine Mund
U.S. States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| September 30, 2010 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                 **9013-3.1.PROOF.SERVICE**

| In re:<br>ESCOM, LLC | | CHAPTER 11 |
|---|---|---|
| | Debtor(s). | CASE NUMBER 1:10-bk-13001-GM |

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**1:10-bk-13001-GM Notice will be electronically mailed to:**

Jeffrey W Dulberg on behalf of Debtor Escom LLC
jdulberg@pszjlaw.com

Michael I Gottfried on behalf of Creditor Nothin But Net LLC
mgottfried@lgbfirm.com, msaldana@lgbfirm.com

Peter J Gurfein on behalf of Creditor Nothin But Net LLC
pgurfein@lgbfirm.com

John W Kim on behalf of Creditor DOM Partners LLC
jkim@nossaman.com

Susan I Montgomery on behalf of Interested Party Courtesy NEF
susan@simontgomerylaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov


**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**


***SEE ATTACHED SERVICE LIST***

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                    **9013-3.1.PROOF.SERVICE**

1

### Escom LLC 2002 Service List

2

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Counsel for US Trustee**
S. Margaux Ross, Esq.
21051 Warner Center Lane
Suite 115
Woodland Hills, CA 91367
margaux.ross@usdoj.gov

**Debtor**
Escom LLC
Post Office Box 1410
Agoura Hills, CA 91376
Attn: Del Anthony
del@escomllc.com

**Counsel for Nothin' But Net, LLC**
Daniel G. Gurfein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue
Suite 1130
New York, NY 10169
Tel: (212) 818-9200/Fax: (212) 818-9606
dgurfein@ssbb.com

**Counsel for DOM Partners LLC**
Alan Nisselson/Scott Matthews
Windels Marx Lane & Mittendorf, LLP
156 West 56th St.
New York, NY 10019
Tel: (212) 237-1000/Fax: (212) 262-1215
anisselson@windelsmarx.com
smatthews@windelsmarx.com

**Counsel for Dom Partners LLC**
Allan H. Ickowitz/John Kim
Nossaman LLP
445 So. Figueroa Street, 31st Floor
Los Angeles, CA 90071
Tel: (213) 612-7800/Fax: (213) 612-7801
aickowitz@nossaman.com
jkim@nossaman.com

**Attorneys for Petitioning Creditors**
**Washington Technology Associates, LLC,**
**iEntertainment, Inc., and**
**AccountingMatters.comLLC**
Susan I. Montgomery, Esq.
1925 Century Park East
Suite 2000
Los Angeles, CA 90067
Tel: (310) 556-8900/Fax: (310) 556-8905
susan@susanmontgomerylaw.com

**Attorneys for Petitioning Creditors**
**Washington Technology Associates, LLC,**
**iEntertainment, Inc., and**
**AccountingMatters.comLLC**
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th St.
19th Floor
New York, NY 10017
Tel: (212) 655-3582/Fax: (646) 539-3682
lfm@msf-law.com

Accounting Matters
600 Jefferson St., #320
Rockville, MD 20852

**Creditors or Parties in Interest**
i95 Invesment Group
60 Wells Ave.
Suite 100
Newton, MA 02459
Attn: Corey Bialow
Tel: (617) 928-9423/Fax: (617) 964-5318
cbialow@bialow.com

**Creditors or Parties in Interest**
Domain Name Acquisition Group, LLC
188 Needham St., Suite 255
Newton, MA 02464
Attn: Andrew Miller
Tel: (617) 236-0806/Fax: (617) 927-1199
amiller@internetrealestate.com

**Counsel for Nothin' But Net, LLC**
Peter J. Gurfein
Landau Gottfried & Berger, LLP
1801 Century Park East, Suite 1460
Los Angeles, CA 90067
Tel: (310) 557-0050/Fax: (310) 557-0056
pgurfein@lgbfirm.com

Taxing Authorities
Employment Development Dept.
Bankruptcy Group
Post Office Box 826880
Sacramento, CA 94280

Franchise Tax Board
Attention: Bankruptcy
Post Office Box 2952
Sacramento, CA 95812

Franchise Tax Board
Post Office Box 942857
Sacramento, CA 94257-0631

1  Internal Revenue Service
   Post Office Box 21126
2  Philadelphia, PA  19114

3  State Board of Equalization
   Attn:  Special Procedures Section
   Post Office Box 942879
4  Sacramento, CA  95814

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA