1  Jeffrey W. Dulberg (CA Bar No. 181200)
   PACHULSKI STANG ZIEHL & JONES LLP
2  10100 Santa Monica Blvd., 11th Floor
   Los Angeles, California  90067-4100
3  Telephone: 310/277-6910
   Facsimile:  310/201-0760
4  E-mail:     jdulberg@pszjlaw.com

5
   Attorneys for Escom, LLC,
6  Debtor and Debtor in Possession

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10            SAN FERNANDO VALLEY DIVISION

11 In re:                          Case No.: 1:10-bk-13001-GM

12                                 Chapter 11

13 ESCOM, LLC,¹                    ORDER (I) AUTHORIZING DEBTOR TO SELL
                                   ASSETS FREE AND CLEAR OF LIENS,
14                                 CLAIMS, AND ENCUMBRANCES, (II)
                                   APPROVING ASSET PURCHASE
15                                 AGREEMENT AND TRADEMARKS
                          Debtor.  ASSIGNMENT WITH SUCCESSFUL BIDDER
16 .                               CLOVER HOLDINGS LIMITED, (III)
                                   AUTHORIZING PAYMENT OF SALE
17                                 COMMISSIONS FROM SALE PROCEEDS,
                                   AND (V) GRANTING RELATED RELIEF
18
                                   [Relates to Docket No. 115]
19
20                                 Date:  October 27, 2010
21                                 Time:  10:00 a.m.
                                   Place: Courtroom 303
22                                        21041 Burbank Blvd.
                                          Woodland Hills, California 91367
23
24
25
26
27
     _____
28  ¹     The Debtor is a Delaware limited liability company, Tax I.D. # 20-038609.  The Debtor's address is PO Box
     1410, Agoura Hills, CA 91376.

FILED & ENTERED

OCT 28 2010

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY ogier        DEPUTY CLERK

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

Upon the motion (the "Motion") of the above-captioned debtor and debtor in possession (the "Debtor") for entry of an order approving the sale of the Assets[2] free and clear of all liens, claims, encumbrances, and interests, in accordance with the terms and conditions of the Asset Purchase Agreement annexed hereto as **Exhibit "A"**, and granting related relief; and this Court having entered an order dated June 30, 2010, (i) authorizing the Debtor to employ Sedo.com, LLC ("Sedo") as the Debtor's sales and marketing agent; (ii) approving Sale Procedures relating to the Assets; and (iii) ordering that at a hearing may be scheduled on notice to all parties in interest at which the Debtor would seek Court approval of the sale of the Assets to the successful bidder and payment of a commission to Sedo (the "Procedures Order," Docket No. 81); and the Debtor having determined that Clover Holdings Limited, a company organized under the laws of St. Vincent, has made the highest and best offer for the Assets (the "Buyer") in accordance with the Sale Procedures; and the Court having jurisdiction to consider the Motion and the relief requested therein; and the appearance of all interested parties and all responses and objections, if any, to the Motion having been duly noted in the record of the Sale Hearing; and upon the record of the Sale Hearing, and all other pleadings and proceedings in this case; and it appearing that the relief requested in the Motion is in the best interests of the Debtor, its estate, its creditors, and all other parties in interest; and after due deliberation and sufficient cause appearing therefore;

IT IS HEREBY FOUND, DETERMINED AND CONCLUDED THAT:[3]

      A.      The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

---

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.
[3] All findings of fact and conclusions of law announced by the Court at the Sale Hearing in relation to the Motion are hereby incorporated herein to the extent not inconsistent herewith.

*Error! Unknown document property name.*
23880-001\DOCS_LA:226646.4

B.      To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such.  To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

C.      The Court has jurisdiction over this matter and over the property of the Debtor, including the Assets, and its estate pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue in this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.      The statutory predicates for the relief sought in the Motion and the basis for the approvals and authorizations herein are sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 6004 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

E.      On March 17, 2010, an involuntary petition for relief under chapter 11 of the Bankruptcy Code was commenced against the Debtor.  On June 21, 2010, the Court entered an order for relief.  The Debtor operates its business and manages its affairs as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed in this chapter 11 case.

F.      As evidenced by the proofs of service filed with the Court, proper, timely, adequate, and sufficient notice of the Motion, the Sale Procedures, and the Sale Hearing have been provided in accordance with sections 102(1) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004 and 9014, the local rules of this Court.  No other or further notice of the Motion, the Sale Procedures, or the Sale Hearing is necessary or shall be required.

