1   Jeffrey W. Dulberg (CA Bar No. 181200)
    PACHULSKI STANG ZIEHL & JONES LLP
2   10100 Santa Monica Blvd., 11th Floor
    Los Angeles, California  90067-4100
3   Telephone: 310/277-6910
    Facsimile:  310/201-0760
4   E-mail:    jdulberg@pszjlaw.com

5

    Attorneys for Escom, LLC
6   Debtor and Debtor in Possession

7

8                 UNITED STATES BANKRUPTCY COURT

9                 CENTRAL DISTRICT OF CALIFORNIA

10              SAN FERNANDO VALLEY DIVISION

11

12  In re:                              Case No.: 1:10-bk-13001-GM

13  **ESCOM, LLC,**                         Chapter 11

14                          Debtor       **NOTICE OF MOTION AND DEBTOR'S
                                         MOTION FOR ORDER DISMISSING**
15                                       **CHAPTER 11 BANKRUPTCY CASE AND
                                         DISTRIBUTING FUNDS TO ALLOWED**
16                                       **ADMINISTRATIVE AND SECURED
                                         CLAIMANTS; MEMORANDUM OF**
17                                       **POINTS AND AUTHORITIES;
                                         DECLARATION OF DEL ANTHONY**
18                                       **POLIKRETIS IN SUPPORT THEREOF**

19                                       Date:     March 29, 2011
                                         Time:     10:00 a.m.
20                                       Place:    Courtroom 303
                                                   21041 Burbank Blvd.
21                                                 Woodland Hills, CA  91367
                                         Judge:    Hon. Geraldine Mund
22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  **TO THE HONORABLE GERALDINE MUND, UNITED STATES BANKRUPTCY JUDGE,**

2  **ALL CREDITORS, PARTIES THAT HAVE FILED REQUESTS FOR SPECIAL NOTICE,**

3  **AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

4  **PLEASE TAKE NOTICE THAT** a hearing will be held on March 29, 2011, at 10:00 a.m.,

5  before the Honorable Geraldine Mund in Courtroom 303, 21041 Burbank Boulevard, Woodland

6  Hills, California to consider the motion (the "Motion") of Escom, LLC, a Delaware limited liability

7  corporation (the "Debtor") in the above referenced chapter 11 case (the "Case"), pursuant to sections

8  305(a)(1) and 1112(b) of the Bankruptcy Code for an order (a) immediately dismissing the Case and

9  providing for the Court's Orders entered in the Case to remain in force and effect after dismissal of

10  the Case notwithstanding section 349(b)(2) of the Bankruptcy Code; and (b) authorizing the

11  distribution of the estate's remaining assets, including, without limitation, those assets set forth in

12  the Debtor's previously filed Schedule of Assets and Liabilities that have not been disposed of

13  during the Case (the "Remaining Assets") to secured creditor iEntertainment, Inc. ("iEntertainment")

14  on account of its unpaid secured claim, less any unpaid fees due pursuant to 29 U.S.C. § 1930(a)(6)

15  (the "UST Fees") and all other allowed administrative expenses including the fees and expenses of

16  the legal counsel employed by the Debtor (the "Professional Fees") which are scheduled for

17  consideration at the same date and time as this Motion.

18  The Debtor voluntarily seeks a dismissal of the Case as the interests of creditors will be best

19  served by such dismissal. There are no unencumbered funds available for unsecured creditors and

20  thus no plan can be confirmed. The Debtor does not operate a business – having sold its marketable

21  assets via a Court-approved sale in 2010 – and has no future source of income to support this Case.

22  The estate presently has sufficient funds, subject to an agreed-upon "carve out" for costs of

23  administration by iEntertainment, to pay allowed administrative claims. However, the Case will

24  quickly become administratively insolvent if permitted to linger which would be detrimental to all

25  stakeholders.

26  On February 23, 2011, the parties lodged a proposed order with the Court, which has not yet

27  been entered, that would authorize the Debtor to distribute to the Secured Lenders amounts equal to

28  default interest and "late fees" and all collection costs and attorneys' fees as set forth in the Sale

1    Approval Motion (the "Distribution Order").  All pending disputes in the Case have been resolved

2    and upon entry of the Distribution Order no further Court orders will be sought.  The Debtor is

3    unaware of any valuable causes of action belonging to the estate and does not believe that any

4    avoidance actions exist which will generate a recovery for unsecured creditors.  The Debtor expects

5    that all known administrative claims (other than the UST Fees and the Professional Fees) will be

6    satisfied prior to the hearing on this Motion to the extent they have not already been paid.  The UST

7    Fees that remain unpaid at the time of the hearing on this Motion and the Professional Fees will be

8    satisfied after approval of the dismissal of this Case from the approximately $285,000 in cash that

9    currently remains in the estate (excluding approximately $2.7 million in sale proceeds currently held

10   in trust pending entry of the Distribution Order).  Confirmation of a liquidating plan is not possible

11   given the Case is potentially administratively insolvent and there are insufficient funds available for

12   a distribution to unsecured creditors.  Furthermore, conversion to chapter 7 would not serve any

13   purpose.  A chapter 7 trustee would not have sufficient funds available to perform the duties of a

14   chapter 7 trustee and a chapter 7 trustee and his/her professionals would only add to the

15   administrative costs, thereby pushing the estate deeper into administrative insolvency.