G.      A reasonable opportunity to object or be heard regarding the requested relief has been afforded to all interested persons and entities, including, without limitation, (i) the Office of the United States Trustee; (ii) the Debtor's prepetition secured lenders (collectively, the "Lenders"); (iii) all parties who have timely filed requests for notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure; (iv) applicable taxing authorities; and (v) all of the Debtor's known unsecured creditors.  Other parties interested in bidding on the Assets were provided, upon request, sufficient information to make an informed judgment on whether to bid on the Assets.

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS ANGELES , CALIFORNIA

Case 1:10-bk-13001-GM   Doc 129   Filed 10/28/10   Entered 10/28/10 09:22:24   Desc
Main Document   Page 4 of 24

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

1    H.    The Debtor has demonstrated a sufficient basis for it to enter into the Asset Purchase

2  Agreement with  Clover Holdings Limited (the "Clover APA" and "Buyer"), annexed hereto as

3  Exhibit "A", and to sell the Assets, and such actions are appropriate exercises of the Debtor's

4  business judgment and in the best interests of the Debtor, its estate, and its creditors.

5    I.    The Debtor and its professionals have complied, in good faith, in all respects with the

6  Procedures Order.  As demonstrated by the testimony and other evidence proffered or adduced at the

7  Sale Hearing through marketing efforts and a competitive sale process conducted in accordance with

8  the Procedures Order, the Debtor and Sedo (i) afforded interested potential purchasers a full, fair,

9  and reasonable opportunity to qualify as bidders and submit their best offer to purchase the Assets,

10  and (ii) provided potential purchasers, upon request, sufficient information to enable them to make

11  an informed judgment on whether to bid on the Assets.

12    J.    The Sale Procedures obtained the highest and best value for the Assets for the Debtor

13  and its estate.

14    K.    The Buyer is not an "insider" or "affiliate" of the Debtor as those terms are defined in

15  the Bankruptcy Code.  The Clover APA was negotiated and entered into in good faith, based upon

16  arm's-length bargaining, and without misconduct, collusion or fraud of any kind, attempted or

17  otherwise.  The Buyer has not engaged in any conduct that would prevent the application of section

18  363(m) of the Bankruptcy Code or cause the application of, or implicate, section 363(n) of the

19  Bankruptcy Code to the consummation of the sale transaction.  The Buyer is entitled to all the

20  protections and immunities of section 363(m) of the Bankruptcy Code.

21    L.    The Debtor has full corporate power and authority to execute the Clover APA and all

22  other documents contemplated thereby, and the sale of the Assets has been duly and validly

23  authorized by all necessary corporate authority by the Debtor.  No consents or approvals, other than

24  as may be expressly provided for in the Clover APA, are required by the Debtor to consummate such

25  transactions.

26    M.    The Debtor has advanced sound business reasons for seeking to enter into the Clover

27  APA and to sell the Assets and it is a reasonable exercise of the Debtor's business judgment to sell

28  the Assets and to consummate the transaction contemplated by the Clover APA.

N.      The terms and conditions of the Clover APA, including the consideration to be realized by the Debtor, are fair and reasonable, and the transaction contemplated by the Clover APA is in the best interests of the Debtor's estate.  In the event the Clover APA transaction is not consummated, the Debtor remains authorized to enter into a Back-Up Transaction as provided by the Sale Procedures to the extent it is in the best interests of the Debtor's estate.

O.      The Assets shall be sold free and clear of all liens, claims, encumbrances, and interests, with liens, claims, encumbrances, and interests to attach to the consideration to be received by the Debtor in the same priority and subject to the same defenses and avoidability, if any, as before the Closing, and the Buyer would not purchase the Assets otherwise.

P.      The transfer of the Assets, once consummated, will be a legal, valid, and effective transfer of the Assets, and shall vest the Buyer with all right, title, and interest of the Debtor to the Assets free and clear of any and all liens, claims, encumbrances, and interests of any kind whatsoever (collectively, the "Liens, Claims, Encumbrances, and Interests").  Except as specifically provided in the Clover APA, the Buyer shall not assume or become liable for any Liens, Claims, Encumbrances, and Interests relating to the Assets.  All persons having Liens, Claims, Encumbrances, or Interests of any kind or nature whatsoever against or in any of the Debtor or the Assets shall be forever barred estopped and permanently enjoined from pursuing or asserting such Liens, Claims, Encumbrances, or Interests against the Buyer any of its assets, property, successors or assigns, or the Assets.