16          Accordingly, the Debtor has concluded that dismissal of this Case and distribution of the

17   Remaining Assets to iEntertainment and the holders of outstanding allowed administrative claims is

18   the most efficient and cost-effective manner of concluding this Case.  The Debtor, therefore,

19   believes that the interests of creditors are best served by a dismissal, provided that the Court's

20   Orders entered in the Case remain in force and effect after dismissal.

21          **PLEASE TAKE FURTHER NOTICE THAT** this Motion is based on the Declaration of

22   Del Anthony Polikretis (the "Declaration") filed concurrently herewith, the supporting

23   Memorandum of Points and Authorities, the statements, arguments, and representations of counsel

24   who appear at the hearing on the Motion, the record in this case, any other evidence properly before

25   the Court prior to or at the hearing on the Motion, and all matters of which this Court may properly

26   take judicial notice.

27          **PLEASE TAKE FURTHER NOTICE THAT** Local Bankruptcy Rule 9013-1(f) requires

28   that any response to the Motion be filed with the Court and served upon counsel for the Debtor at the

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    address set forth in the upper left-hand corner of the first page hereof at least fourteen (14) days prior

2    to the hearing date.  Pursuant to Local Bankruptcy Rule 9013-1(h), the failure to timely file and

3    serve written opposition may be deemed by the Court to be consent to the granting of the relief

4    requested in the Motion.

5        **WHEREFORE**, the Debtor respectfully requests that the Court enter an order immediately

6    dismissing the Debtor's chapter 11 case and providing for the Court's Orders entered in the Case to

7    remain in force and effect after dismissal of the Case, authorizing the payment from the remaining

8    funds in the estate of any outstanding UST Fees and the approved Professional Fees, and granting

9    such other and further relief as the Court deems just and proper.

10

11   Dated:     March 8, 2011                         PACHULSKI STANG ZIEHL& JONES LLP

12                                                    By      */s/ Jeffrey W. Dulberg*
13                                                            Jeffrey W. Dulberg
                                                             Attorneys for Escom, LLC, Debtor and
14                                                           Debtor in Possession

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Pursuant to this Motion, the Debtor requests the entry of an Order immediately dismissing the Case and authorizing the Debtor to pay any outstanding UST Fees and allowed Professional Fees out of the remaining funds in the estate with all Remaining Assets then turned over to iEntertainment, Inc..[1]  The Debtor requests that the Court dismiss the Case because dismissal, rather than conversion to chapter 7, is in the best interests of the estate.  As discussed in more detail below, the Debtor has completely administered its assets and does not have sufficient assets with which to propose a liquidating plan.  Moreover, a conversion to chapter 7 would do nothing more than add another layer of administrative expenses without any corresponding benefit.  For these reasons, the Debtor seeks a dismissal of the Case.

## II.

## JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The venue of the Debtor's Case is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## STATEMENT OF FACTS

### A.    General Background

The Debtor was formed in 2006 for the purpose of acquiring the domain name "sex.com" (the "Domain Name") and operating and developing the website.  The Debtor's assets consisted primarily of the Domain Name and its federal trademarks (the "Trademarks" and, collectively with the Domain Name, the "Domain Related Assets").  The Debtor is governed by three managers pursuant to the terms of the Fourth Amended and Restated Limited Liability Company Agreement of Escom, LLC (the "Operating Agreement").  Those managers are DOM Partners LLC ("DOM"),

---

[1] All capitalized terms in this Memorandum of Points and Authorities not otherwise defined herein shall have the meaning given them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   Washington Technology Associates, LLC ("WTA"), and Domain Name Acquisition Group

2   ("DNAG") (collectively, the "Managers").

3       Del Anthony Polikretis ("Anthony") is the Debtor's Chief Executive Officer and sole

4   employee. Anthony has run the Debtor's day-to-day operations, including management of the

5   website prior to its sale and all business functions, since March 2007.

6       At its inception, the Debtor consisted of two founders/managers:  WTA and DNAG.  Each

7   made minimal capital contributions to form the company.  Shortly thereafter, a Restated Operating

8   Agreement was entered into that provided that DOM would be deemed a founder/member, and

9   established the company's capital structure.  The Debtor was funded by equity contributions of

10  $1,000,000 each from DOM and WTA, and by secured loans from DOM and WTA.  The Debtor

11  borrowed $3,000,000 from DOM secured by a blanket lien on the Debtor's assets and an additional

12  $1,500,000 on a short-term basis pursuant to a bridge loan evidenced by a convertible promissory

13  note.  The Debtor also borrowed $5,000,000 from WTA, also secured by a blanket lien on the

14  Debtor's assets that shares priority *pari passu* with DOM.  At the time of the formation, the Debtor

15  was expressly authorized to enter into a Web Site Linking Agreement with iEntertainment, Inc.