Q.      The Debtor may sell the Assets free and clear of all Liens, Claims, Encumbrances, and Interests of any kind or nature whatsoever because, in each case, one or more of the standards set forth in section 363(f) of the Bankruptcy Code has been satisfied.  Those (i) holders of Liens, Claims, Encumbrances, and Interests and (ii) non-debtor parties, who did not object, or who withdrew their objections, to the sale of the Assets and the Motion are deemed to have consented to the sale pursuant to section 363(f)(2) of the Bankruptcy Code.  The only objection to the Motion was filed by Nuthin' But Net, LLC which objection has been resolved to the extent provided in Paragraph 8, below, or, to the extent not resolved and not explicitly overruled by this Order, has been continued to a further hearing before this Court.  To the extent any other party may have

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS ANGELES , CALIFORNIA

objected or hereafter seeks to object to the Motion, all such additional objections are hereby

overruled.  Those holders of Liens, Claims, Encumbrances, and Interests who did object fall within

one or more of the other subsections of section 363(f) of the Bankruptcy Code and are adequately

protected by having their Liens, Claims, Encumbrances, and Interests, if any, attach to the proceeds

of the sale of the Assets ultimately attributable to the property against or in which they claim or may

claim any Liens, Claims, Encumbrances, and Interests, with such Liens, Claims, Encumbrances, and

Interests being subject to treatment as prescribed in any plan of liquidation proposed by the Debtor

or by other, separate order of this Court.

R.      Not selling the Assets free and clear of all Liens, Claims, Interests, and

Encumbrances would adversely impact the Debtor's estate, and the sale of Assets other than free and

clear of all Liens, Claims, Encumbrances, and Interests would be of substantially less value to the

Debtor's estate.

S.      The transaction contemplated under the Clover APA does not amount to a

consolidation, merger, or *de facto* merger of the Buyer with the Debtor.

T.      The sale of the Assets outside of a plan of reorganization neither impermissibly

restructures the rights of the Debtor's creditors nor impermissibly dictates the terms of a liquidating

plan of reorganization for the Debtor.  The sale does not constitute a "*sub rosa*" chapter 11 plan.

U.      Time is of the essence in consummating the sale.  In order to maximize the value of

the Assets, it is essential that the Closing occur within the time constraints set forth in the Clover

APA.  Accordingly, there is cause to hold an expedited hearing on the Motion and lift the stay

contemplated by Bankruptcy Rule 6004(h).

*Error! Unknown document property name.*
23880-001\DOCS_LA:226646.4

PACHULSKI  STANG  ZIEHL  & JONES  LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

BASED UPON THE FOREGOING, IT IS HEREBY **ORDERED, ADJUDGED, AND DECREED** THAT:

1.    The relief requested in the Motion with respect to the sale of the Assets and related matters is granted in its entirety, subject to the terms and conditions contained herein.

2.    All objections, responses, and requests for continuance concerning the Motion are resolved in accordance with the terms of this Order and as set forth in the record of the Sale Hearing. To the extent any such objection, response or request for continuance other than that filed by Nuthin' But Net was not otherwise withdrawn, waived, or settled, it, and all reservations of rights contained therein, is overruled and denied.  To the extent not waived, settled, or resolved, the objection filed by Nuthin' But Net shall be the subject of a further hearing before this Court.

3.    Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with all applicable law and rules of Court, including section 102(1) of the Bankruptcy Code and Bankruptcy Rules 2002 and 6004.

4.    The sale of the Assets, the terms and conditions of the Clover APA (including all schedules and exhibits affixed thereto), and the transaction contemplated thereby are authorized and approved in all respects and shall be binding on the Debtor and its estate, creditors, interest holders and parties in interest.

5.    The sale of the Assets and the consideration provided by the Buyer under the Clover APA is fair and reasonable and shall be deemed for all purposes to constitute a transfer for reasonably equivalent value and fair consideration under the Bankruptcy Code and any other applicable law and shall not be subject to challenge under any applicable non-bankruptcy law.

6.    The Buyer is hereby granted and are entitled to all of the protections provided to a good faith buyer under section 363(m) of the Bankruptcy Code.

7.    The Debtor is authorized and directed to perform and implement the terms of the Clover APA, together with any and all additional instruments and documents that may be reasonably necessary or desirable to implement and effectuate its terms, and to take all further actions as may reasonably be requested by the Buyer for the purpose of assigning, transferring, granting, conveying and conferring the Assets to the Buyer without any further corporate action or orders of this Court.

7

8.      Notwithstanding anything in the Clover APA or the Brokerage Agreement to the contrary, Sedo shall deliver the gross sale proceeds to the Debtor immediately upon Closing.  The Debtor shall pay all commissions due to Sedo in accordance with the terms of Sedo's employment and the Procedures Order following the Closing of the sale of the Assets.  All remaining proceeds from the sale of the Assets shall be distributed within three (3) business days as follows on account of their secured claims:

      i.   The Debtor shall pay WTA the sum of $6,312,593.14; and

      ii.  The Debtor shall pay DOM the sum of $3,772,545.77.