16  ("iEntertainment").  In 2007, iEntertainment waived its rights under the Web Site Linking

17  Agreement in exchange for a secured promissory note in the amount of $2,500,000, which note was

18  secured by a blanket lien on the Debtor's assets that was subordinated to the liens of WTA and

19  DOM.

20      In February 2010, DOM noticed a Uniform Commercial Code (UCC) foreclosure auction.

21  On March 17, 2010, (i) WTA, (ii) iEntertainment, and (iii) Accounting Matters.com, LLC, a

22  Maryland limited liability company ("AM," collectively with WTA and iEntertainment, the

23  "Petitioning Creditors") filed an involuntary petition for relief under chapter 11 of the Bankruptcy

24  Code staying the UCC auction.

25  **B.**    **Sale of the Debtor's Domain Related Assets**

26      To resolve DOM's motion to dismiss and motion to lift the stay to conduct the UCC auction,

27  the Managers entered into a settlement agreement (the "Settlement Agreement") to allow the

28  bankruptcy case to proceed under chapter 11 and allow the Domain Related Assets to be sold

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    through a private/public auction process.  The Settlement Agreement fixed the amount and priority

2    of claims against the estate by the Secured Lenders and Petitioning Creditors and gave Anthony the

3    authority necessary to operate the Debtor as a debtor in possession under the Managers' direction.

4    On June 21, 2010, this Court entered an order for relief.  The Debtor later consented to relief and

5    now operates its business and manages its affairs as a debtor in possession pursuant to sections

6    1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner, or committee has been appointed

7    in this Case.

8            As a result of the Settlement Agreement, the Debtor and the Managers agreed to

9    expeditiously sell the Domain Related Assets in order to maximize their value.  To that end, the

10    Debtor filed its *Motion for Order (A) Approving Sale Procedures and Bid Protections, Including*

11    *Break-Up Fee, in Connection with Sale of Domain Name and Trademarks, Free and Clear of All*

12    *Liens, Claims, Encumbrances and Interests; (B) Authorizing Employment of Sedo.Com, LLC, as*

13    *Marketing and Sales Agent Pursuant to Exclusive Brokerage Agreement; and (C) Granting Related*

14    *Relief* (the "Sale Procedures Motion").  The Sale Procedures Motion was heard on June 29, 2010, at

15    which time it was approved by the Court.  In accordance with the approved sale procedures, the

16    Domain Related Assets were held out for sale during a ninety-day private sale period.

17            As part of the private sale process, the Debtor successfully negotiated with Clover Holdings

18    Limited ("Clover") for the sale of the Domain Related Assets for $13 million.  On October 18, 2010,

19    the Debtor filed its *Motion for Order (I) Authorizing Debtor to Sell Assets Free and Clear of Liens,*

20    *Claims, and Encumbrances, (II) Approving Asset Purchase Agreement with Successful Bidder*

21    *Clover Holdings Limited, (III) Authorizing Payment of Sale Commissions From Sale Proceeds, and*

22    *(IV) Granting Related Relief* (the "Sale Approval Motion").  The sole objection to the Sale Approval

23    Motion was made by NBN, a member of the Debtor.  NBN did not object to the sale itself but rather

24    objected solely to the distribution of certain sale proceeds to the Secured Lenders on account of their

25    secured claims.  In particular, NBN objected to the distribution of default interest, late fees, and legal

26    fees to the Secured Lenders and took issue with the validity of iEntertainment's lien.  At a hearing

27    held on October 27, 2010, the Court granted the Sale Approval Motion while ordering further

28    briefing and setting a hearing for December 22, 2010, to resolve NBN's objection.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    On or about November 16, 2010, the Debtor closed the sale of the Domain Related Assets to

2    Clover.  In accordance with the order approving the sale to Clover and the terms of employment of

3    the Debtor's marketing and sales agent Sedo.com, LLC ("Sedo"), the Debtor distributed to Sedo its

4    commission and principal and nondefault interest sums to DOM and WTA from the gross sale

5    proceeds.

6        On November 29, 2010, briefs addressing the issues raised in NBN's objection were filed.

7    The parties, including the Debtor, also filed a Statement of Undisputed Facts and supporting

8    exhibits.  Additionally, NBN filed a motion for authority to pursue estate causes of action for breach

9    of fiduciary duty against the Managers and to subordinate the remaining claims of the Secured

10   Lenders (the "Estate Claims Motion").

11       On February 7, 2011, the Court issued its Memorandum of Opinion Regarding Nuthin But

12   Net LLC Objection to Sale and entered its Order Regarding Memorandum of Opinion (the "NBN

13   Order"), denying NBN's Objection and the Estate Claims Motion.  The Court further ordered the

14   Secured Lenders to file an accounting and declarations supporting their fees and costs by February

15   25, 2011 and NBN to file a list of specific objections thereto by March 11, 2011.