The Debtor shall retain all remaining proceeds in its DIP account pending further order of this Court.

9.      The Debtor and each other person or entity having duties or responsibilities under the Clover APA, any agreements related thereto or this Order, and their respective directors, officers, employees, members, agents, representatives, and attorneys, are authorized, directed, and empowered, subject to the terms and conditions contained in the Clover APA, (a) to carry out all of the provisions of the Clover APA and any related agreements; (b) to issue, execute, deliver, file, and record, as appropriate, the documents evidencing, implementing and consummating the Clover APA, and any related agreements; (c) to take any and all actions contemplated by the Clover APA, any related agreements or this Order; (d) to issue, execute, deliver, file, and record, as appropriate, such other contracts, instruments, releases, indentures, mortgages, deeds, bills of sale, assignments, leases, or other agreements or documents, including, without limitation, the Trademark Assignment Agreement attached as Exhibit 2 to the Clover APA; (e) to perform such other acts and execute and deliver such other documents, as are consistent with, and reasonably necessary or appropriate to implement, effectuate, and consummate the Clover APA, any related agreements and this Order and the transaction contemplated thereby and hereby; and (f) to take any and all further actions as may be reasonably requested by the Buyer for the purpose of transferring, assigning, granting, conveying, or conferring the Assets to the possession of the Buyer, all without further application to, or order of, the Court or further action by their respective directors, officers, employees, members, agents, representatives, and attorneys, and with like effect as if such actions had been taken by unanimous action of the respective directors, officers, employees, members, agents, representatives, and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

8

attorneys of such entities.  The Debtor is further authorized, directed, and empowered to cause to be

filed with the secretary of state of any state or other applicable officials of any applicable

governmental units, including, without limitation, the United States Patent and Trademark Office,

any and all certificates, agreements, or amendments necessary or appropriate to effectuate the

transactions contemplated by the Clover APA, any related agreements and this Order.

10.     The sale of the Assets shall constitute a legal, valid, and effective transfer of the

Assets notwithstanding any requirement for approval or consent by any person and shall vest the

Buyer with all right, title, and interest of the Debtor in and to the Assets, free and clear of all Liens,

Claims, Encumbrances, and Interests of any kind, including adverse interests of any kind or nature

whatsoever and all debts arising under or out of, in connection with, or in any way relating to, any

acts of the Debtor, pursuant to section 363(f) of the Bankruptcy Code.

11.     The sale contemplated hereunder is not subject to challenge or avoidance pursuant to

section 363(n) of the Bankruptcy Code.

12.     The sale of the Assets shall vest the Buyer with all right, title, and interest of the

Debtor to the Assets free and clear of any and all Liens, Claims, Encumbrances, and Interests and

other liabilities and claims, whether secured or unsecured, choate or inchoate, filed or unfiled,

scheduled or unscheduled, noticed or unnoticed, recorded or unrecorded, contingent or non-

contingent, liquidated or unliquidated, matured or unmatured, disputed or undisputed, or known or

unknown, whether arising prior to or subsequent to the Petition Date, whether imposed by

agreement, understanding, law, equity or otherwise, with all such Liens, Claims, Encumbrances, and

Interests to attach only to the proceeds of the sale with the same priority, validity, force, and effect, if

any, as they now have in or against the Assets, subject to all claims and defenses the Debtor may

possess with respect thereto; provided, however, that at Closing, the Lenders' liens shall attach to the

sale proceeds to the same extent, validity and priority as they attached to the Assets immediately

prior to the Closing.  Following the Closing Date, no holder of any Liens, Claims, Encumbrances,

and Interests in the Assets shall interfere with the Buyer's use and enjoyment of the Assets based on

or related to such Liens, Claims, Encumbrances, and Interests, or any actions that the Debtor may

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

9

take in its chapter 11 case and no person shall take any action to prevent, interfere with or otherwise enjoin consummation of the transaction contemplated in or by the Clover APA or this Order.

13.    The provisions of this Order authorizing the sale of the Assets free and clear of Liens, Claims, Encumbrances, and Interests, shall be self-executing, and except as required in the Clover APA, neither the Debtor nor the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order.  Subject to the terms of the Clover APA, the Debtor and the Buyer, and each of their respective officers, employees and agents are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtor or the Buyer deem reasonably necessary or appropriate to implement and effectuate the terms of the Clover APA and this Order.