16       Thereafter, the Parties met and conferred respecting the Objection, the Estate Claims Motion

17   and the Court's Order.  As a result, NBN agreed to withdraw its NBN Objection and informed the

18   Parties that it will not submit further pleadings respecting the claims of the Secured Lenders to

19   default interest, late fees or collection costs, including attorney's fees.  On February 17, 2011, the

20   parties filed a stipulation with respect to this agreement (the "NBN Stipulation").  On February 23,

21   2011, the parties lodged a proposed order with the Court that would authorize the Debtor to

22   distribute to the Secured Lenders amounts equal to default interest and "late fees" and all collection

23   costs and attorneys' fees as set forth in the Sale Approval Motion.

24   **C.    Events Winding Down the Estate**

25       With the filing of the NBN Stipulation, the Debtor has taken all actions necessary to wind-up

26   the Case.  The Court entered an order setting a claims bar date of October 29, 2010 and the Debtor

27   served notice of this bar date upon all known parties in interest.  As the Court has refused NBN's

28   request to invalidate the secured claim of iEntertainment, the Debtor does not intend to file any

1    objections to the claims that have been filed to date.  Pursuant to the Settlement Agreement, the

2    Debtor has no objection to the claims of the Secured Creditors and Petitioning Creditors.  The

3    Debtor would object to the claim filed by NBN, but such objection is unnecessary given the validity

4    of the iEntertainment lien and given the amount of remaining funds available for creditors from the

5    sale of the Domain Related Assets.

6        The Debtor has evaluated its potential causes of action and has determined that they either do

7    not exist or are not of sufficient value to warrant their prosecution.  The Debtor does not intend to

8    commence any adversary proceedings to seek avoidance and recovery of avoidable transfers.

9        The Debtor has filed all required monthly operating reports with the United States Trustee

10   and has paid the UST Fees, except for the amounts that will be due at the time of the hearing on this

11   Motion.

12   **D.**    **Administrative Claims Against the Estate**

13       All known administrative claims and expenses of the estate, except the UST Fees that may be

14   due at the time of the hearing on this Motion and the Professional Fees, have been paid and will

15   continue to be paid until the Case is dismissed.  Prior to the dismissal of this Case, all UST Fees that

16   are due will be paid and all Professional Fees will be paid in full from the cash remaining in the

17   estate.

18                                **IV.**

19                             **ARGUMENT**

20       This Court is authorized and ought to dismiss the Case, on the terms set forth herein, in

21   accordance with two section of the Bankruptcy Code:  (1) section 305(a)(1), without cause; and (2)

22   section 1112(b), for cause.  These sections are discussed below.

23   **A.**    **This Court May Dismiss This Case Without Cause**

24       Section 305(a)(1) of the Bankruptcy Code provides that "The court, after notice and a

25   hearing, may dismiss a case under this title . . . at any time if – (1) the interests of creditors and the

26   debtor would be better served by such dismissal . . ."  11 U.S.C. § 305(a)(1).  No "cause" is required

27   to be shown for a case to be dismissed under section 305(a)(1).  Therefore no cause need be shown

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    here for dismissal under such section 305(a)(1) if this Court determines that the interests of creditor

2    and the debtor would be better served by dismissal.

3    **B.      This Case May Alternatively Be Dismissed for Cause, Which Exists**

4            Alternatively, section 1112(b) of the Bankruptcy Code authorizes a bankruptcy court to

5    dismiss a chapter 11 case for cause.  That section reads in pertinent part as follows:

> Except as provided in paragraph (2) of this subsection, subsection (c)
> of this section, and section 1104 (a)(3),[2] on request of a party in
> interest, and after notice and a hearing, absent unusual circumstances
> specifically identified by the court that establish that the requested
> conversion or dismissal is not in the best interests of creditors and the
> estate, the court shall convert a case under this chapter to a case under
> chapter 7 or dismiss a case under this chapter, whichever is in the best
> interests of creditors and the estate, if the movant establishes cause.

11    11 U.S.C. § 1112(b)(1).[3]

12          Bankruptcy courts have wide latitude in determining whether cause exists for dismissal.  *See*

13    *In re Nugelt, Inc.*, 142 B.R. 661, 665 (Bankr. D. Del. 1992); *In re Young*, 76 B.R. 376, 378 (Bankr.

14    D. Del. 1987).  A bankruptcy court's decision to dismiss rests within its own sound discretion and

15    may be reversed on appeal only for abuse of discretion.  *Hickman v. Perlmutter (In re Hickman)*, 384

16    B.R. 832, 840 (BAP 9th Cir. 2008).  "[U]nless dismissal will cause some plain legal prejudice to

---

[2] Section 1104(a)(3) provides that, rather than converting or dismissing the case, the court may
appoint a chapter 11 trustee if doing so would be in the best interests of creditors and the estate.  The
appointment of a chapter 11 trustee in this Case would not be in the interests of creditors and the
estate.