14.    Upon the Closing, the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release any Liens, Claims, Encumbrances, or Interests of any kind against the Assets.  If any person or entity (other than the Lenders) that has filed financing statements or other documents or agreements evidencing any Liens, Claims, Encumbrances, or Interests in or against the Assets shall not have delivered to the Debtor prior to the Closing after request therefor, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all such Liens, Claims, Encumbrances, or Interests that the person or entity has with respect to the Assets, the Debtor is hereby authorized to execute and file such statements, and empowered to perform under, all instruments, releases and other documents on behalf of the person or entity with respect to such Assets prior to the Closing, and the Buyer is authorized to file such documents after Closing.

15.    To the extent available under applicable law, the Buyer shall be authorized, as of the Closing, to operate under any license, permit, registration and governmental authorization or approval of the Debtor with respect to the Assets, and all such licenses, permits, registrations and governmental authorizations and approvals are deemed to have been, and hereby are, directed to be transferred to the Buyer as of the Closing Date.

PACHULSKI  STANG  ZIEHL  &  JONES  LLP
ATTORNEYS  AT  LAW
LOS  ANGELES ,  CALIFORNIA

*Error! Unknown document property name.*
23880-001\DOCS_LA:226646.4

16.   All of the Debtor's interests in the Assets shall be, as of the Closing Date and upon the occurrence of the Closing, transferred to and vested in the Buyer.  Upon the occurrence of the Closing, this Order shall be considered and constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Assets transferring good and marketable, indefeasible title and interest in the Assets to the Buyer.

17.   All persons or entities presently or after the Closing in possession of some or all of the Assets are directed to surrender possession of the Assets to the Buyer on the Closing Date, or at such time thereafter as may be requested.

18.   Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Clover APA and this Order.

19.   All persons, Governmental Units (as defined in section 101(27) of the Bankruptcy Code) and all holders of Liens, Claims, Encumbrances, and Interests based upon or arising out of liabilities retained by the Debtor are hereby enjoined from taking any action against the Buyer or the Assets to recover any Liens, Claims, Encumbrances, and Interests or on account of any liabilities of the Debtor.

20.   To the extent permitted under applicable law, the Buyer is not, nor shall it be deemed to be, a "successor" to the Debtor or its estate by reason of any theory of law or equity, and the Buyer shall not assume, nor be deemed to assume, or in any way be responsible for any liability or obligation of the Debtor and/or its estate including, but not limited to, any bulk sales law, successor liability or similar liability except as otherwise expressly provided in the Clover APA.  To the fullest extent permitted under applicable law, neither the purchase of the Assets, nor the fact that the Buyer, or its affiliates, are using the Assets previously operated by the Debtor, will cause the Buyer or any of its affiliates, to be deemed a successor in any respect to the Debtor's businesses within the meaning of any foreign, federal, state or local revenue, pension, ERISA, tax, labor, employment, environmental, or other law, rule or regulation (including, without limitation, filing requirements under any such laws, rules or regulations), or under any foreign, federal, state or local law, rule, regulation or doctrine prohibiting the possession or publication of pornography with respect to the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS  AT LAW
LOS ANGELES , CALIFORNIA

11

1  Debtor's liability under such law, rule, regulation or doctrine, or under any products liability law or

2  doctrine with respect to the Debtor's liability under such law, rule, regulation or doctrine.

3       21.     All persons and entities, including, but not limited to, the Debtor, all debt holders,

4  equity security holders, the Debtor's employees or former employees, governmental, tax and

5  regulatory authorities, lenders, parties to or beneficiaries under any benefit plan, trade and other

6  creditors asserting or holding a Lien, Claim, Encumbrance, or Interest of any kind or nature

7  whatsoever against, in or with respect to the Debtor or the Assets (whether legal or equitable,

8  secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated),

9  arising under or out of, in connection with, or in any way relating to the Debtor, the Assets, the

10  operation of the Debtor's business prior to the Closing Date or the transfer of the Assets, shall be

11  forever barred, estopped, and permanently enjoined from asserting, prosecuting or otherwise

12  pursuing such Lien, Claim, Encumbrance or Interest against the Buyer, or any affiliate, successor or

13  assign thereof and each of their respective current and former members, shareholders, officers,

14  directors, managed funds, investment advisors, attorneys, employees, partners, affiliates and

15  representatives (each of the foregoing in its individual capacity), or the Assets.

16       22.     Subject to the terms of the Clover APA, the Clover APA may be waived, modified,

17  amended, or supplemented by agreement of the Debtor and the Buyer without further action or order

18  of the Court; provided, however, that any such waiver, modification, amendment, or supplement is

19  not material and substantially conforms to, and effectuates, the Clover APA.