[3] While it is worth reciting here, the Debtor naturally does not believe the conditions of
subparagraph 1112(b)(2) of the Bankruptcy Code apply here.  Subparagraph 1112(b)(2) states that:

> The relief provided in paragraph (1) shall not be granted absent
> unusual circumstances specifically identified by the court that establish
> that such relief is not in the best interests of creditors and the estate, if
> the debtor or another party in interest objects and establishes that –
>
> (A) there is a reasonable likelihood that a plan will be
> confirmed within the timeframes established in sections 1121(e) and
> 1129(e) of this title, or if such sections do not apply, within a
> reasonable period of time; and
>
> (B) the grounds for granting such relief include an act or
> omission of the debtor other than under paragraph (4)(A) –
>
> (i) for which there exists a reasonable justification for the act or omission; and
>
> (ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    creditors, it normally will be proper." *Gill v. Hall (In re Hall)*, 15 B.R. 913, 917 (BAP 9th Cir. 1981)

2    (quoting *In re International Airport Inn P'ship*, 517 F.2d 510, 511 (9th Cir. 1975)). *See Hickman*,

3    384 B.R. at 840.[4]

4        Section 1112(b) of the Bankruptcy Code contains a *non-exhaustive* list of examples of

5    "cause." *In re Mechanical Maintenance, Inc.*, 128 B.R. 382, 386 (E.D. Pa. 1991)(quoting S. Rep

6    No. 989, 95th Cong. 2d Sess. 117, *reprinted in* 1978 U.S. Code Cong. & Admin. News 5787, 5903);

7    *see also* 11 U.S.C. § 102(3). "The determination of whether cause has been shown must be made on

8    a case-by-case basis, and cause is not limited to the enumerated grounds of § 1112(b)." *Young*, 76

9    B.R. at 378. Further, there is no need to find that multiple causes for dismissal exist. *See id*. As

10    relevant here, dismissal is warranted for "cause" when the debtor has reordered its affairs, made

11    peace with its creditors, and achieved the goals of the case. *In re MELP, Ltd.*, 143 B.R. 890, 893

12    (Bankr. E.D. Mo. 1992) (granting motion for dismissal of case for "cause" under section 1112(b) of

13    the Bankruptcy Code: "In this case MELP came into bankruptcy court seeking protection of the

14    automatic stay to enable it to reorder its affairs and make peace with its creditors. This purpose has

15    been successfully achieved.").

16        In this case, cause for dismissal exists based upon at least two of the grounds set forth in

17    section 1112(b). First, the Debtor's estate has suffered continued diminution and there exists no

18    reasonable likelihood of rehabilitation. *See* 11 U.S.C. § 1112(b)(4)(A). The Debtor is simply not in

19    a position to continue this Case. The Debtor has had no financing during the Case and no operations

20    or income since the sale of its Domain Related Assets. The Debtor, however, continues to incur

21    UST Fees, administrative expenses to preserve the estate, and Professional Fees. The Debtor has

22    sold all of its marketable assets; there is no prospect of rehabilitation.

23        The second statutory basis for cause for dismissal under section 1112(b)(4)(J) is the Debtor's

24    failure to file a plan because of its inability to confirm a plan. There are insufficient remaining

25    assets to justify formulation of a plan under the circumstances of this Case. While some liquidating

---

[4] *See also Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 366 (BAP 9th Cir. 2004) ("a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no 'legal prejudice' to interested parties.") (emphasis added; citation omitted). Dismissal under section 1112(b) "should be guided by identical considerations as to matters involving § 707(a)." *In re Geller*, 74 B.R. 685, 688 (Bankr. E.D. Pa. 1987).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    chapter 11 cases can be wrapped up with a plan of liquidation, the Debtor does not have the

2    unencumbered resources to attempt to do so.

3           The Debtor has determined that it does not have avoidance actions which would benefit the

4    estate.  With no income from operations, no further assets to liquidate and no causes of action to

5    pursue that are likely to yield a recovery, and considering the administrative costs of proposing a

6    plan, the Debtor has no possibility of complying with the requirements of section 1129 of the

7    Bankruptcy Code.  Therefore, the Debtor is not able to file a plan of liquidation in this case that is

8    confirmable.  Based upon the above circumstances, it is clear that cause exists to dismiss the Case.

9    **C.**      **The Case Should Be Dismissed, Not Converted**

10          Once it is determined that "cause" exists to dismiss or convert a case, the Court must

11   determine which of the alternatives is in the best interests of the creditors and the estate.  When a

12   debtor requests the dismissal of a bankruptcy case, such relief should be granted unless it is

13   established that "plain legal prejudice" to creditors would result from such dismissal.  *In re*

14   *Mazzacone*, 183 B.R. 402, 412 (Bankr. E.D. Pa. 1995), *aff'd* 200 B.R. 568 (E.D. Pa. 1996) (*citing In*

15   *re Geller*, 74 B.R. 685, 690 (Bankr. E.D. Pa. 1987).  No such prejudice exists here.

16          A chapter 7 trustee could yield no better results than the Debtor has, as debtor in possession,

17   given the estate's remaining resources and the lack of any further assets to administer.  In fact,

18   conversion of the Case to a chapter 7 case and the resulting appointment of a trustee, who would in

19   all likelihood hire professionals of his/her own, would simply add to the administrative costs that the

20   estate would have to bear.  No creditors, therefore, would benefit from a conversion, except the new

21   and unnecessary chapter 7 administrative claimants.  The Debtor, therefore, requests that the Court

22   enter an Order immediately dismissing the Debtor's Case.