20       23.     The failure specifically to include any particular provisions of the Clover APA in this

21  Order shall not diminish or impair the effectiveness of such provision, it being the intent of the

22  Court, the Debtor, and the Buyer that the Clover APA is authorized and approved together with such

23  amendments thereto as may be made by the parties in accordance with this Order.

24       24.     To the extent any provisions of this Order conflict with the terms and conditions of

25  the Clover APA, this Order shall govern and control.

26       25.     This Order and the Clover APA shall be binding upon and govern the acts of all

27  persons and entities, including without limitation, the Debtor, the Buyer, Sedo, their respective

28  successors and permitted assigns, including, without limitation, any Chapter 11 trustee hereinafter

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

12

appointed for the Debtor's estate or any trustee appointed in a Chapter 7 case if this case is converted from Chapter 11, all creditors of the Debtor (whether known or unknown), filing agents, filing officers, title agents, recording agencies, secretaries of state, registrars, registries, and all other persons and entities who may be required by operation of law, the duties of their office or contract, to accept, file, register, or otherwise record or release any documents or instruments or who may be required to report or insure any title in or to the Assets. Such binding effect is an integral part of the Clover APA and this Order.

26.     Notwithstanding Bankruptcy Rules 6004 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtor and the Buyer are free to close under the Clover APA at any time, subject to the terms thereof.

27.     This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Procedures Order, and the Clover APA in all respects and to decide any disputes concerning this Order, the Clover APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Clover APA and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Assets free and clear of all Liens, Claims, Interests, and Encumbrances.

*Error! Unknown document property name.*
23880-001\DOCS_LA:226646.4

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS   AT LAW
LOS ANGELES , CALIFORNIA

1

2   **APPROVED AS TO FORM AND CONTENT:**

3   SATTERLEE STEPHENS BURKE & BURKE LLP

4   By _____

5       Daniel G. Gurfein
    Attorneys for Nuthin' But Net, LLC

6

7   LAW OFFICE OF SUSAN I. MONTGOMERY

8   By _____

9       Susan I. Montgomery
    Attorneys for Washington Technology Associates, LLC
    and iEntertainment, Inc.

10

11    WINDELS MARX LANE & MITTENDORF, LLP

12

13   By _____

14       Alan Nisselson
    Scott Matthews

15       Attorneys for DOM Partners LLC

16   ####

17

18

19

20

21

22

23   DATED: October 28, 2010

24   _____
United States Bankruptcy Judge

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

14

APPROVED AS TO FORM AND
CONTENT SIGNATURE PAGES

26.     Notwithstanding Bankruptcy Rules 6004 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing.  In the absence of any person or entity obtaining a stay pending appeal, the Debtor and the Buyer are free to close under the Clover APA at any time, subject to the terms thereof.

27.     This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Procedures Order, and the Clover APA in all respects and to decide any disputes concerning this Order, the Clover APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Clover APA and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Assets free and clear of all Liens, Claims, Interests, and Encumbrances.

**APPROVED AS TO FORM AND CONTENT:**

SATTERLEE STEPHENS BURKE & BURKE LLP

By _____
        Daniel G. Gurfein
        Attorneys for Nuthin' But Net, LLC

LAW OFFICE OF SUSAN I. MONTGOMERY

By _____
        Susan I. Montgomery
        Attorneys for Washington Technology Associates, LLC
        and iEntertainment, Inc.

WINDELS MARX LANE & MITTENDORF, LLP

By _____
        Alan Nisselson
        Scott Matthews
        Attorneys for DOM Partners LLC

####

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

*Error! Unknown document property name.*
23880-001\DOCS_LA:226646.4

26.     Notwithstanding Bankruptcy Rules 6004 and 7062, this Order shall be effective and enforceable immediately upon entry and its provisions shall be self-executing. In the absence of any person or entity obtaining a stay pending appeal, the Debtor and the Buyer are free to close under the Clover APA at any time, subject to the terms thereof.

27.     This Court shall retain exclusive jurisdiction to enforce the terms and provisions of this Order, the Procedures Order, and the Clover APA in all respects and to decide any disputes concerning this Order, the Clover APA, or the rights and duties of the parties hereunder or thereunder or any issues relating to the Clover APA and this Order including, but not limited to, the interpretation of the terms, conditions and provisions hereof and thereof, the status, nature and extent of the Assets and all issues and disputes arising in connection with the relief authorized herein, inclusive of those concerning the transfer of the Assets free and clear of all Liens, Claims, Interests, and Encumbrances.