23                                                    **V.**

24                                            **CONCLUSION**

25          For all the foregoing reasons, the Debtor respectfully requests that the Court enter an Order

26   (a) immediately dismissing the Case and providing for the Court's Orders entered in the Case to

27   remain in force and effect after dismissal of the Case; and (b) authorizing the distribution of the

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   estate's Remaining Assets to iEntertainment on account of its unpaid secured claim, less any unpaid

2   UST Fees and all other allowed administrative expenses including the Professional Fees.

3

4   Dated:    March ___, 2011                     PACHULSKI STANG ZIEHL & JONES LLP

5

6                                                By    /s/ Jeffrey W. Dulberg
                                                      Jeffrey W. Dulberg (CA Bar No. 181200)
7                                                     Attorneys for Debtor and Debtor in
                                                     Possession, Escom, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DEL ANTHONY POLIKRETIS

I, Del Anthony Polikretis, declare:

1.      I am the President and Chief Executive Officer of Escom, LLC, the above captioned alleged debtor (the "Debtor"). I have over ten years of experience in the internet/web development/domain industry. I have been employed by the Debtor since March 2007. I have a masters of business degree.

2.      I run the Debtor's day-to-day operations, including management of the website prior to its sale and all business functions. All facts stated herein are known by me to be true through my own personal knowledge and, therefore, I would and could competently testify thereto in a court of law if called upon to do so.

3.      I make this declaration in support of the *Motion of Debtor to Approve Dismissal of Debtor's Chapter 11 Bankruptcy Case and Distribution of Funds to Outstanding Administrative Claimants* (the "Motion"). Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion and accompanying Memorandum of Points and Authorities.

4.      The Debtor was formed in 2006 for the purpose of acquiring the domain name "sex.com" (the "Domain Name") and operating and developing the website. The Debtor's assets consisted primarily of the Domain Name and its federal trademarks (the "Trademarks" and, collectively with the Domain Name, the "Domain Related Assets"). The Debtor is governed by three managers pursuant to the terms of the Fourth Amended and Restated Limited Liability Company Agreement of Escom, LLC (the "Operating Agreement"). Those managers are DOM Partners LLC ("DOM"), Washington Technology Associates, LLC ("WTA"), and Domain Name Acquisition Group ("DNAG") (collectively the "Managers").

5.      At its inception, the Debtor consisted of two founders/managers: WTA and DNAG. Each made minimal capital contributions to form the company. Shortly thereafter, a Restated Operating Agreement was entered into that provided that DOM would be deemed a founder/member, and established the company's capital structure. The Debtor was funded by equity contributions of $1,000,000 each from DOM and WTA, and by secured loans from DOM and WTA. The Debtor borrowed $3,000,000 from DOM secured by a blanket lien on the Debtor's assets and an

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    additional $1,500,000 on a short-term basis pursuant to a bridge loan evidenced by a convertible

2    promissory note.  The Debtor also borrowed $5,000,000 from WTA, also secured by a blanket lien

3    on the Debtor's assets that shares priority pari passu with DOM.  At the time of the formation, the

4    Debtor was expressly authorized to enter into a Web Site Linking Agreement with iEntertainment,

5    Inc. ("iEntertainment").  In 2007, iEntertainment waived its rights under the Web Site Linking

6    Agreement in exchange for a secured promissory note in the amount of $2,500,000, which note was

7    secured by a blanket lien on the Debtor's assets that was subordinated to the liens of WTA and

8    DOM.

9          6.     In February 2010, DOM noticed a Uniform Commercial Code (UCC) foreclosure

10   auction.  On March 17, 2010, (i) WTA, (ii) iEntertainment, and (iii) Accounting Matters.com, LLC,

11   a Maryland limited liability company ("AM," collectively with WTA and iEntertainment, the

12   "Petitioning Creditors") filed an involuntary petition for relief under chapter 11 of the Bankruptcy

13   Code staying the UCC auction.

14         7.     To resolve DOM's motion to dismiss and motion to lift the stay to conduct the UCC

15   auction, the Managers entered into a settlement agreement (the "Settlement Agreement") to allow

16   the bankruptcy case to proceed under chapter 11 and allow the Domain Related Assets to be sold

17   through a private/public auction process.  The Settlement Agreement fixed the amount and priority

18   of claims against the estate by the Secured Lenders and Petitioning Creditors and gave Anthony the

19   authority necessary to operate the Debtor as a debtor in possession under the Managers' direction.

20   On June 21, 2010, this Court entered an order for relief.  The Debtor later consented to relief and

21   now operates its business and manages its affairs as a debtor in possession.  No trustee, examiner, or

22   committee has been appointed in this Case.