**APPROVED AS TO FORM AND CONTENT:**

SATTERLEE STEPHENS BURKE & BURKE LLP

By _____
    Daniel G. Gurfein
    Attorneys for Nuthin' But Net, LLC

LAW OFFICE OF SUSAN I. MONTGOMERY

By _____
    Susan I. Montgomery
    Attorneys for Washington Technology Associates, LLC
    and iEntertainment, Inc.

WINDELS MARX LANE & MITTENDORF, LLP

By _____
    Alan Nisselson
    Scott Matthews
    Attorneys for DOM Partners LLC

####

13

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A HAS BEEN E-FILED SEPARATELY AS DOCKET NO. 128

*Error! Unknown document property name.*
23880-001\DOCS_LA:226646.4

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as *[PROPOSED] ORDER (I) AUTHORIZING DEBTOR TO SELL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (II) APPROVING ASSET PURCHASE AGREEMENT AND TRADEMARKS ASSIGNMENT WITH SUCCESSFUL BIDDER CLOVER HOLDINGS LIMITED, (III) AUTHORIZING PAYMENT OF SALE COMMISSIONS FROM SALE PROCEEDS, AND (V) GRANTING RELATED RELIEF* will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On **October 27, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *October 27, 2010,* I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

VIA HAND DELIVERY
Honorable Geraldine Mund
U.S. States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| October 27, 2010 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9013-3.1.PROOF.SERVICE**

## ADDITIONAL SERVICE LIST:

## SERVED BY U.S. MAIL OR OVERNIGHT MAIL

Office of the United States Trustee
S Margaux Ross
21051 Warner Ctr Ln, Ste 115
Woodland Hills, CA  91367

Debtor
Escom LLC
Post Office Box 1410
Agoura Hills, CA  91376
Attn: Del Anthony

Del Polikretis
PO Box 1175
Agoura Hills, CA  91376

DOM Partners, LLC
2050 Center Avenue
Suite 600
Fort Lee, NJ  07024

DOM Partners, LLC
300B Lake Street
Ramsey, NJ  07446

Counsel for Nothin' But Net, LLC
Daniel G. Gurfein
Satterlee Stephens Burke & Burke LLP
230 Park Avenue, Suite 1130
New York, NY  10169

Counsel for Nothin' But Net, LLC
Peter J. Gurfein
Landau Gottfried & Berger, LLP
1801 Century Park East, Suite 1460
Los Angeles, CA  90067

Nutin' But Net, LLC
210 Crossways Park West
Woodbury, NY  11797

Counsel for DOM Partners LLC
Alan Nisselson/Scott Matthews
Windels Marx Lane & Mittendorf, LLP
156 West 56th St.
New York, NY 10019

Counsel for Dom Partners LLC
Allan H. Ickowitz/John Kim
Nossaman LLP
445 So. Figueroa Street, 31st Floor
Los Angeles, CA  90071

Attys for Washington Tech., iEntertainment
& AccountingMatters.comLLC
Susan I. Montgomery, Esq.
1925 Century Park East, Suite 2000
Los Angeles, CA 90067

Attys for Washington Tech., iEntertainment
Inc., & AccountingMatters.comLLC
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th St., 19th Floor
New York, NY 10017

Washington Technology Associates
9812 Falls Road, #114-331
Potomac, MD  20854

iEntertainment, Inc.
9812 Falls Road, #114-331
Potomac, MD  20854

Accounting Matters
600 Jefferson St., #320
Rockville, MD  20852

i95 Invesment Group
60 Wells Ave., Suite 100
Newton, MA 02459
Attn: Corey Bialow

Domain Name Acquisition Group, LLC
188 Needham St., Suite 255
Newton, MA 02464
Attn: Andrew Miller

Employment Development Dept.
Bankruptcy Group
Post Office Box 826880
Sacramento, CA  94280

State Board of Equalization
Attn:  Special Procedures Section
Post Office Box 942879
Sacramento, CA  95814

Franchise Tax Board
Attention:  Bankruptcy
Post Office Box 2952
Sacramento, CA  95812

Franchise Tax Board
Post Office Box 942857
Sacramento, CA  94257-0631

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

F 9013-3.1.PROOF.SERVICE

Internal Revenue Service
Post Office Box 21126
Philadelphia, PA  19114

Sheri Archidiacono, Esq., LLM
Sedo.com
161 First Street
Cambridge, MA 02142

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                    **F 9013-3.1.PROOF.SERVICE**