23         8.     As a result of the Settlement Agreement, the Debtor and the Managers agreed to

24   expeditiously sell the Domain Related Assets in order to maximize their value.  To that end, the

25   Debtor filed its *Motion for Order (A) Approving Sale Procedures and Bid Protections, Including*

26   *Break-Up Fee, in Connection with Sale of Domain Name and Trademarks, Free and Clear of All*

27   *Liens, Claims, Encumbrances and Interests; (B) Authorizing Employment of Sedo.Com, LLC, as*

28   *Marketing and Sales Agent Pursuant to Exclusive Brokerage Agreement; and (C) Granting Related*

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   *Relief* (the "Sale Procedures Motion"). The Sale Procedures Motion was heard on June 29, 2010, at

2   which time it was approved by the Court. In accordance with the approved sale procedures, the

3   Domain Related Assets were held out for sale during a ninety-day private sale period.

4         9.     As part of the private sale process, the Debtor successfully negotiated with Clover

5   Holdings Limited ("Clover") for the sale of the Domain Related Assets for $13 million. On October

6   18, 2010, the Debtor filed its *Motion for Order (I) Authorizing Debtor to Sell Assets Free and Clear*

7   *of Liens, Claims, and Encumbrances, (II) Approving Asset Purchase Agreement with Successful*

8   *Bidder Clover Holdings Limited, (III) Authorizing Payment of Sale Commissions From Sale*

9   *Proceeds, and (IV) Granting Related Relief* (the "Sale Approval Motion"). The sole objection to the

10   Sale Approval Motion was made by NBN, a member of the Debtor. NBN did not object to the sale

11   itself but rather objected solely to the distribution of certain sale proceeds to the Secured Lenders on

12   account of their secured claims. In particular, NBN objected to the distribution of default interest,

13   late fees, and legal fees to the Secured Lenders and took issue with the validity of iEntertainment's

14   lien. At a hearing held on October 27, 2010, the Court granted the Sale Approval Motion while

15   ordering further briefing and setting a hearing for December 22, 2010, to resolve NBN's objection.

16         10.    On or about November 16, 2010, the Debtor closed the sale of the Domain Related

17   Assets to Clover. In accordance with the order approving the sale to Clover and the terms of

18   employment of the Debtor's marketing and sales agent Sedo.com, LLC ("Sedo"), the Debtor

19   distributed to Sedo its commission and principal and nondefault interest sums to DOM and WTA

20   from the gross sale proceeds.

21         11.    On November 29, 2010, briefs addressing the issues raised in NBN's objection were

22   filed. The parties, including the Debtor, also filed a Statement of Undisputed Facts and supporting

23   exhibits. Additionally, NBN filed a motion for authority to pursue estate causes of action for breach

24   of fiduciary duty against the Managers and to subordinate the remaining claims of the Secured

25   Lenders (the "Estate Claims Motion").

26         12.    On February 7, 2011, the Court issued its Memorandum of Opinion Regarding Nuthin

27   But Net LLC Objection to Sale and entered its Order Regarding Memorandum of Opinion (the

28   "NBN Order"), denying NBN's Objection and the Estate Claims Motion. The Court further ordered

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1  secured lenders to file an accounting and declarations supporting their fees and costs by February 25,

2  2011 and NBN to file a list of specific objections thereto by March 11, 2011.

3      13.    Thereafter, the Parties met and conferred respecting the Objection, the Estate Claims

4  Motion and the Court's Order. As a result, NBN agreed to withdraw its NBN Objection and

5  informed the Parties that it will not submit further pleadings respecting the claims of the Secured

6  Lenders to default interest, late fees or collection costs, including attorney's fees. On February 17,

7  2011, the parties filed a stipulation with respect to this agreement (the "NBN Stipulation"). On

8  February 23, 2011, the parties lodged a proposed order with the Court that would authorize the

9  Debtor to distribute to the Secured Lenders amounts equal to default interest and "late fees" and all

10  collection costs and attorneys' fees as set forth in the Sale Approval Motion.

11      14.    With the filing of the NBN Stipulation, the Debtor has taken all actions necessary to

12  wind-up the Case. The Court entered an order setting a claims bar date of October 29, 2010 and the

13  Debtor served notice of this bar date upon all known parties in interest. The Court has refused

14  NBN's request to invalidate the secured claim of iEntertainment, which was the only sale objection

15  filed. The Debtor does not intend to file any objections to the claims that have been filed to date.

16  Pursuant to the Settlement Agreement, the Debtor has no objection to the claims of the Secured

17  Creditors and Petitioning Creditors. The Debtor would object to the claim filed by NBN, but such

18  objection is unnecessary given the validity of the iEntertainment lien and given the amount of

19  remaining funds available for creditors from the sale of the Domain Related Assets.

20      15.    The Debtor has evaluated its potential causes of action and has determined that they

21  either do not exist or are not of sufficient value to warrant their prosecution. The Debtor does not

22  intend to commence any adversary proceedings to seek avoidance and recovery of avoidable

23  transfers.

24      16.    The Debtor has filed the required monthly operating reports with the United States

25  Trustee and has paid the UST Fees, except for the amounts that will be due at the time of the hearing

26  on this Motion.

27      17.    All known administrative claims and expenses of the estate, except the UST Fees that

28  may be due at the time of the hearing on this Motion and the Professional Fees, have been paid and

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    will continue to be paid until the Case is dismissed.  Prior to the dismissal of this Case, all UST Fees

2    that are due will be paid and all Professional Fees will be paid in full from the cash remaining in the

3    estate.