**NOTE TO USERS OF THIS FORM**:

**1)**  Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
**2)**  The title of the judgment or order and all service information must be filled in by the party lodging the order.
**3)  Category I.** below:  The United States trustee and case trustee (if any) will always be in this category.
**4)  Category II.** below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief.  <u>DO NOT</u> list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*)  ***ORDER (I) AUTHORIZING DEBTOR TO SELL ASSETS FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES, (II) APPROVING ASSET PURCHASE AGREEMENT AND TRADEMARKS ASSIGNMENT WITH SUCCESSFUL BIDDER CLOVER HOLDINGS LIMITED, (III) AUTHORIZING PAYMENT OF SALE COMMISSIONS FROM SALE PROCEEDS, AND (V) GRANTING RELATED RELIEF***  was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** ¥ Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of ***October 27, 2010***, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

☒ Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐ Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☒ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                   **F 9021-1.1.NOTICE.ENTERED.ORDER**

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**1:10-bk-13001-GM Notice will be electronically mailed to:**

Jeffrey W Dulberg on behalf of Debtor Escom LLC
jdulberg@pszjlaw.com

Michael I Gottfried on behalf of Creditor Nothin But Net LLC
mgottfried@lgbfirm.com, msaldana@lgbfirm.com

Peter J Gurfein on behalf of Creditor Nothin But Net LLC
pgurfein@lgbfirm.com

John W Kim on behalf of Creditor DOM Partners LLC
jkim@nossaman.com

Susan I Montgomery on behalf of Interested Party Courtesy NEF
susan@simontgomerylaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

**1:10-bk-13001-GM Notice will be sent via U.S. mail to:**

| | | |
|---|---|---|
| Office of the United States Trustee<br>S Margaux Ross<br>21051 Warner Ctr Ln, Ste 115<br>Woodland Hills, CA  91367 | Debtor<br>Escom LLC<br>Post Office Box 1410<br>Agoura Hills, CA  91376<br>Attn: Del Anthony | Del Polikretis<br>PO Box 1175<br>Agoura Hills, CA  91376 |
| DOM Partners, LLC<br>2050 Center Avenue<br>Suite 600<br>Fort Lee, NJ  07024 | DOM Partners, LLC<br>300B Lake Street<br>Ramsey, NJ  07446 | Counsel for Nothin' But Net, LLC<br>Daniel G. Gurfein<br>Satterlee Stephens Burke & Burke LLP<br>230 Park Avenue, Suite 1130<br>New York, NY  10169 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                    **F 9021-1.1.NOTICE.ENTERED.ORDER**

Counsel for Nothin' But Net, LLC
Peter J. Gurfein
Landau Gottfried & Berger, LLP
1801 Century Park East, Suite 1460
Los Angeles, CA  90067

Nutin' But Net, LLC
210 Crossways Park West
Woodbury, NY  11797

Counsel for DOM Partners LLC
Alan Nisselson/Scott Matthews
Windels Marx Lane & Mittendorf, LLP
156 West 56th St.
New York, NY 10019

Counsel for Dom Partners LLC
Allan H. Ickowitz/John Kim
Nossaman LLP
445 So. Figueroa Street, 31st Floor
Los Angeles, CA  90071

Attys for Washington Tech., iEntertainment
& AccountingMatters.comLLC
Susan I. Montgomery, Esq.
1925 Century Park East, Suite 2000
Los Angeles, CA 90067

Attys for Washington Tech., iEntertainment,
Inc., & AccountingMatters.comLLC
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower
140 East 45th St., 19th Floor
New York, NY 10017

Washington Technology Associates
9812 Falls Road, #114-331
Potomac, MD  20854

iEntertainment, Inc.
9812 Falls Road, #114-331
Potomac, MD  20854

Accounting Matters
600 Jefferson St., #320
Rockville, MD  20852

i95 Invesment Group
60 Wells Ave., Suite 100
Newton, MA 02459
Attn: Corey Bialow

Domain Name Acquisition Group, LLC
188 Needham St., Suite 255
Newton, MA 02464
Attn: Andrew Miller

Employment Development Dept.
Bankruptcy Group
Post Office Box 826880
Sacramento, CA  94280

State Board of Equalization
Attn:  Special Procedures Section
Post Office Box 942879
Sacramento, CA  95814

Franchise Tax Board
Attention:  Bankruptcy
Post Office Box 2952
Sacramento, CA  95812

Franchise Tax Board
Post Office Box 942857
Sacramento, CA  94257-0631

Internal Revenue Service
Post Office Box 21126
Philadelphia, PA  19114

Sheri Archidiacono, Esq., LLM
Sedo.com
161 First Street
Cambridge, MA 02142

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                        **F 9021-1.1.NOTICE.ENTERED.ORDER**