4        I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and

5    correct to the best of my knowledge, information, and belief.

6

7        Executed this 8th day of March, 2011 at _____, California.

8

9                                        DEL ANTHONY POLIKRETIS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

18

NOTE: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I.
Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10100 Santa Monica Blvd., 11th Floor, Los Angeles, CA  90067

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND DEBTOR'S MOTION FOR ORDER DISMISSING CHAPTER 11 BANKRUPTCY CASE AND DISTRIBUTING FUNDS TO ALLOWED ADMINISTRATIVE AND SECURED CLAIMANTS; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DEL ANTHONY POLIKRETIS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **_March 8, 2011_**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒  Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **_March 8, 2011_**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒  Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **_March 8, 2011_**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

VIA HAND DELIVERY
Honorable Geraldine Mund
U.S. States Bankruptcy Court
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA 91367

☒  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 8, 2011 | Mary de Leon | /s/ Mary de Leon |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                        **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION** (if needed):

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

**1:10-bk-13001-GM Notice will be electronically mailed to:**

Jeffrey W Dulberg on behalf of Debtor Escom LLC
jdulberg@pszjlaw.com

Michael I Gottfried on behalf of Creditor Nothin But Net LLC
mgottfried@lgbfirm.com, msaldana@lgbfirm.com

Peter J Gurfein on behalf of Creditor Nothin But Net LLC
pgurfein@lgbfirm.com

John W Kim on behalf of Creditor DOM Partners LLC
jkim@nossaman.com

Susan I Montgomery on behalf of Interested Party Courtesy NEF
susan@simontgomerylaw.com

S Margaux Ross on behalf of U.S. Trustee United States Trustee (SV)
margaux.ross@usdoj.gov

United States Trustee (SV)
ustpregion16.wh.ecf@usdoj.gov

**1:10-bk-13001-GM Notice will be sent via U.S. mail to:**

| | | |
|---|---|---|
| Office of the United States Trustee<br>S Margaux Ross<br>21051 Warner Ctr Ln, Ste 115<br>Woodland Hills, CA 91367 | Debtor<br>Escom LLC<br>Post Office Box 1410<br>Agoura Hills, CA 91376<br>Attn: Del Anthony | Del Polikretis<br>PO Box 1175<br>Agoura Hills, CA 91376<br>del@escomllc.com |
| DOM Partners, LLC<br>2050 Center Avenue<br>Suite 600<br>Fort Lee, NJ 07024 | DOM Partners, LLC<br>300B Lake Street<br>Ramsey, NJ 07446 | Counsel for Nothin' But Net, LLC<br>Daniel G. Gurfein<br>Satterlee Stephens Burke & Burke LLP<br>230 Park Avenue, Suite 1130<br>New York, NY 10169 |
| Counsel for Nothin' But Net, LLC<br>Peter J. Gurfein<br>Landau Gottfried & Berger, LLP<br>1801 Century Park East, Suite 1460<br>Los Angeles, CA 90067 | Nutin' But Net, LLC<br>210 Crossways Park West<br>Woodbury, NY 11797 | Accounting Matters<br>600 Jefferson St., #320<br>Rockville, MD 20852 |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                           **F 9013-3.1.PROOF.SERVICE**

Counsel for DOM Partners LLC
Alan Nisselson/Scott Matthews
Windels Marx Lane & Mittendorf, LLP
156 West 56th St.
New York, NY 10019


Washington Technology Associates
9812 Falls Road, #114-331
Potomac, MD 20854


iEntertainment, Inc.
9812 Falls Road, #114-331
Potomac, MD 20854


State Board of Equalization
Attn: Special Procedures Section
Post Office Box 942879
Sacramento, CA 95814


Internal Revenue Service
Post Office Box 21126
Philadelphia, PA 19114

Counsel for Dom Partners LLC
Allan H. Ickowitz/John Kim
Nossaman LLP
445 So. Figueroa Street, 31st Floor
Los Angeles, CA 90071

Attys for Washington Tech, iEntertainment
& AccountingMatters.comLLC
Lawrence F. Morrison, Esq.
Meister Seelig & Fein LLP
Two Grand Central Tower, 140 East 45th
St., 19th Floor, New York, NY 10017

Domain Name Acquisition Group, LLC
188 Needham St., Suite 255
Newton, MA 02464
Attn: Andrew Miller


Franchise Tax Board
Attention: Bankruptcy
Post Office Box 2952
Sacramento, CA 95812

Attys for Washington Tech,
iEntertainment &
AccountingMatters.comLLC
Susan I. Montgomery, Esq.
1925 Century Park East, Suite 2000
Los Angeles, CA 90067


i95 Invesment Group
60 Wells Ave., Suite 100
Newton, MA 02459
Attn: Corey Bialow

Taxing Authorities
Employment Development Dept.
Bankruptcy Group
Post Office Box 826880
Sacramento, CA 94280


Franchise Tax Board
Post Office Box 942857
Sacramento, CA 94257-0631

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                        **F 9013-3.1.PROOF.SERVICE**